Susan F. Balaschak  
AKERMAN LLP  
666 Fifth Avenue, 20th Floor  
New York, NY 10103  
Tel.: (212) 880-3800  
Fax: (212) 880-8965  

John E. Mitchell (*Pro Hac Vice Pending*)  
AKERMAN LLP  
2001 Ross Avenue, Ste. 3600  
Dallas, TX 75201  
Tel.: (214) 720-4300  
Fax: (214) 981-9339  

Andrea S. Hartley (*Pro Hac Vice Pending*)  
Katherine C. Fackler (*Pro Hac Vice Pending*)  
AKERMAN LLP  
98 Southeast Seventh Street, Ste. 1100  
Miami, FL 33131  
Tel.: (305) 374-5600  
Fax: (305) 374-5095  

*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| REPUBLIC METALS REFINING CORPORATION, ) | |
| ) | Case No. 18-13359 (___) |
| Debtor. ) | |
| In re: ) | Chapter 11 |
| ) | |
| REPUBLIC METALS CORPORATION, ) | Case No. 18-13360 (___) |
| ) | |
| Debtor. ) | |
| IN RE: ) | Chapter 11 |
| ) | |
| REPUBLIC CARBON COMPANY, LLC, ) | Case No. 18-13361 (___) |
| ) | |
| Debtor. ) | |

**MOTION OF DEBTORS PURSUANT TO  
FED. R. BANKR. P. 1015(b) FOR ENTRY OF ORDER  
<u>DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

46465745;4

Republic Metals Refining Corporation ("Republic Refining"), Republic Metals Corporation ("Republic Metals"), and Republic Carbon Company, LLC ("Republic Carbon"), as debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent as follows in support of this Motion:

**Background**

1.  On the date hereof (the "Petition Date"), each Debtor commenced before this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.  Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Scott Avila in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with the Court and incorporated herein by reference.

**Jurisdiction**

3.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The predicates for the relief requested herein are section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 2002(n).

**Relief Requested**

5.  By this Motion and pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request entry of an order directing joint

administration of these cases for procedural purposes only. In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly-administered cases under the case number assigned to Debtor Republic Metals Refining Corporation, and that these chapter 11 cases be jointly administered under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | **Chapter 11** |
| **REPUBLIC METALS REFINING** | ) | |
| **CORPORATION,** *et al.,* [1] | ) | **Case No. 18-13359 (___)** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), and Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL (5833).

6. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of Court to reflect the joint administration of the Debtors' chapter 11 cases:

> An Order has been entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC. The docket in Case No. 18-13359 should be consulted for all matters affecting this case.

7. Finally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Executive Office of the U.S. Trustee* (revised December 14, 2017) on a consolidated basis.

8. A proposed form of order granting the relief requested herein is attached hereto and incorporated herein as **Exhibit A**.

**Bases for Relief Requested**

9. On the Petition Date, the Debtors filed the above-captioned chapter 11 cases. As set forth in the First Day Declaration, the Debtors have approximately 1,900 creditors on a consolidated basis in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

10. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against… a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). As set forth in the First Day Declaration, the Debtors in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

11. As set forth in the First Day Declaration, joint administration of these cases will save the Debtors and their estates time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders in each of the three (3) Debtor cases. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for Region 2 (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative pleadings and papers.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative – and not substantive – consolidation of the Debtors' estates. For example, any creditor may file a claim against a particular Debtor or its estate, and intercompany claims among the Debtors will not be affected.

### Notice

13. Notice of this Motion will be provided to (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) the Debtors' pre-petition lender group; (iii) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases;; (iv) the Internal Revenue Service; and (v) any other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties"). The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

### No Prior Request

14. No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

### Conclusion

WHEREFORE, the Debtors respectfully request the Court enter an Order, substantially in the form annexed hereto as Exhibit A, granting the requested relief and such other and further relief the Court deems just and proper.

**[SIGNATURE PAGE TO FOLLOW]**

Dated: New York, New York
November 2, 2018

        AKERMAN LLP

        By: */s/Susan F. Balaschak*
            Susan F. Balaschak
            666 Fifth Avenue, 20th Floor
            New York, NY  10103
            Tel.: (212) 880-3800
            Fax: (212) 880-8965
            E-Mail: susan.balaschak@akerman.com

            -and-

            John E. Mitchell
            ***(Pro Hac Vic Pending)***
            AKERMAN LLP
            2001 Ross Avenue, Suite 3600
            Dallas, TX  75201
            Tel.: (214) 720-4300
            Fax: (214) 981-9339
            E-Mail: john.mitchell@akerman.com

            Andrea S. Hartley
            (***Pro Hac Vice Pending***)
            Katherine C. Fackler
            (***Pro Hac Vice Pending***)
            AKERMAN LLP
            98 Southeast Seventh Street, Suite 1100
            Miami, FL 3313
            Tel.: (305) 374-5600
            Fax: (305) 374-5095
            E-Mail: andrea.hartley@akerman.com
            E-Mail: katherine.fackler@akerman.com

        *Proposed Counsel for Debtors and Debtors-in-Possession*

46465745;4

## EXHIBIT A

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| REPUBLIC METALS REFINING CORPORATION, | ) ) | Case No. 18-13359 (___) |
| | ) | |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC METALS CORPORATION, | ) | Case No. 18-13360 (___) |
| | ) | |
| Debtor. | ) ) | |
| In Re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC CARBON COMPANY, LLC, | ) | Case No. 18-13361 (___) |
| | ) | |
| Debtor. | ) ) | |

**ORDER DIRECTING**
**JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of Republic Metals Refining Corporation ("Republic Refining"), Republic Metals Corporation ("Republic Metals"), and Republic Carbon Company, LLC ("Republic Carbon"), as debtors and debtors-in-possession (collectively, the "Debtors"), in the above-referenced chapter 11 cases (the "Chapter 11 Cases" or "Cases"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested herein in accordance with 28 U.S.C. §§ 157 and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

46470201;5

1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on November __, 2018 to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted to the extent set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 18-13359 by the Court in accordance with Bankruptcy Rule 1015(b).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Debtors' chapter 11 cases.

46470201;5

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** ) | | |
| ) | | **Chapter 11** |
| **REPUBLIC METALS REFINING** ) | | |
| **CORPORATION**, *et al.,* [1] ) | | **Case No. 18-13359 (___)** |
| ) | | |
| **Debtors.** ) | | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), and Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833).

5. A docket entry shall be made in the chapter 11 cases of Republic Metals Corporation and Republic Carbon Company, LLC, substantially as follows:

> An Order has been entered in accordance with Rule 1015(b) of the Bankruptcy Rules directing the procedural consolidation and joint administration of the chapter 11 cases of Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC. The docket in Case No. 18-13359 should be consulted for all matters affecting this case.

6. The Debtors shall be permitted to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees* (revised December 14, 2017), by consolidating the information required for each debtor in one report, provided however, that the Debtors shall track and report monthly disbursements on a Debtor-by-Debtor basis.

46470201;5

7.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
    November ____, 2018

**PROPOSED**
_____
UNITED STATES BANKRUPTCY JUDGE

46470201;5