RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Cornerstone Asset Metals, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

In re:

REPUBLIC METALS REFINING
CORPORATION, *et al.*,[1]

                Debtors.

--------------------------------------------------------------------- x

CORNERSTONE ASSET METALS, LLC,

                Plaintiff,

      - against -

REPUBLIC METALS REFINING CORPORATION,
REPUBLIC METALS CORPORATION, REPUBLIC
CARBON COMPANY, LLC, COÖPERATIEVE
RABOBANK U.A., NEW YORK BRANCH,
BROWN BROTHERS HARRIMAN & CO.,
BANK HAPOALIM B.M., MITSUBISHI
INTERNATIONAL CORPORATION, ICBC
STANDARD BANK PLC, TECHEMET METAL
TRADING LLC, WOODFOREST NATIONAL
BANK, and BANK LEUMI USA

                Defendants.

--------------------------------------------------------------------- x

Chapter 11
Case No. 18-13359 (SHL)

(Jointly Administered)

Adv. Pro. No. 18-_____

## COMPLAINT (I) FOR DECLARATORY JUDGMENT, (II) TO DETERMINE EXTENT OF LIENS GRANTED TO SECURED PARTIES, AND (III) FOR IMPOSITION OF CONSTRUCTIVE TRUST

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), and Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833).

Cornerstone Asset Metals, LLC, as plaintiff ("Cornerstone" or the "Plaintiff"), as and for its complaint against Republic Metals Refining Corporation, Republic Metals Corporation and Republic Carbon Company, LLC (the "Debtors"), and Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading LLC, Woodforest National Bank, and Bank Leumi USA (the "Secured Parties" and together with the Debtors, the "Defendants") alleges the following upon knowledge as to its own acts and otherwise upon information and belief:

## INTRODUCTION

1.      Plaintiff brings this action (i) pursuant to Rule 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for a declaratory judgment that unprocessed and finished silver in the Debtors' possession is the property of Cornerstone and is not property of the estate pursuant to 11 U.S.C. § 541(a), (ii) pursuant to Bankruptcy Rule 7001(9) and 11 U.S.C. § 506(a)(1), for a declaratory judgment that Cornerstone's Finished Silver and Unfinished Silver (as defined below) is not part of the Secured Parties' Collateral (as defined in the Interim Cash Collateral Order below) and that the liens granted to the Secured Parties under the Interim Cash Collateral Order do not extend to the Finished Silver and Unfinished Silver, and (iii) for the imposition of a constructive trust.

## THE PARTIES

2.      On November 2, 2018 (the "Filing Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et al*. (the "Bankruptcy Code").  The Debtors remain in possession of their assets and manage their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.      A statutory committee of unsecured creditors was appointed on November

19, 2018.  No trustee has been appointed.

4.      Cornerstone is a customer of Republic Metals Company ("RMC") and a

party in interest.

5.      Each of the Secured Parties is party to a credit agreement, master netting

agreement or lease agreement with RMC entered into prior to the Filing Date.  Each of the Se-

cured Parties has consented to the Debtors' use of cash collateral and is subject to the *Interim*

*Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 503 And 507 (I) Authorizing The Debtors*

*To Use Cash Collateral, (II) Granting Adequate Protection To The Secured Parties, (III) Sched-*

*uling A Final Hearing And (IV) Granting Related Relief* (the "Interim Cash Collateral Order")

[doc. 54] entered on November 8, 2018.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  If any of the

claims asserted in this adversary proceeding are determined to be non-core, Plaintiff consents to

the entry of final judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

9.      Cornerstone is a primary precious metals dealer servicing clients with cus-

tom minted finished products through the buying, selling and refining of precious metals through

RMC.

10.     Cornerstone and RMC are parties to the *Republic Metals Corporation*

*Standard Terms and General Operating Conditions* (the "Standard Terms and Conditions") dat-

ed April 6, 2014.

11.    Cornerstone buys old silver from customers doing distributions from their

Precious Metal IRAs.  Cornerstone sends the silver to RMC for assay and confirmation of purity.

After assay, RMC either manufactures and delivers finished product to Cornerstone, or deposits

the silver into a pool account (the "Pool Account") while awaiting instructions from Cornerstone

to refine and deliver finished product.  A pool account is a ledger account representing the

amount of returnable metal owed to the customer (if the account reflects a positive balance), or

the amount of metal owed to RMC (if the account reflects a negative balance).  At all times, met-

al in the Pool Account belongs to RMC's customers, and is not RMC's property.

12.    Cornerstone also sells finished product to its customers for investment.

Cornerstone subcontracts with RMC to mint the Unfinished Silver into Finished Silver.  RMC

ships the Finished Silver directly to Cornerstone's customers, or to Cornerstone's account at

Delaware Depository Servicing Company ("DDSC") for fulfillment.[2]

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment Pursuant to Bankruptcy Rule 7001(9)**
**That Certain Property is Not Property of the Estate)**

13.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth

herein.

14.    Prior to the Filing Date, Cornerstone purchased refined finished silver (the

"Finished Silver") from RMC consisting of (a) 1,150 10 oz. silver minted bars (11,500 silver

ounces 31.1 grams each ounce total) (the "Bars"); and (b) 3,000 silver 1 oz. minted coins (the

"Coins").

15.    RMC issued invoices for the Bars and the Coins.

---

[2]    Cornerstone stores metals with DDSC for business use as well as a distribution point for IRA fulfillment.  Most
IRA custodians use DDSC for vault storage of precious metals.

16.    RMC advised its customers including Cornerstone in writing that if a customer paid in full for refined metals prior to November 2, 2018, then RMC would ship the refined metals to the customer.

17.    Cornerstone paid in full for the Finished Silver prior to November 2, 2018.

18.    The Coins are imprinted with Cornerstone's name.

19.    RMC acknowledged prior to the Filing Date that Cornerstone is the owner of the Finished Silver.

20.    RMC initiated shipment via UPS of the Finished Silver, with delivery scheduled for October 25, 2018.  As a result of the Debtors' decision to file for chapter 11 relief, the shipment was stopped and the Finished Silver was never delivered.

21.    The Finished Silver is in RMC's possession.

22.    In addition to the Finished Silver, Cornerstone is the owner of 15,756.432 oz. of unfinished silver (the "Unfinished Silver") that is or should be in RMC's possession.

23.    The Unfinished Silver consists of (a) 10,892 oz. in the Pool Account (the "Pool Account Silver"); and (b) 4,864.432 oz. delivered to RMC prior to the Filing Date for assay (the "Assayed Silver").  RMC completed the assay of the 4,864.432 oz. of silver, which upon information and belief has not yet been deposited into the Pool Account.

24.    The Standard Terms and Conditions provide, in the section entitled "Insurance, Delivery, Weighing, and Sampling," that "[r]isk of loss of material will pass from Customer to RMC upon delivery to and acceptance at RMC's refinery, unless otherwise agreed. Upon receipt by RMC of metal sent by Customer for refining and acceptance by RMC, *RMC shall bear the responsibility of insurance for loss or damage to such metal while at RMC.*"  (Emphasis added).  RMC acknowledged receipt and Cornerstone's ownership of the Assayed Silver

delivered to RMC, for which RMC bears the risk of loss as of the date of delivery and ac-

ceptance.

25.    Based upon the foregoing, Cornerstone is entitled to a declaratory judg-

ment that the Finished Silver and the Unfinished Silver, both in RMC's possession, are property

of Cornerstone and not property of the estate pursuant to § 541(a) of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment Pursuant to Bankruptcy Rule 7001(9) and**
**11 U.S.C. § 506(a)(1) Determining the Extent of the Secured Parties' Liens)**

26.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth

herein.

27.    Pursuant to ¶ F(i) of the Interim Cash Collateral Order, the Debtors stipu-

lated that the Secured Parties have a lien on substantially all of the Debtors' assets including in-

ventory and metals.

28.    Pursuant to ¶ 8(a) of the Interim Cash Collateral Order, the Secured Par-

ties were granted post-petition Adequate Protection Liens on substantially all of the Debtors'

pre- and post-Filing Date assets including inventory and metals.

29.    Pursuant to ¶ 8(e) of the Interim Cash Collateral Order, the Debtors are re-

quired to liquidate their inventory, including precious metal inventory, in a commercially reason-

able manner pursuant to a timeline as agreed to by and among the Debtors and the Secured Par-

ties and set forth in the Cash Collateral Budget.  Proceeds from the sale of the inventory shall be

paid to a segregated deposit account maintained with one of the Secured Parties and retained by

the Secured Parties for application to the Secured Obligations without further Court order.

30.    Pursuant to ¶ 5(d) of the Interim Cash Collateral Order, the failure of the

Debtors to liquidate 95% of their November 2, 2018 inventory including of finished goods and

raw work-in-progress by December 3, 2018 (unless such period is extended by the Secured Par-

ties in their sole discretion) is a Termination Event for the Debtors' authorization use Cash Collateral.

31.    Pursuant to ¶ 4(b) of the Interim Cash Collateral Order, parties in interest have the right to commence an adversary proceeding challenging the validity, extent and priority of the Secured Parties' Prepetition Liens (as defined in the Interim Cash Collateral Order).

32.    Pursuant to § 506(a)(1) of the Bankruptcy Code, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property …"

33.    Because the Finished Silver and the Unfinished Silver is the property of Cornerstone and not property of the estate, Cornerstone is entitled to a declaratory judgment that the Secured Parties' Prepetition Liens and Adequate Protection Liens do not extend to the Finished Silver and the Unfinished Silver, and that the Finished Silver and Unfinished Silver are not part of the Secured Parties' collateral.

34.    Because the Finished Silver and the Unfinished Silver is the property of Cornerstone and not property of the estate, Cornerstone is entitled to a declaratory judgment that the Finished Silver and the Unfinished Silver are not inventory or assets of the Debtors that must be liquidated pursuant to ¶¶ 5(d) and 8(e) of the Interim Cash Collateral Order.

**THIRD CLAIM FOR RELIEF**
**(Constructive Trust)**

35.    Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

36.    Cornerstone transferred and delivered the Unfinished Silver to RMC in reliance upon RMC's promise and undertaking in the Standard Terms and Conditions to return to Cornerstone metals of like kind representing the ounces of precious metals owed to Cornerstone.

37.    RMC will be unjustly enriched if it fails to return the Unfinished Silver or 15,756.432 oz. silver of like kind.

38.    As a result of the foregoing, Cornerstone is entitled to a constructive trust over 10,892 oz. of silver in the Pool Account plus 4,864.432 oz. of silver delivered to RMC for assay but not deposited in the Pool Account.

**WHEREFORE**, the Trustee requests the entry of judgment as follows:

(a)    On the first claim for relief, a declaratory judgment that the Finished Silver and Unfinished Silver are the property of Cornerstone and not property of the estate under § 541(a) of the Bankruptcy Code;

(b)    On the second claim for relief, a declaratory judgment that the Finished Silver and Unfinished Silver are not part of the Secured Parties' collateral under the Interim Cash Collateral Order and that the Secured Parties' Prepetition Liens and Adequate Protection Liens do not extend to the Finished Silver and Unfinished Silver;

(c)    On the third claim for relief, the imposition of a constructive trust over 10,892 oz. of silver in the Pool Account plus 4,864.432 oz. of silver delivered to RMC for assay;

(d)    Costs and attorney fees; and

(e)    Such other and further relief as is necessary and proper.

Dated:    New York, New York          RICH MICHAELSON MAGALIFF, LLP
         November 20, 2018            Counsel for Cornerstone Asset Metals, LLC
                                      By:

                                      /s/ Howard P. Magaliff
                                      HOWARD P. MAGALIFF
                                      335 Madison Avenue, 9th Floor
                                      New York, NY 10017
                                      646.453.7851
                                      *hmagaliff@r3mlaw.com*