**HEARING DATE AND TIME: December [14], 2018 at [3:00 p.m]. (Eastern Time)**
**OBJECTION DEADLINE DATE AND TIME: [December 13, 2018 at 5:00 p.m] (Eastern Time)**

Susan F. Balaschak
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, NY 10103
Tel.: (212) 880-3800
Fax: (212) 880-8965

Andrea S. Hartley (Admitted *Pro Hac Vice*)
Katherine C. Fackler (Admitted *Pro Hac Vice*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

John E. Mitchell (Admitted *Pro Hac Vice*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX  75201
Tel.: (214) 720-4300
Fax: (214) 981-9339
*Proposed Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| REPUBLIC METALS REFINING | : | Case No. 18-13359 (SHL) |
| CORPORATION, *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

---------------------------------------------------------------- x

| | | |
|---|---|---|
| CORNERSTONE ASSET METALS, LLC, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-01771 |
| | : | |
| - against - | : | |
| | : | |
| REPUBLIC METALS REFINING CORPORATION, | : | |
| REPUBLIC METALS CORPORATION, REPUBLIC | : | |
| CARBON COMPANY, LLC, COÖPERATIEVE | : | |
| RABOBANK U.A., NEW YORK BRANCH, | : | |
| BROWN BROTHERS HARRIMAN & CO., | : | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

| | |
|---|---|
| BANK HAPOALIM B.M., MITSUBISHI | : |
| INTERNATIONAL CORPORATION, ICBC | : |
| STANDARD BANK PLC, TECHEMET METAL | : |
| TRADING LLC, WOODFOREST NATIONAL | : |
| BANK, and BANK LEUMI USA | : |
| | : |
| Defendants. | : |

---------------------------------------------------------------- x

### MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT ON EXPEDITED AND SHORTENED NOTICE PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9019 AND 9006

Republic Metals Refining Corporation, *et al.*, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), by and through their undersigned counsel, hereby files the Motion for Approval of the Stipulation of Settlement attached hereto as **Exhibit A** (the "Settlement Agreement"), by and among the Debtors, Cornerstone Asset Metals, LLC ("Cornerstone"), and the Debtors' prepetition senior secured lenders, including Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading LLC, Woodforest National Bank, and Bank Leumi USA (the "Senior Lenders"), pursuant to Rule 9019 of the Bankruptcy Rules. In support of this Motion, the Debtors say:

### JURISDICTION

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

47168761;3

3.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, and Rules 9019 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On November 2, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating these Chapter 11 Cases.  On November 21, 2018, certain additional debtors (collectively with the Debtors, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code, initiating their Chapter 11 Cases.

5.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1109.  On November 19, 2018, the United States Trustee gave notice of the appointment of an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 113].

6.      Additional details regarding these Chapter 11 Cases are available in the Declaration of Scott Avila, as Chief Restructuring Officer (the "CRO"), in Support of Chapter 11 Petitions and First Day Motions [Docket No. 2].

7.      On November 20, 2018, Cornerstone filed a complaint against the Debtors and the Lenders (I) for Declaratory Judgment, (II) to Determine Extent of Liens Granted to Secured Parties, and (III) for Imposition of Constructive Trust (the "Complaint"), initiating the above-styled adversary proceeding (the "Adversary Proceeding").

8.      Through the Complaint, Cornerstone alleges, *inter alia*, that prior to the Petition Date, Cornerstone purchased refined finish silver (the "Finished Silver") from the Debtors consisting of (a) 1,150 10 oz. silver minted bars (the "Bars") and (b) 3,000 silver 1 oz. minted coins (the "Coins").

3

9.      Cornerstone further alleges, *inter alia,* that it paid the Debtors in full for the Finished Silver prior to the Petition Date, that Cornerstone has title to the Finished Silver, and that the Debtors never delivered the Finished Silver to Cornerstone.

10.     Cornerstone further alleges, *inter alia*, that it is the owner of 15,756.432 oz. of unfinished silver (the "Unfinished Silver"), consisting of (a) 10,892 oz. in the Pool Account, and (b) 4,864.432 oz. delivered to the Debtors prior to the Petition Date for assay.

11.     As relief, Cornerstone seeks (i) a declaratory judgment that the Finished Silver and Unfinished Silver are property of Cornerstone and are not property of the bankruptcy estate; (ii) a declaratory judgment that the Finished Silver and Unfinished Silver are not the Senior Lenders' collateral; and (ii) the imposition of a constructive trust over the Unfinished Silver.

12.     On November 28, 2018, in the Adversary Proceeding, Cornerstone filed a Motion for Mandatory Injunctive Relief, for Entry of an Order Scheduling a Hearing, and for a TRO on Notice Pending the Hearing (the "Preliminary Injunction Motion") (Adv. Doc. 3).

13.     Through the Injunction Motion, Cornerstone seeks a temporary restraining order, and ultimately, an injunction, directing the Debtors to return the Finished Silver to Cornerstone immediately.

14.     Cornerstone also filed a limited objection [Docket No. 135] to the proposed final cash collateral order (the "Cash Collateral Objection").

15.     Additional facts related to the Complaint and Injunction Motion are set forth in detail in the Settlement Agreement.

**RELIEF REQUESTED**

16.     Through this Motion, the Debtors, with the support of Cornerstone and the Senior

Lenders, request approval of the Settlement Agreement attached hereto and incorporated herein as

**Exhibit A.**  The material terms of the Settlement Agreement include[2]:

I.     <u>Bankruptcy Court Approval</u>.

a.     This Stipulation is subject to entry of an order of the Bankruptcy Court

pursuant to Bankruptcy Rule 9019 approving the settlement memorialized herein

(the "<u>Approval Order</u>"), attached hereto and incorporated herein as **Exhibit B**.

b.     The Parties shall request that the Approval Order contain a waiver of the

14-day stay pursuant to Bankruptcy Rule 6004(h).

II.     <u>Release and Delivery of Finished Silver</u>.  Promptly upon the entry of the

Approval Order, the Debtors shall release and ship the Finished Silver to the destination(s)

previously instructed by Cornerstone, or to such other destination(s) as Cornerstone shall

direct in writing.

III.     <u>Allowance of General Unsecured Claim</u>.  Cornerstone shall have an allowed

general unsecured claim in the case for all purposes in the amount of <u>$157,934</u> for the

Unfinished Silver (the "<u>Allowed Cornerstone Claim</u>").  Cornerstone shall not be required

to file a proof of claim for the Allowed Cornerstone Claim.  The Debtors shall instruct their

claims agent Donlin Recano & Company, Inc. to enter the Allowed Cornerstone Claim in

the claims database.

IV.     <u>Mutual Limited Releases</u>.

---

[2] Interested parties should refer to the Settlement Agreement for a complete description of the terms thereof.

47168761;3

c.      Effective on the date the Approval Order is entered, Cornerstone will be deemed to have released and forever discharged the Debtors, the Debtors' estates and the Secured Parties, and their successors and assigns from any and all claims that have been or could have been asserted by Cornerstone concerning its commercial relationship with the Debtors, except for obligations arising under and pursuant to this Stipulation.  If the Finished Silver is not delivered as provided in this Stipulation, the releases by Cornerstone shall be null and void.

d.      Effective on the date the Approval Order is entered, the Debtors and the Secured Parties, for and on behalf of themselves and their respective successors and assigns, and the Debtors' estates, shall be deemed to have released and forever discharged Cornerstone from any and all claims that have been or could have been asserted by any of them against Cornerstone concerning Cornerstone's commercial relationship with the Debtors, except for (i) obligations arising under and pursuant to this Stipulation and (ii) causes of action arising under Section 547 of the Bankruptcy Code, provided that all Parties reserve all rights and defenses with respect thereto.

IV.     Dismissal.  Within three (3) business days after the Approval Order is entered, Cornerstone will file a Notice of Dismissal of the adversary proceeding with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Bankruptcy Rule 7041, and the Preliminary Injunction Motion shall be deemed withdrawn.

V.      Withdrawal of Cash Collateral Objection.  Upon entry of the Approval Order, the Cash Collateral Objection shall be deemed withdrawn with prejudice.

**BASIS FOR RELIEF REQUESTED**

47168761;3

17.     Bankruptcy Rule 9019 provides that, upon the motion of the debtor-in-possession, "after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Code authorizes the Court to enter any order "that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

18.     A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)); *see also In re Chemtura Corp.*, 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); *In re Lehman Bros. Holdings*, 435 B.R. 122, 134 (S.D.N.Y. 2010).

19.     A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Chemtura*, 439 B.R. at 594 (quoting *In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir.1983)) (internal quotations omitted). But the court is not required to go so far as to conduct a trial on the terms to approve a settlement. *See id.* Before making a determination, however, the court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (internal quotations omitted) (quoting *TMT Trailer Ferry*, 390 U.S. at 424, 88 S.Ct. 1157). Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis. *See JP Morgan Chase Bank, N.A. v. Charter Commc'ns Operating LLC (In re Charter Commc'ns)*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009). "At the same time, a court may not simply defer to a debtor in

possession's judgment, but must independently evaluate the reasonableness of the settlement." *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009) (citations omitted). In addition, courts may give weight to the opinion of bankruptcy counsel supporting the settlement. *See id.* ("In [approving the settlement agreement], the court is permitted to rely upon 'opinions of the trustee, the parties, and their attorneys.'"); *Chemtura*, 439 B.R. at 594.

20.     To that end, courts have developed standards to evaluate if a settlement is fair and equitable and identified factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry, Inc.*, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968). The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in *Iridium Operating LLC*, 478 F.3d at 462. The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
> (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;
> (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"
> (4) whether other parties in interest support the settlement;
> (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;
> (6) "the nature and breadth of releases to be obtained by officers and directors;" and
> (7) "the extent to which the settlement is the product of arm's length bargaining."

*Id.*

21.     The Settlement Agreement balances the Debtors' uncertain likelihood of success in defending the Preliminary Injunction Motion and Complaint with the benefit of finality on the issues raised therein, and has the added benefit of eliminating the need for additional litigation between Cornerstone and the Senior Lenders.  Avoiding litigation over the claims raised in the Complaint will conserve valuable estate resources and allow the Debtors and the Senior Lenders

47168761;3

to focus their efforts on broader, more pressing case issues, such as a potential sale. The Settlement Agreement was negotiated at arms-length by and among the Debtors, the Senior Lenders, and Cornerstone, and the Debtors submit that the terms of the Settlement Agreement represent a sound exercise of the business judgment of the Debtors and Scott Avila, in his capacity as CRO.

22.    Accordingly, the Debtors respectfully request the Court approve the Settlement Agreement.

## AN EXPEDITED HEARING ON SHORTENED NOTICE IS APPROPRIATE

23.    Bankruptcy Rule 2002(a)(3) provides for 21 days' notice of the hearing to approve a compromise or settlement. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

24.    The Debtors request that the Court shorten notice and conduct the hearing on December 14, 2018. As detailed in the Declaration of Terry Sacka filed with the Preliminary Injunction Motion, Cornerstone alleges that it will suffer irreparable harm absent the immediate return of the Finished Silver. The settlement, which provides for the return of the Finished Silver, would be a pyrrhic victory if it is not approved within the same shortened time frame that Cornerstone seeks in its request for mandatory injunctive relief. The urgency is no less simply because the parties have settled. The Debtors submit that under the circumstances there is good cause to shorten the notice period.

## NO PREVIOUS REQUEST

25.    No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

47168761;3

9

## NOTICE

26.      The Debtors have provided notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of New York; (ii) the Master Service List; (iii) counsel to the Debtors' Senior Lenders; (iv) counsel to the Official Committee of Unsecured Creditors; and (v) any other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtors respectfully request the Court enter the Approval Order substantially in the form attached hereto as **Exhibit B** (i) approving the Settlement Agreement and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate.

Dated:  Miami, Florida
        December 10, 2018
                                        AKERMAN LLP


                            By:    */s/Katherine C. Fackler*
                                   Katherine C. Fackler
                                   (**Admitted *Pro Hac Vice***)
                                   Andrea S. Hartley
                                   (**Admitted *Pro Hac Vice***)
                                   AKERMAN LLP
                                   98 Southeast Seventh Street, Suite 1100
                                   Miami, FL 3313
                                   Tel.: (305) 374-5600
                                   Fax: (305) 374-5095
                                   E-Mail: andrea.hartley@akerman.com
                                   E-Mail: katherine.fackler@akerman.com

                                        -and-

47168761;3

Susan F. Balaschak
666 Fifth Avenue, 20th Floor
New York, NY  10103
Tel.: (212) 880-3800
Fax: (212) 880-8965
E-Mail: susan.balaschak@akerman.com

John E. Mitchell
(**Admitted *Pro Hac Vice*)**
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
Tel.: (214) 720-4300
Fax: (214) 981-9339
E-Mail: john.mitchell@akerman.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

11

# EXHIBIT A

# STIPULATION OF SETTLEMENT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re:                                                    :
                                                          :       Chapter 11
REPUBLIC METALS REFINING                                  :       Case No. 18-13359 (SHL)
CORPORATION, et al.,[1]                                   :
                                                          :       (Jointly Administered)
                            Debtors.                      :
---------------------------------------------------------------- x

CORNERSTONE ASSET METALS, LLC,                            :
                                                          :
                            Plaintiff,                    :       Adv. Pro. No. 18-01771 (SHL)
                                                          :
            - against -                                   :
                                                          :
REPUBLIC METALS REFINING CORPORATION,                     :
REPUBLIC METALS CORPORATION, REPUBLIC                     :
CARBON COMPANY, LLC, COÖPERATIEVE RA-                     :
BOBANK U.A., NEW YORK BRANCH, BROWN                       :
BROTHERS HARRIMAN & CO., BANK                             :
HAPOALIM B.M., MITSUBISHI INTERNA-                        :
TIONAL CORPORATION, ICBC STANDARD                         :
BANK PLC, TECHEMET METAL TRADING LLC,                     :
WOODFOREST NATIONAL BANK, and BANK                        :
LEUMI USA                                                 :
                                                          :
                            Defendants.                   :
---------------------------------------------------------------- x

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is entered into by and among:

(i) Cornerstone Asset Metals, LLC ("Cornerstone") (ii) the above-named debtors (the "Debtors"),

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

47185302;2

and (iii) Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank

Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal

Trading LLC, Woodforest National Bank, and Bank Leumi USA (collectively, the "Secured Par-

ties" and together with Cornerstone and the Debtors, the "Parties").

**Recitals**

        A.      Commencing on November 2, 2018 (the "Filing Date"), the Debtors filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et al*. (the

"Bankruptcy Code").  The Debtors remain in possession of their assets and manage their busi-

nesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

        B.      Cornerstone is a primary precious metals dealer servicing clients with cus-

tom minted finished products through the buying, selling and refining of precious metals through

a contract dated April 6, 2014 with Republic Metals Company ("RMC").

        C.      Prior to the Filing Date, Cornerstone purchased refined finished silver  from

RMC consisting of (a) 1,150 10 oz. silver minted bars (11,500 silver ounces 31.1 grams each ounce

total) (the "Bars"); and (b) 3,000 silver 1 oz. minted coins (the "Coins").  The Coins and Bars are

referred to as the "Finished Silver."  As of the Filing Date, the Finished Silver was fully paid by

Cornerstone, and packaged and ready for shipment by the Debtors to one or more destinations

specified by Cornerstone.

        D.      In addition to the Finished Silver, Cornerstone alleged that it is the owner

of 15,756.432 oz. of unfinished silver (the "Unfinished Silver"), consisting of 10,892 oz. in the

pool account and 4,864.432 oz. delivered to RMC prior to the Filing Date for assay.  The Debtors

asserted that the 10,892 ounces in the pool account includes the silver sent for assay, and Corner-

stone agrees.

2

47185302;2

E.      On November 8, 2018, the Court entered the *Interim Order Pursuant To 11 U.S.C. §§ 105, 361, 362, 363, 503 And 507 (I) Authorizing The Debtors To Use Cash Collateral, (II) Granting Adequate Protection To The Secured Parties, (III) Scheduling A Final Hearing And (IV) Granting Related Relief* (the "Interim Cash Collateral Order") [doc. 54].  Each of the Secured Parties is party to a credit agreement, master netting agreement, or lease agreement with RMC entered into prior to the Filing Date, and has consented to the Debtors' use of cash collateral as reflected in the Interim Cash Collateral Order.

F.      Pursuant to ¶ F(i) of the Interim Cash Collateral Order, the Debtors stipulated that the Secured Parties have a lien on substantially all of the Debtors' assets including inventory and metals.  Pursuant to ¶ 8(a) of the Interim Cash Collateral Order, the Secured Parties were granted post-petition Adequate Protection Liens on substantially all of the Debtors' pre- and post-petition assets including inventory and metals.

G.      The Secured Parties assert that the Finished Silver and the Unfinished Silver constitutes inventory that is subject to the Prepetition and Adequate Protection Liens.  Cornerstone disputes this.

H.      On November 20, 2018, Cornerstone filed a complaint in the above-captioned adversary proceeding pursuant to Rule 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for a declaratory judgment that the Finished Silver and Unfinished Silver in the Debtors' possession is the property of Cornerstone and is not property of the estate pursuant to 11 U.S.C. § 541(a), that Cornerstone's Finished Silver and Unfinished Silver is not part of the Secured Parties' Collateral (as defined in the Interim Cash Collateral Order), and that the liens granted to the Secured Parties under the Interim Cash Collateral Order do not extend to the Finished Silver and Unfinished Silver.  Cornerstone also sought the imposition of a constructive trust.

3

I.      Cornerstone filed a limited objection [case doc. 135] to the proposed final cash collateral order (the "Cash Collateral Objection").

J.      On November 28, 2018 Cornerstone filed a motion for a preliminary injunction and temporary restraining order [adv. pro. doc. 3] (the "Preliminary Injunction Motion"), seeking the immediate release and delivery of the Finished Silver to Cornerstone. Cornerstone asserted that in the absence of mandatory injunctive relief, it faces the risk of imminent shutdown of its business.

K.      Cornerstone extended the time for the Debtors and Secured Parties to answer the complaint and the Preliminary Injunction Motion while they engage in settlement discussions.

L.      Following discussions and the exchange of information, the Parties have negotiated at arms' length and in good faith, and have agreed to settle Cornerstone's claims on the terms and conditions in this Stipulation.

NOW, THEREFORE, in consideration of the foregoing recitals and other good and valuable consideration, the Parties stipulate and agree as follows:

**Agreement**

1.      Recitals Incorporated. The Recitals are true and correct, and incorporated into this agreement,

2.      Bankruptcy Court Approval.

a.      This Stipulation is subject to entry of an order of the Bankruptcy Court pursuant to Bankruptcy Rule 9019 approving the settlement memorialized herein (the "Approval Order").

b.      The Parties shall request that the Approval Order contain a waiver of the 14-day stay pursuant to Bankruptcy Rule 6004(h).

4

47185302;2

3.    <u>Release and Delivery of Finished Silver</u>.  Promptly upon the entry of the

Approval Order, the Debtors shall release and ship the Finished Silver to the destination(s) previ-

ously instructed by Cornerstone, or to such other destination(s) as Cornerstone shall direct in writ-

ing.

4.    <u>Allowance of General Unsecured Claim</u>.  Cornerstone shall have an allowed

general unsecured claim in the case for all purposes in the amount of <u>$157,934</u> for the Unfinished

Silver (the "<u>Allowed Cornerstone Claim</u>").  Cornerstone shall not be required to file a proof of

claim for the Allowed Cornerstone Claim.  The Debtors shall instruct their claims agent Donlin

Recano & Company, Inc. to enter the Allowed Cornerstone Claim in the claims database.

5.    <u>Mutual Limited Releases</u>.

a.    Effective on the date the Approval Order is entered, Cornerstone

will be deemed to have released and forever discharged the Debtors, the Debtors' estates and the

Secured Parties, and their successors and assigns from any and all claims that have been or could

have been asserted by Cornerstone concerning its commercial relationship with the Debtors, <u>ex-

cept for</u> obligations arising under and pursuant to this Stipulation.  If the Finished Silver is not

delivered as provided in this Stipulation, the releases by Cornerstone shall be null and void.

b.    Effective on the date the Approval Order is entered, the Debtors and

the Secured Parties, for and on behalf of themselves and their respective successors and assigns,

and the Debtors' estates, shall be deemed to have released and forever discharged Cornerstone

from any and all claims that have been or could have been asserted by any of them against Cor-

nerstone concerning Cornerstone's commercial relationship with the Debtors, <u>except for</u> (i) obli-

gations arising under and pursuant to this Stipulation and (ii) causes of action arising under Section

547 of the Bankruptcy Code, provided that all Parties reserve all rights and defenses with respect

thereto.

5

6.     <u>Dismissal</u>.  Within three (3) business days after the Approval Order is entered, Cornerstone will file a Notice of Dismissal of the adversary proceeding with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and Bankruptcy Rule 7041, and the Preliminary Injunction Motion shall be deemed withdrawn.

7.     <u>Withdrawal of Cash Collateral Objection</u>.  Upon entry of the Approval Order, the Cash Collateral Objection shall be deemed withdrawn with prejudice.

8.     <u>No Admission</u>.  It is understood and agreed that this Stipulation is entered into solely for the purpose of avoiding the expense and uncertainty of litigation.  Neither (i) the execution of this Stipulation, (ii) the delivery of the Finished Silver, (iii) the allowance of the Allowed Cornerstone Claim, nor (iv) any waiver granted under Bankruptcy Rule 6004(h) is intended to or shall be construed as an admission by any Party that the Finished Silver and the Unfinished Silver is or is not property of the estate or that the Finished Silver and the Unfinished Silver constitute inventory that is or is not subject to the Secured Lenders' Prepetition and Adequate Protection Liens.

9.     <u>Consent to Jurisdiction; Waiver of Jury Trial Rights</u>.  The Parties consent to the exclusive jurisdiction of the Bankruptcy Court in connection with the resolution of any disputes relating to this Stipulation, and affirmatively waive their right to a trial by jury, or to a trial before an Article III judge, in connection with the resolution of any such disputes.

10.     <u>Final Agreement</u>.  This Stipulation is the final agreement of the Parties and supersedes all prior agreements or representations concerning its subject matter.

11.     <u>New York Law</u>.  This Stipulation shall be interpreted and enforced in accordance with the laws of New York without reference to New York's conflicts of law provisions. The Parties have jointly participated in drafting this Stipulation, and any ambiguities shall not be construed against any Party.

6

12.    <u>Modifications</u>.  This Stipulation may only be modified, altered, amended or waived in a writing signed by the Parties.

13.    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Stipulation and to reconcile any disagreement or inconsistency regarding the terms of this Stipulation.

14.    <u>Counterparts</u>.  This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.  This Stipulation may be executed by facsimile signature or by email of a signature in PDF format, which shall have the effect and force as an original signature.

RICH MICHAELSON MAGALIFF, LLP          AKERMAN LLP
Attorneys for Cornerstone Asset Metals, LLC    Attorneys for the Debtors


By: */s/Howard P. Magaliff*             By: */s/Katherine C. Fackler*
    Howard P. Magaliff                  For John E. Mitchell
335 Madison Avenue, 9th Floor           2001 Ross Avenue, Suite 3600
New York, New York 10017                Dallas, TX 75201
646.453.7855                            214.720.4344
*hmagaliff@r3mlaw.com*                  *john.mitchell@akerman.com*

LUSKIN STERN & EISLER LLP
Attorneys for the Secured Parties


By: */s/Michael Luskin*
    Michael Luskin
Eleven Times Square
New York, NY 10036
212.597.8200
*luskin@lsellp.com*

NO OBJECTION:
Official Committee of Unsecured Creditors
By its Proposed counsel, COOLEY, LLP
By: Seth Van Aalten

*/s/Seth Van Aalten*
Name:

7

47185302;2

# EXHIBIT B

# APPROVAL ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re:                                                          :
                                                                :        Chapter 11
REPUBLIC METALS REFINING                                        :        Case No. 18-13359 (SHL)
CORPORATION, *et al.*,[1]                                       :
                                                                :        (Jointly Administered)
                                    Debtors.                    :
---------------------------------------------------------------- x

CORNERSTONE ASSET METALS, LLC,                                  :
                                                                :
                                    Plaintiff,                  :        Adv. Pro. No. 18-01771 (SHL)
                                                                :
                - against -                                     :
                                                                :
REPUBLIC METALS REFINING CORPORATION,                           :
REPUBLIC METALS CORPORATION, REPUBLIC                           :
CARBON COMPANY, LLC, COÖPERATIEVE                               :
RABOBANK U.A., NEW YORK BRANCH,                                 :
BROWN BROTHERS HARRIMAN & CO.,                                  :
BANK HAPOALIM B.M., MITSUBISHI                                  :
INTERNATIONAL CORPORATION, ICBC                                 :
STANDARD BANK PLC, TECHEMET METAL                               :
TRADING LLC, WOODFOREST NATIONAL                                :
BANK, and BANK LEUMI USA                                        :
                                                                :
                                    Defendants.                 :
---------------------------------------------------------------- x

## ORDER APPROVING STIPULATION OF SETTLEMENT
## AND SHORTENING TIME FOR NOTICE AND HEARING

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

Upon the motion (the "Motion")[2] of the Republic Metals Refining Corporation and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), for entry of an Order approving the Stipulation of Settlement by and among the Debtors, Cornerstone Asset Metals, LLC, and the Debtors' Senior Lenders pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Bankruptcy Rules"), and shortening notice pursuant to Bankruptcy Rule 9006(c)(1); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties-in-interest; and the Court having determined that the proposed settlement falls above the lowest point in the range of reasonableness; and upon all of the proceedings had before the Court; and after due deliberation and cause appearing;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to Bankruptcy Rule 9006(c)(1), the time for notice of the hearing on the Motion is shortened such that the hearing will be held on December 14, 2018.

3.      Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 105(a), the Settlement Agreement is approved and is fully enforceable in all respects.

4.      The Debtors, Cornerstone, and the Senior Lenders shall comply with all terms of the approved Settlement Agreement.

---

[2] All capitalized terms not defined herein shall have the definitions set forth in the Motion.

47170417;2

5.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and

6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective

and enforceable upon its entry, and the requirements of Bankruptcy Rules 6004(a) and 6004(h)

are hereby waived.

6.      The Debtors, Cornerstone, and the Senior Lenders are hereby authorized and

empowered to take such steps and perform such acts as may be necessary to implement and

effectuate the terms of this Order.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from

the implementation and/or interpretation of this Order.

Dated: New York, New York
       December ___, 2018

**_____PROPOSED_____**
SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

47170417;2