**Presentment Date and Time: December 19, 2018 at 11 a.m. (prevailing Eastern Time)**
**Objection Deadline: December 19, 2018 at 10:00 a.m. (prevailing Eastern Time)**

**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10016
Telephone: 212-479-6000
Seth Van Aalten
Ian Shapiro
Robert Winning
Nicholas Flath

*Proposed Counsel for the Official Committee*
*Of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
In re:                                                      :   Chapter 11
                                                            :
REPUBLIC METALS REFINING                                    :   Case No. 18-13359 (SHL)
CORPORATION, *et al.*,[1]                                   :
                                                            :   (Jointly Administered)
                                                            :
                        Debtors.                            :
----------------------------------------------------------- x

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION**
**FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004**
**AUTHORIZING DISCOVERY OF THE DEBTORS AND THIRD PARTIES**

The Official Committee of Unsecured Creditors (the "Committee") submits this motion for an order authorizing it to conduct an examination of the Debtors, and to seek discovery from the Debtors as well as certain third parties pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. By this motion, the Committee seeks to take discovery of the Debtors, members of the Rubin family that are employed by the Debtors, related non-Debtor Rubin entities, and the Debtors' outside accountants and auditors.

3. The purpose of this discovery is to address the massive change in inventory valuation that the Debtors disclosed to their lenders in June 2018 and purport to have only discovered in April 2018. As the Debtors described in the Declaration of Scott Avila in Support of Chapter 11 Petitions and First Day Motions (Index No. 18-13359, ECF No. 002), in April 2018, they "discovered a significant discrepancy in [the Debtors'] inventory as part of the preparation of the 2017 year-end and quarterly financials." Avila Dec. ¶ 36. According to the Senior Lenders (as that term is defined in paragraph 19 of the Avila Declaration), who have been conferring with the Debtors since June 2018, the change in asset value was more than $70 million, and despite months of effort to understand why the inventory was overstated by that amount, the Senior Lenders never received a satisfactory explanation. To the contrary, the Senior Lenders' discussions with the Debtors have left the Senior Lenders with "serious questions" about "management's competence and honesty." Omnibus Reply of the Senior Lenders to Objections to the Debtors' Cash Collateral Motion dated Nov. 28, 2018 ¶ 19 (Index No. 18-13359, ECF No. 208) (the "Lenders' Reply").

4. Since the Committee was formed on November 19, 2018, the Committee, through its counsel, has also sought to understand the cause of the Debtors' massive change in inventory

value. The Committee has sought to understand when the overstatement of the inventory began, by how much it was overstated, and whether the overstatement of the inventory value was the result of an innocent misapplication of accounting estimates, or deliberate misconduct, including fraud.

5. To answer these questions, the Committee's financial advisor has conferred with the Debtors' Chief Restructuring Officer and the Senior Lenders' financial advisor. The Committee's counsel has also conferred with Debtors' counsel, the Debtors' Chief Restructuring Officer, and the Senior Lenders' counsel.

6. In addition, earlier this week, the Committee's counsel and financial advisor traveled to Miami for further meetings with Debtors' counsel and the Debtors' Chief Restructuring Officer. Debtors' counsel also arranged for the Committee's counsel and financial advisor to meet with the Debtors' CEO, CFO and certain additional employees, to inquire further about the inventory overstatement. The Committee appreciates the Debtors' cooperation, and will continue to avail itself of the Debtors' cooperation, but still needs answers to when the overstatement began, why, and by how much.

7. These questions are important because it is likely that the Debtors have been insolvent for as long as the inventory has been overstated by a material amount; and if the Debtors have been insolvent for a long time, then it is necessary to identify all of the transfers for less than reasonably equivalent value, which should then be restored to the Debtors' estate as constructive fraudulent conveyances.

8. To date, the Senior Lenders have already identified tens of millions in transfers that are likely to be fraudulent conveyances. For example, according to the Senior Lenders, the Rubin family members have received more than $40 million in compensation in the time since

the Debtors became insolvent.  *See* Lenders' Reply ¶ 21.

9.     These are the present subjects of the Committee's proposed Rule 2004 investigation.  But the Company's multiyear overstatement of its inventory and the apparent weak controls over financial reporting require further verification of the reliability of the Company's financial statements.  The Committee also continues to investigate other allegations of misconduct by the Debtors and may need to expand the scope of its investigation, with the Court's permission.

10.    For these reasons, and as set forth in greater detail in the next section, the Committee seeks document discovery of the Debtors, the members of the Rubin family, and related Rubin entities.  The Committee also seeks discovery of the firms responsible for preparing and auditing the Debtors' financial statements, which included the Debtors' unreliable inventory valuations.

**RELIEF REQUESTED**

12.    For the foregoing reasons, the Committee seeks an order pursuant to Rule 2004, substantially in the form of the Proposed Order attached to this Motion as Exhibit A, authorizing it to serve document and deposition subpoenas on representatives of the Debtors, members of the Rubin Family who were employed by the Debtors, related Rubin entities, and the accounting firms who have been responsible for the Debtors' financial reporting, Maria I. Machado, P.A., Crowe LLP, and EisnerAmper LLP.

**BASIS FOR RELIEF REQUESTED**

11.    Rule 2004 permits any party in interest to request that the Court "order the examination of any entity," and compel the entity's production of documents, with respect to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. Proc.

2004(a) and (b).  Rule 2004 assists parties in interest "in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."  *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).  It enables discovery "to determine the extent of the estate's assets and to recover those assets for the benefit of creditors."  *In re Madison Williams & Co., LLC¸* No. 11-15896, 2014 WL 56070, at *3 (Bankr. S.D.N.Y. Jan. 7, 2014).

12. The scope of discovery under Rule 2004 is "very broad," permitting "great latitude of inquiry."  *In re Madison Williams*, 2014 WL 56070, at *3 (quoting *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

13. The scope of Rule 2004 discovery is "broader than discovery allowed under the Federal Rules of Civil Procedure," and "may be in the nature of a 'fishing expedition.'"  *In re Hughes*, 281 B.R. 224, 226 (Bankr. S.D.N.Y. 2002); *see also Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re: Bernard L. Madoff)*, No. 09-11893 (SMB), 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

14. The Committee is a party in interest entitled to invoke Rule 2004, because it is expressly authorized to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan."  11 U.S.C. § 1103(c)(2).

15. Based on the facts set forth above, the Committee respectfully requests the Court's permission to undertake the investigation it requests.  Nine months after the Debtors supposedly uncovered the inventory overstatement and six months after they disclosed the

discrepancy to the Senior Lenders, there are fundamental questions about the origins and duration of the overstatement as well as who is responsible for it.  The answers to those questions may result in substantial claims for the benefit of the estate, including claims for constructive fraudulent conveyance that may be worth tens of millions of dollars.

## NO PRIOR REQUEST

16.    No prior request of the relief sought in this Motion has been made to this or any other Court.

## NOTICE

17.    The Committee has provided notice of this motion by e-filing it and by causing the Debtors' claims agent, Donlin Recano, to serve the parties listed in paragraph 8 of the Case Management Order (Index No. 18-13359, ECF No. 055).  The Committee has also provided notice of this motion to the parties from whom it intends to take discovery.

## RESERVATION OF RIGHTS

18.    The Committee and its members reserve all their respective rights, including without limitation, the right to supplement this motion, to seek additional discovery, to add additional parties, or to assert additional grounds for granting this motion during any hearing on the motion.

## CONCLUSION

19.    The Committee respectfully requests that the Court grant the Committee's motion to conduct an examination pursuant to Rule 2004 and enter an order substantially in the form annexed hereto as Exhibit A.

| | |
|---|---|
| Dated: December 14, 2018<br>New York, New York | **COOLEY LLP**<br><br>/s/ Ian Shapiro<br>Seth Van Aalten<br>Ian Shapiro<br>Robert Winning<br>Nicholas Flath<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Tel.: 212-479-6000<br>Fax: 212-479-6275<br>svanaalaten@cooley.com<br>ishapiro@cooley.com<br>rwinning@cooley.com<br>nflath@cooley.com<br>*Proposed Counsel for the Official*<br>*Committee of Unsecured Creditors* |