Response Deadline: January 2, 2019 at 5:00 p.m. (ET)
Hearing Date: January 9, 2019 at 10:00 a.m. (ET)

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Seth Van Aalten
Robert Winning
Sarah Carnes
Summer McKee

*Proposed Counsel for*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
                                                                :
In re:                                                          :    Chapter 11
                                                                :
Republic Metals Refining Corporation, *et al.*[1]               :    Case No. 18-13359 (shl)
                                                                :
               Debtors.                                         :    (Jointly Administered)
                                                                :
--------------------------------------------------------------- x

**NOTICE OF HEARING ON THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF COOLEY LLP AS COUNSEL
*NUNC PRO TUNC* TO NOVEMBER 19, 2018**

    **PLEASE TAKE NOTICE** that on **January 9, 2019 at 10:00 a.m. (ET)**, or as soon

thereafter as counsel may be heard, a hearing on the Official Committee of Unsecured Creditors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), and Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegaci6n Cuauhtemoc, Mexico DF 6000 (2942).

(the "Committee") Application for an Order Authorizing Employment and Retention of Cooley

LLP as counsel *Nunc Pro Tunc* to November 19, 2018 (the "Application") will be held before

the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States

Bankruptcy Court for the Southern District of New York (the "Court"), One Bowling Green,

New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Application: (i) must

be in writing; (ii) shall conform to the Federal Rules of Bankruptcy Procedure, the Local Rules

and the *Order Establishing Certain Notice, Case Management and Administrative Procedures*

(the "Case Management Order") [Docket No. 55]; (iii) set forth the name of the responding

party, the basis for the response and the specific grounds thereof; and (iv) be filed with the Court

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Court's case filing system and, by all other

parties in interest, on a 3.5 inch floppy disk, CD-ROMs, and 100 MB Zip Disks in either PDF or

WordPerfect format. Further, pursuant to Local Bankruptcy Rule 9070-1 and the Case

Management Order, at least one hard copy, marked "***Chambers Copy***", be delivered directly to

the chambers of the Honorable Sean Lane, and shall be served upon: (i) the Debtors, c/o

Republic Metals Refining Corporation, (Attn: Scott Avila); (ii) the attorneys for the Debtors,

Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and

98 Southeast Seventh Street, Suite 1100, Miami, FL 3313 (Attn: Andrea S. Hartley, Esq. and

Katherine C. Fackler, Esq.); (iii) the Office of the United States Trustee for the Southern District

of New York (the "U.S. Trustee"), U.S. Federal Office Building, 201 Varick Street, Suite 1006,

New York, New York 10014 (Attn: Shannon Scott, Esq.); (iv) the attorneys for the Committee,

Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Seth Van Aalten,

Esq.); (v) counsel to any other statutory committee appointed in the Chapter 11 Cases (collectively, the "Standard Parties"); (vi) any person or entity with a particularized interest in the subject matter of a certain document (each, an "Affected Party"); and (vii) any persons who have filed a request for notice in the above captioned cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, so as to be filed and received by no later than **January 2, 2019 at 5:00 p.m. (ET)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that, if no responses are timely filed and served with respect to the Application, the Committee may, on or after the Response Deadline, submit to the Court an order, substantially in the form of the proposed order annexed to the Application, for which the order may be entered with no further notice or opportunity to be heard.

Dated:    December 19, 2018
      NEW YORK, NEW YORK        **COOLEY LLP**

       */s/ Seth Van Aalten*
       Seth Van Aalten
       Robert Winning
       Sarah Carnes
       Summer McKee
       1114 Avenue of the Americas
       New York, New York 10036
       Telephone: (212) 479-6000
       Facsimile: (212) 479-6275
       Email: svanaalten@cooley.com;
             rwinning@cooley.com;
             scarnes@cooley.com;
             smckee@cooley.com

       *Proposed Counsel for the Official*
       *Committee of Unsecured Creditors*

**Response Deadline: January 2, 2019 at 5:00 p.m. (ET)**
**Hearing Date:  January 9, 2019 at 10:00 a.m. (ET)**

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Seth Van Aalten
Robert Winning
Sarah Carnes
Summer McKee

*Proposed Counsel for*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ------------------------------------------------------------- x | |
| In re: | Chapter 11 |
| Republic Metals Refining Corporation, *et al.*[1] | Case No. 18-13359 (shl) |
| Debtors. | (Jointly Administered) |
| ------------------------------------------------------------- x | |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF COOLEY LLP AS COUNSEL *NUNC PRO TUNC***
**TO NOVEMBER 19, 2018**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), and Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833) (collectively, the "Original Debtors"), as well as: Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegaci6n Cuauhtemoc, Mexico DF 6000 (2942) (collectively, the "Additional Debtors").

The Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases of the above-captioned debtors and debtors-in-possession (collectively the "Debtors") hereby files this application (this "Application") for an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Cooley LLP ("Cooley") as its counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "U.S. Trustee Guidelines").   In support of the Application, the Committee relies upon and incorporates by reference the (i) *Declaration of Seth Van Aalten in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Cooley LLP as Counsel* Nunc Pro Tunc *to November 19, 2018* (the "Van Aalten Declaration"), attached hereto as **Exhibit B**, and (ii) *Declaration of Delaney Fisher, Chairperson of the Committee, in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Cooley LLP as Counsel* Nunc Pro Tunc *to November 19, 2018* (the "Fisher Declaration"), attached hereto as **Exhibit C**.   In further support of the Application, the Committee respectfully represents:

## **JURISDICTION**

1.      Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein.   A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper before this Court pursuant to 28

192206881 v3

U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein is section 1103(a) of the Bankruptcy Code.  Relief is also proper pursuant to Bankruptcy Rule 2014 and the Local Rules.

## **BACKGROUND**

2.      On November 2, 2018 (the "Petition Date"), each of the Original Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Original Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 8, 2018, the Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases [D.I. 44].

3.      On November 19, 2018, the Office of the United States Trustee (the "U.S. Trustee") for Region 2 appointed the Committee, consisting of the following seven members: (i) Coeur Rochester, Inc. c/o Coeur Mining, Inc.; (ii) Bayside Metal Exchange; (iii) So Accurate Group Inc.; (iv) Cyber-Fox Trading, Inc.; (v) Minera Triton Argentina S.A.; (vi) Pyropure Inc. d/b/a Pyromet; and (vii) Minera Real de Ora S.A. de C.V.  That same day, the Committee selected Cooley as its proposed counsel, and CBIZ, Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. (collectively "CBIZ") as its proposed financial advisor.

4.      On November 21, 2018, the Additional Debtors filed voluntary petitions for relief under the Bankruptcy Code, initiating their chapter 11 cases.

5.      No trustee or examiner has been appointed in these chapter 11 cases.

## **RELIEF REQUESTED AND REASONS THEREFOR**

6.      By this Application, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee requests entry of the proposed order attached hereto as

192206881 v3

**Exhibit A**, approving the employment and retention of Cooley, *nunc pro tunc* to November 19, 2018, as its counsel in connection with these chapter 11 cases.

7.      By separate application, the Committee is seeking to employ and retain CBIZ as its proposed financial advisor.

8.      In light of Cooley's expertise representing creditors' committees across a broad range of industries, it would be cost effective for the Committee to retain Cooley as its counsel. Cooley is well suited to represent the Committee, having represented official committees in cases such as Aerogroup, American Apparel, Avenue Stores, Big M, Blockbuster, Bob's Stores, Brookstone, City Sports, Charming Charlie, Claire's, Eddie Bauer, Edwin Watts, Federated Department Stores, Filene's Basement, Fresh Produce, Fuhu, Golfsmith, Gottschalk's, Great Lakes Comnet, Hancock Fabrics, KB Toys, KIT Digital, Magnetation, Marsh Supermarkets, Mervyn's, Midway Gold, Montgomery Ward, National Stores, Orchard Brands, Oriental Trading, PacSun, Pizzeria Uno, RadioShack, Ritz Camera, rue21, Sbarro, Signature Styles, SkyMall, Steve & Barry's, Sharper Image, The Athlete's Foot, The Wet Seal, Today's Man, Tower Records, True Religion, and Vertis Holdings, among many others.

9.      Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of Cooley as its counsel to, among other things:

(a)      Attend the meetings of the Committee;

(b)      Review financial and operational information furnished by the Debtors to the Committee;

(c)      Analyze and negotiate the budget and the terms of the Debtors' use of cash collateral;

(d)      Assist in the Debtors' efforts to sell their assets in a manner that maximizes value for creditors;

(e)      Review and investigate prepetition transactions in which the Debtors and/or their insiders were involved;

4

(f)     Assist the Committee in negotiations with the Debtors and other parties in interest on the Debtors' proposed chapter 11 plan and/or exit strategy for these cases;

(g)     Confer with the Debtors' management, counsel, and financial advisor and any other retained professional;

(h)     Confer with the principals, counsel and advisors of the Debtors' lenders and equityholders;

(i)     Review the Debtors' schedules, statements of financial affairs, and business plan;

(j)     Advise the Committee as to the ramifications regarding all of the Debtors' activities and motions before this Court;

(k)     Review and analyze the Debtors' financial advisors' work product and report to the Committee;

(l)     Investigate and analyze certain of the Debtors' prepetition conduct, transactions, and transfers;

(m)    Provide the Committee with legal advice in relation to the chapter 11 cases;

(n)     Prepare and file various pleadings on behalf of the Committee; and

(o)     Perform such other legal services for the Committee as may be necessary or proper in these proceedings.

8.      Cooley has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, U.S. Trustee Guidelines and any administrative compensation order entered in these cases.  The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants, and staff who provide services to the Committee. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

192206881 v3

9.    The current hourly rates of the Cooley professionals anticipated to be primarily staffed on this matter are set forth in the chart below.

| Attorney | Status | Hourly Rate |
|----------|--------|-------------|
| Seth Van Aalten | Partner | $940 |
| Robert Winning | Associate | $900 |
| Sarah Carnes | Associate | $710 |
| Summer McKee | Associate | $710 |
| Joseph Brown | Associate | $555 |
| David Fleischer | Paralegal | $415 |
| Mollie Canby | Paralegal | $255 |

10.    Consistent with the firm's policy with respect to its other clients, Cooley will charge the Committee for all charges and disbursements incurred in rendering services to the Committee.  These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings.  Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged for separately.

11.    Based upon the Van Aalten Declaration, filed contemporaneously herewith, the Committee is satisfied that (i) Cooley represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates, (ii) Cooley has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, and (iii) Cooley has not been paid any retainer against which to bill fees and expenses.  To the best of the Committee's knowledge, Cooley has no connection with creditors or any other party in interest except as otherwise noted in the Van Aalten Declaration.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

12.      Cooley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Cooley also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in U.S. Trustee Guidelines, both in connection with this application and the interim and final fee applications to be filed by Cooley in these chapter 11 cases.

13.      The following is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:   No.

**Question**:   Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:   No.

**Question**:   If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:   Cooley did not represent the Committee in the 12 months prepetition. Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases or in their individual capacities.

**Question**:   Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

192206881 v3

Response: Yes. For the period from November 19, 2018 through February 28, 2019.

14.     The Committee requests approval of the employment of Cooley *nunc pro tunc* to November 19, 2018.  Such relief is warranted by the circumstances presented by these cases. The Committee's selection of Cooley on November 19, 2018 necessitated that Cooley immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtors' cases pending submission and approval of this Application.

## NOTICE AND PRIOR APPLICATION

10.     Notice of the instant Application is being given to (i) the U.S. Trustee; (ii) counsel for the Debtors; (iii) counsel for the Debtors' prepetition secured lenders; and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002.  The Committee respectfully submits that, in light of the nature of the relief requested, no further notice is necessary or required.  No prior application for the relief requested herein has been presented to this Court or any other court.

*[Remainder of page intentionally left blank.]*

8

WHEREFORE, the Committee hereby respectfully requests that it be authorized to retain and employ CBIZ, Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. as its financial advisor *nunc pro tunc* to November 19, 2018, and that CBIZ be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

Dated: December 14, 2018

Respectfully submitted,

The Official Committee of Unsecured Creditors
of Republic Metals Refining Corporation, *et al.*

**Minera Triton Argentina S.A.**
Committee Chairperson

By: /s/ _____
    Delaney Fisher

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                         :
In re:                                   :    Chapter 11
                                         :
Republic Metals Refining Corporation, et al.¹   :    Case No. 18-13359 (shl)
                                         :
              Debtors.                   :    (Jointly Administered)
                                         :
                                         :
------------------------------------------------------------- x
```

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
### OF COOLEY LLP AS COUNSEL FOR THE OFFICIAL
### COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application")² of the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order

authorizing the Committee to employ and retain Cooley LLP ("Cooley") as its counsel *nunc pro*

*tunc* to November 19, 2018, the date the Committee determined to employ Cooley as counsel in

these cases, pursuant to section 1103 of title 11 of the United States Code, Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern

District of New York; and upon the Declaration of Seth Van Aalten of Cooley LLP (the "Van

Aalten Declaration") attached to the Application as **Exhibit B**; and upon the Declaration of

Delaney Fisher, Chairperson of the Committee (the "Fisher Declaration") attached to the

Application as **Exhibit C**; and the Court having jurisdiction pursuant to sections 157 and 1334 of

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtemoc, Mexico DF 6000 (2942).

² Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and no further or other notice need by given; and the Court being satisfied, based on the representations made in the Application and the Van Aalten Declaration, that Cooley does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Cooley has been and is to be employed, and that Cooley is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the Court having determined that the relief sought in the Application is in the best interests of the Committee, the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Application and in the Van Aalten Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.    The Application is GRANTED to the extent set forth herein.

2.    In accordance with section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee is authorized to employ and to retain Cooley LLP as its counsel, *nunc pro tunc* to November 19, 2018, on the terms and conditions set forth in the Application and in the Van Aalten Declaration.

3.    Cooley shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, any order establishing procedures for interim compensation, and any fee and expense guidelines of this Court.

2

4.      Cooley will provide notice of any rate increases by notifying the Committee and filing a notice with the Court.  The Committee, the U.S. Trustee, and all parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      The Committee and Cooley are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2019
          New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

192206881 v3

## **EXHIBIT B**

**Van Aalten Declaration**

COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Seth Van Aalten
Robert Winning
Sarah Carnes
Summer McKee

*Proposed Counsel for*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
In re:                                                        :    Chapter 11
                                                              :
Republic Metals Refining Corporation, *et al.*[1]             :    Case No. 18-13359 (shl)
                                                              :
                    Debtors.                                  :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**DECLARATION OF SETH VAN AALTEN OF COOLEY LLP IN SUPPORT OF**
**APPLICATION TO RETAIN AND EMPLOY COOLEY LLP AS COUNSEL TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF REPUBLIC METALS**
**REFINING CORPORATION, *ET AL., NUNC PRO TUNC* TO NOVEMBER 19, 2018**

I, Seth Van Aalten, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney at law and a partner of the law firm of Cooley LLP ("Cooley").  I

make this declaration pursuant to section 1103 of chapter 11 of title 11 of the United States Code

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegaci6n Cuauhtemoc, Mexico DF 6000 (2942).

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the accompanying application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Republic Metals Refining Corporation, *et al.*, to employ and retain Cooley as its counsel.

2.       Cooley is a law firm of approximately 900 attorneys with a New York office located at 1114 Avenue of the Americas, New York, New York 10036-7798.

3.       Subject to this Court's approval, Cooley proposes to provide legal services to the Committee, at the rates approved by the Court, in compliance with section 1103 of the Bankruptcy Code.  Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Cooley's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## COOLEY'S DISCLOSURE PROCEDURES

4.       Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtors in matters unrelated to the Debtors.  Cooley has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases.

5.       In order to prepare this declaration, Cooley compared the Debtors' bankruptcy petitions, consolidated list of top 30 unsecured creditors, list of secured creditors, and other parties in interest with the information contained in the conflict check systems and adverse party

indexes currently maintained by Cooley (collectively, the "Conflict Check System").  A list of entities searched is attached hereto as **Schedule A**.

6.      The facts stated in this declaration as to the relationship between Cooley lawyers on one hand, and the Debtors, the Debtors' creditors and other parties in interest are based upon the results of the review of the Conflict Check System.  To the extent that the firm discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

7.      The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the firm's business.  These procedures are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, to include and record the identity of related parties, adverse parties, and the attorney in the firm that is knowledgeable about the matter.  It is Cooley's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.  As a partner of the firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

## COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN
## MATTERS UNRELATED TO THESE CHAPTER 11 CASES

8.      Any client connections with regard to which Cooley had represented the client within the past three years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

9.      To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest.

10.     No attorney at Cooley is or has served as an officer, director, or employee of the Debtors.

11.     No attorney at Cooley is in control of the Debtors or is a relative of a general partner, director, officer, or person in control of the Debtors.

12.     No attorney at Cooley is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

13.     No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

14.     No attorney at Cooley has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

15.     Cooley currently represents Mitsubishi Corporation and Mitsubishi Aircraft Corporation, affiliates of Mitsubishi International Corporation, a purportedly secured creditor of the Debtors, in four (4) matters wholly unrelated to the Debtors or these chapter 11 cases. Since

4

2016, Cooley's fees for representing affiliates of Mitsubishi International Corporation represent less than one tenth of one percent of Cooley's total receipts. Cooley is currently adverse to twelve (12) other affiliates of Mitsubishi International Corporation in twenty-three (23) other matters wholly unrelated to the Debtors or these chapter 11 cases. I do not believe Cooley's relationship with or representations of these affiliates creates a conflict, but have disclosed the connections out of an abundance of caution.

16.    Cooley may also represent in the future Committee members and/or their affiliates in their capacities as members of creditors' committees appointed in other chapter 11 cases.

17.    No attorney at Cooley represents an insider of the Debtors, any subsidiary, or other affiliate.

18.    No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee, or other assurance of compensation for services performed and to be performed in these proceedings except as set forth herein.

19.    There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

20.    No attorney at Cooley has any other connection with the Debtors, their creditors, the U.S. Trustee, or any employee of that office, or any parties in interest in these proceedings.

21.    To the best of my knowledge, no attorney at Cooley is a relative of, currently has, or previously has had any connection with the bankruptcy judge approving the employment of Cooley as the Committee's counsel that would render the employment improper.

22.    To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

5

23.    Cooley will not, while employed by the Committee, represent any other entity having an adverse interest in connection with these chapter 11 cases.

## COOLEY'S RATES AND BILLING PRACTICES

24.    The legal services Cooley agreed to provide are detailed in the accompanying Application and the same is incorporated herein by reference.   The professionals who are presently contemplated to be working on this engagement and their present hourly rates are set forth in the accompanying retention application.   The attorney having primary responsibility on the engagement shall be affiant, a partner in the firm.

25.    Cooley's billing rates vary from attorney to attorney based on factors such as the attorney's seniority and position with the firm (*e.g.*, partner, of counsel, special counsel, associate), years of experience, and the demand for services in the attorney's particular area of expertise.   Cooley's billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.   Cooley endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with which it competes.

26.    The current hourly rates for the professionals who are presently contemplated to be working on this engagement are set forth in the accompanying retention application.   For professional services, fees are based on Cooley's standard hourly rates.   The proposed rates of compensation are subject to periodic adjustment and the Committee has been so advised.

27.    Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all charges and disbursements incurred in rendering services to the Committee.   These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees

6

related to trials and hearings.  Internal costs or overhead cost (including regular secretarial and word processing time), will not be charged for separately.  Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

28.    Cooley did not receive a retainer with respect to this representation.

**ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

29.    Cooley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Cooley also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this application and the interim and final fee applications to be filed by Cooley in these chapter 11 cases.

30.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, |

192206881 v3

including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:     Cooley did not represent the Committee in the 12 months prepetition. Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases or in their individual capacities.

**Question:**    Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:     Yes. For the period from November 19, 2018 through February 28, 2019.

31.     Cooley agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with these proceedings and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court.  Cooley realizes that any application for fees must be supported by detailed contemporaneous time records.  Cooley also understands that this Court's approval of its retention application is not approval of any proposed terms of compensation and that this Court may allow compensation on terms different from those proposed.

32.     Cooley will abide by the terms of any administrative order establishing professional compensation and reimbursement procedures entered in these cases.

33.     The foregoing constitutes the statement of Cooley pursuant to sections 504 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York                    _/s/ Seth Van Aalten_____
        December 18, 2018                      Seth Van Aalten

# SCHEDULE A
## Potential Parties-in-Interest

*Potential Parties-in-Interest*

Bank Leumi USA

Woodforest National Bank

Techemet Metal Trading LLC

ICBC Standard Bank Plc

Mitsubishi International Corporation

Bank Hapoalim B.M.

Brown Brothers Harriman & Co.

Cooperatieve Rabobank U.A.

Amended and Restated Richard Rubin Revocable Trust

Republic Carbon Company, LLC

Republic Metals Corporation

Republic Metals Refining Corporation

DK Bullion Pte. Ltd.

American Precious Metals Exchange, Inc.

Standard Bank Plc Client

Wharf Resources U.S.A. Inc.

Prince & Izant

QML, Inc.

Export Gold S.A.

General Refining & Smelting Corporation

Don David Gold México SA de CV

SK Bullion Pte. Ltd.

Oxidos de Pasco S.A.C.

Compania Minera Dolores, S.A. de C.V.

Horizon Metals

Compania Minera Pitalla, S.A. de C.V.

Bayside Metal Exchange

Nusantara de México, S.A. de C.V.

MID-STATES RECYCLING

SO Accurate Group, Inc.

Minera Santa Rita, S. de R.L. de C.V.

EZPAWN

Coeur Rochester, Inc.

Midwest Refineries

Geib Refining Corporation

Minera Triton Argentina S.A.

Karkour Fine Jewelry Inc.

Minera Real Del Oro, S.A. de C.V.

Pretium Exploration Inc.

Minera Santa Cruz S.A.

S & S Metal Group

Primero Empresa Minera, S.A. de C.V.

Premier Gold Mines Limited

Estelar Resources Limited S.A.

Erie Management Partners

APMEX, Inc.

Sumitomo Metal Mining Co., Ltd.

Coeur Mexicana SA de CV

Laurelton Sourcing LLC

UL LLC

R&R Metals, LLC

J&L Republic, LLC

RMC2

RMC Diamonds, LLC

Republic High Tech Metals

Republic Shanghai

Maria I. Machado, P.A.

Crowe Horwath LLP

EisnerAmper LLP

William K. Harrington

Honorable Sean H. Lane

**<u>Exhibit C</u>**

**<u>Declaration of Delaney Fisher</u>**

**COOLEY LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Seth Van Aalten
Robert Winning
Sarah Carnes
Summer McKee

*Proposed Counsel for*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
                                                              :
In re:                                                        :    Chapter 11
                                                              :
Republic Metals Refining Corporation, *et al.*[1]             :    Case No. 18-13359 (shl)
                                                              :
              Debtors.                                        :    (Jointly Administered)
                                                              :
                                                              :
-------------------------------------------------------------- x

**DECLARATION OF DELANEY FISHER, CHAIRPERSON OF THE COMMITTEE, IN
SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF COOLEY LLP AS COUNSEL
*NUNC PRO TUNC* TO NOVEMBER 19, 2018**

I, Delaney Fisher, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), and Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833) (collectively, the "Original Debtors"), as well as: Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegaci6n Cuauhtemoc, Mexico DF 6000 (2942) (collectively, the "Additional Debtors").

1.      My name is Delaney Fisher.  I am over the age of 21 and am competent in all respects to make this declaration (the "Declaration").  I am the representative of Minera Triton Argentina S.A. in connection with the above-captioned chapter 11 cases and serve as Chairperson of Official Committee of Unsecured Creditors (the "Committee") of Republic Metals Refining Corporation and its affiliated debtors (collectively, the "Debtors").  I make this declaration in support of the Committee's application (the "Application")[2] to retain Cooley LLP ("Cooley") as counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Except as otherwise noted, I have personal knowledge as to all the information set forth below.

2.      This Declaration is provided pursuant to section D.2 of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Office of the United States Trustee (the "U.S. Trustee Guidelines").  I am informed by Cooley that the U.S. Trustee Guidelines require that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

a) The identity and position of the person making the verification.  The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

c) The number of firms the client interviewed.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routing matters, or in the alternative to delegate such matters to less expensive counsel.

### A.  Identity of Declarant

3.        On November 2, 2018 (the "Petition Date"), the Original Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. On November 19, 2018, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, consisting of the following seven members: (i) Coeur Rochester, Inc. c/o Coeur Mining, Inc.; (ii) Bayside Metal Exchange; (iii) So Accurate Group Inc.; (iv) Cyber-Fox Trading, Inc.; (v) Minera Triton Argentina S.A.; (vi) Pyropure Inc. d/b/a Pyromet; and (vii) Minera Real de Ora S.A. de C.V. On November 21, 2018, the Additional Debtors filed voluntary petitions for relief under the Bankruptcy Code, initiating their chapter 11 cases.

4.        As a member and Chairperson of the Committee, on behalf of Minera Triton Argentina S.A., I was represented at the meeting by my counsel who held a proxy for me and communicated with me during the counsel interview process, the result of which was the Committee's decision to retain Cooley as the Committee's counsel in these chapter 11 cases.

### B.  Steps Taken to Ensure Comparability of Engagement Terms

5.        According to the Declaration of Seth Van Aalten, while Cooley's billing rates vary from attorney to attorney based on factors such as the attorney's seniority and position with the firm (*e.g.*, partner, of counsel, special counsel, associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of

194171098 v2

whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

6.      The Committee has been informed that Cooley endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with which they compete.  The Committee has been advised that the material terms for the engagement are comparable to terms of other comparably skilled professionals.  The Committee agrees that the hourly billing rates of Cooley are appropriate in light of the breadth of its experience and areas of expertise.

### C.  Number of Firms Interviewed and Selection of Cooley as Lead Counsel

7.      While I was not present during this process, it is my understanding and I have been informed that: (i) on the day the Committee was formed, the Committee interviewed six law firms, including Cooley, that expressed interest in serving as counsel; (ii) during each interview, the Committee either sought or was furnished with information with respect to each of the firms' hourly rates  and experience; and (iii) the Committee selected Cooley to serve as counsel to the Committee based upon Cooley's expertise in chapter 11 cases, as described in further detail in the Application.

### D.  Other Circumstances Warranting Retention of Cooley

8.      It is my understanding that the Committee selected Cooley as its counsel because of the firm's extensive experience and knowledge in the fields of creditors' rights, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, particularly in the context of reorganizations, asset sales, and liquidations.

### E.  Procedures Established to Supervise Fees and Expenses and Manage Costs

9.      Throughout these cases, the Committee will supervise the fees and expenses incurred by Cooley and, to manage costs, will require that Cooley provide all monthly fee

194171098 v2

statements to the Committee for review and that Cooley seek prior authorization before incurring any extraordinary fees or expenses. The Committee has been informed that Cooley historically increases the hourly billing rates for its professionals and para-professionals on an annual basis. The Committee has consented to such ordinary course rate increases with the proper notice before such an increase.

10.    Cooley has provided the Committee with a budget and staffing plan, which it has approved. Cooley has informed me that, if the Committee objects to the fees and expenses requested by Cooley in any monthly fee statement, and the objection cannot be resolved informally, Cooley will file a Notice of Objection to Fee Statement on the Committee's behalf. I understand that, in doing so, Cooley reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Committee reserves the right to retain conflicts counsel to prosecute any such fee objection if it cannot be resolved informally by the parties.

11.    Based on the foregoing, the Committee is of the opinion that it is appropriate to employ Cooley and that such employment is in the best interest of the Debtors' estates.

I declare under penalty of perjury that the foregoing is true and correct.


Date: December _19_, 2018

/s/ _____
Delaney Fisher
Minera Triton Argentina S.A.

Chairperson for the Official Committee of
Unsecured Creditors of Republic Metal
Refining Corporation, *et al.*

5

194171098 v2