COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Seth Van Aalten
Robert Winning
Sarah Carnes
Summer McKee

*Proposed Counsel for*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re:                                                           :   Chapter 11
                                                                 :
Republic Metals Refining Corporation, *et al.*[1]                :   Case No. 18-13359 (shl)
                                                                 :
                  Debtors.                                       :   (Jointly Administered)
                                                                 :
---------------------------------------------------------------- x

# AMENDED[2] DECLARATION OF SETH VAN AALTEN OF COOLEY LLP IN SUPPORT OF APPLICATION TO RETAIN AND EMPLOY COOLEY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF REPUBLIC METALS REFINING CORPORATION, *ET AL.*, *NUNC PRO TUNC* TO NOVEMBER 19, 2018

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 N.W. 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegaci6n Cuauhtemoc, Mexico DF 6000 (2942).

[2] On December 19, 2018, Cooley filed the *Declaration of Seth Van Aalten in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Cooley LLP as Counsel* Nunc Pro Tunc *to November 19, 2018* (the "Declaration") as **Exhibit B** to the Application (as defined below). In response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines, the Declaration incorrectly stated that Cooley LLP has represented the client in the 12 months prepetition. Cooley LLP files this amended declaration to correct that response.

192206881 v4

I, Seth Van Aalten, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at law and a partner of the law firm of Cooley LLP ("Cooley"). I make this declaration pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the accompanying application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Republic Metals Refining Corporation, *et al.*, to employ and retain Cooley as its counsel.

2. Cooley is a law firm of approximately 900 attorneys with a New York office located at 1114 Avenue of the Americas, New York, New York 10036-7798.

3. Subject to this Court's approval, Cooley proposes to provide legal services to the Committee, at the rates approved by the Court, in compliance with section 1103 of the Bankruptcy Code. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Cooley's completion of further review or as additional party-in-interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## COOLEY'S DISCLOSURE PROCEDURES

4. Cooley has in the past represented, currently represents, and may in the future represent entities that are claimants of the Debtors in matters unrelated to the Debtors. Cooley has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations. Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending chapter 11 cases or to otherwise have interests in these cases.

5. In order to prepare this declaration, Cooley compared the Debtors' bankruptcy petitions, consolidated list of top 30 unsecured creditors, list of secured creditors, and other parties in interest with the information contained in the conflict check systems and adverse party indexes currently maintained by Cooley (collectively, the "**Conflict Check System**"). A list of entities searched is attached hereto as **Schedule A**.

6. The facts stated in this declaration as to the relationship between Cooley lawyers on one hand, and the Debtors, the Debtors' creditors and other parties in interest are based upon the results of the review of the Conflict Check System. To the extent that the firm discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

7. The Conflict Check System is a computerized database of current and former clients and adverse and related parties that are regularly maintained and updated in the course of the firm's business. These procedures are designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, to include and record the identity of related parties, adverse parties, and the attorney in the firm that is knowledgeable about the matter. It is Cooley's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information. The scope of the system is a function of the completeness and accuracy of the information submitted

by the attorney opening a new matter. As a partner of the firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

### COOLEY'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

8.  Any client connections with regard to which Cooley had represented the client within the past three years were reviewed by an attorney working under my supervision and from such review it was determined that, in respect of each connection between Cooley and such parties, Cooley does not have an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

9.  To the best of my knowledge, no attorney at Cooley holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest.

10. No attorney at Cooley is or has served as an officer, director, or employee of the Debtors.

11. No attorney at Cooley is in control of the Debtors or is a relative of a general partner, director, officer, or person in control of the Debtors.

12. No attorney at Cooley is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

13. No attorney at Cooley is or has served as an officer, director, or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

14. No attorney at Cooley has represented a financial advisor of the Debtors in connection with the offer, sale, or issuance of a security of the Debtors.

192206881 v4

15. Cooley currently represents Mitsubishi Corporation and Mitsubishi Aircraft Corporation, affiliates of Mitsubishi International Corporation, a purportedly secured creditor of the Debtors, in four (4) matters wholly unrelated to the Debtors or these chapter 11 cases. Since 2016, Cooley's fees for representing affiliates of Mitsubishi International Corporation represent less than one tenth of one percent of Cooley's total receipts. Cooley is currently adverse to twelve (12) other affiliates of Mitsubishi International Corporation in twenty-three (23) other matters wholly unrelated to the Debtors or these chapter 11 cases. I do not believe Cooley's relationship with or representations of these affiliates creates a conflict, but have disclosed the connections out of an abundance of caution.

16. Cooley may also represent in the future Committee members and/or their affiliates in their capacities as members of creditors' committees appointed in other chapter 11 cases.

17. No attorney at Cooley represents an insider of the Debtors, any subsidiary, or other affiliate.

18. No attorney at Cooley has been paid fees prepetition or holds a security interest, guarantee, or other assurance of compensation for services performed and to be performed in these proceedings except as set forth herein.

19. There is no agreement of any nature, other than the Cooley partnership agreement, as to the sharing of any compensation to be paid to Cooley.

20. No attorney at Cooley has any other connection with the Debtors, their creditors, the U.S. Trustee, or any employee of that office, or any parties in interest in these proceedings.

21. To the best of my knowledge, no attorney at Cooley is a relative of, currently has, or previously has had any connection with the bankruptcy judge approving the employment of Cooley as the Committee's counsel that would render the employment improper.

22. To the best of my knowledge, no attorney at Cooley has any other interest, direct or indirect, that may be affected by the proposed representation.

23. Cooley will not, while employed by the Committee, represent any other entity having an adverse interest in connection with these chapter 11 cases.

## COOLEY'S RATES AND BILLING PRACTICES

24. The legal services Cooley agreed to provide are detailed in the accompanying Application and the same is incorporated herein by reference. The professionals who are presently contemplated to be working on this engagement and their present hourly rates are set forth in the accompanying retention application. The attorney having primary responsibility on the engagement shall be affiant, a partner in the firm.

25. Cooley's billing rates vary from attorney to attorney based on factors such as the attorney's seniority and position with the firm (*e.g.*, partner, of counsel, special counsel, associate), years of experience, and the demand for services in the attorney's particular area of expertise. Cooley's billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement. Cooley endeavors to set the hourly rates for its attorneys and paraprofessionals at levels competitive to those charged by firms with which it competes.

26. The current hourly rates for the professionals who are presently contemplated to be working on this engagement are set forth in the accompanying retention application. For

6

192206881 v4

professional services, fees are based on Cooley's standard hourly rates. The proposed rates of compensation are subject to periodic adjustment and the Committee has been so advised.

27. Consistent with the firm's policy with respect to its other clients, Cooley will continue to charge the Committee for all charges and disbursements incurred in rendering services to the Committee. These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings. Internal costs or overhead cost (including regular secretarial and word processing time), will not be charged for separately. Cooley shall at all times adhere to any local rule or chambers guidelines with respect to reimbursement of expenses.

28. Cooley did not receive a retainer with respect to this representation.

**ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

29. Cooley shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Cooley also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this application and the interim and final fee applications to be filed by Cooley in these chapter 11 cases.

30. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

7

192206881 v4

application and the interim and final fee applications to be filed by Cooley in these chapter 11 cases.

30. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:** Cooley ~~did~~has not ~~represent~~represented the Committee, or any member of the Committee, in the 12 months prepetition. ~~Cooley has in the past represented, currently represents, and may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases or in their individual capacities.~~

**Question:** Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

**Response:** Yes. For the period from November 19, 2018 through February 28, 2019.

31. Cooley agreed to provide legal services to the Committee and recognizes that any allowance of compensation for services rendered on behalf of the Committee in connection with these proceedings and any reimbursement of disbursements made in connection therewith are subject to the prior approval and authorization by order of this Court. Cooley realizes that any application for fees must be supported by detailed contemporaneous time records. Cooley also

8

192206881 v~3~4

33. The foregoing constitutes the statement of Cooley pursuant to sections 504 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York                     */s/ Seth Van Aalten*
December 20, 2018                              Seth Van Aalten

# SCHEDULE A
## Potential Parties-in-Interest

*Potential Parties-in-Interest*

Bank Leumi USA

Woodforest National Bank

Techemet Metal Trading LLC

ICBC Standard Bank Plc

Mitsubishi International Corporation

Bank Hapoalim B.M.

Brown Brothers Harriman & Co.

Cooperatieve Rabobank U.A.

Amended and Restated Richard Rubin Revocable Trust

Republic Carbon Company, LLC

Republic Metals Corporation

Republic Metals Refining Corporation

DK Bullion Pte. Ltd.

American Precious Metals Exchange, Inc.

Standard Bank Plc Client

Wharf Resources U.S.A. Inc.

Prince & Izant

QML, Inc.

Export Gold S.A.

General Refining & Smelting Corporation

Don David Gold México SA de CV

SK Bullion Pte. Ltd.

Oxidos de Pasco S.A.C.

Compania Minera Dolores, S.A. de C.V.

Horizon Metals

Compania Minera Pitalla, S.A. de C.V.

Bayside Metal Exchange

Nusantara de México, S.A. de C.V.

MID-STATES RECYCLING

SO Accurate Group, Inc.

Minera Santa Rita, S. de R.L. de C.V.

192206881 v4

EZPAWN

Coeur Rochester, Inc.

Midwest Refineries

Geib Refining Corporation

Minera Triton Argentina S.A.

Karkour Fine Jewelry Inc.

Minera Real Del Oro, S.A. de C.V.

Pretium Exploration Inc.

Minera Santa Cruz S.A.

S & S Metal Group

Primero Empresa Minera, S.A. de C.V.

Premier Gold Mines Limited

Estelar Resources Limited S.A.

Erie Management Partners

APMEX, Inc.

Sumitomo Metal Mining Co., Ltd.

Coeur Mexicana SA de CV

Laurelton Sourcing LLC

UL LLC

R&R Metals, LLC

J&L Republic, LLC

RMC2

RMC Diamonds, LLC

Republic High Tech Metals

Republic Shanghai

Maria I. Machado, P.A.

Crowe Horwath LLP

EisnerAmper LLP

William K. Harrington

Honorable Sean H. Lane

192206881 v4