John E. Mitchell (Admitted *Pro Hac Vice*)
Yelena Archiyan (Admitted in New York)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (Admitted *Pro Hac Vice*)
Joanne Gelfand (Admitted in New York)
Katherine C. Fackler (Admitted *Pro Hac Vice*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REPUBLIC METALS REFINING | ) |  |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

### ORDER (A) AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS AND INTERESTS; (B) SCHEDULING A SALE HEARING; (C) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF DEBTORS' ASSETS; (D) APPROVING THE FORM OF NOTICE FOR THE SALE OF DEBTORS' ASSETS; (E) APPROVING DEBTORS' SELECTION OF A STALKING HORSE BIDDER AND (F) GRANTING RELATED RELIEF

Upon the Debtors' Motion[2] (the "Motion") [Doc. No. 358] for entry of an Order: (I) authorizing and approving procedures for the sale of the Debtors' assets free and clear of all liens and interests; (II) scheduling a sale hearing; (III) approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the sale of Debtors' assets; (IV) approving the sale of the Debtors' property free and clear, and (V) approving form of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] All capitalized times not defined in this Order shall have the meanings ascribed to them in the Motion.

notice of sale, dated December 21, 2018, as supplemented by the Notice of Designation of

Stalking Horse Bidder [Doc. No. 380] (the "Stalking Horse Notice", and collectively with the

Motion, the "Motion"); notice of the Motion being proper and sufficient and all interested parties

having been afforded an opportunity to be heard with respect to the Motion; after a hearing

conducted on January 9, 2019, and upon review and consideration of the relief sought in the

Motion; and it appearing that the relief requested in the Motion is in the best interests of the

Debtors', their estates, creditors, and other parties in interest:

**THE COURT FINDS THAT:**

A.    The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of

fact constitute conclusions of law, they are adopted as such. To the extent any of the following

conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in

this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The bases for the relief requested in the Motion are: (i) sections 105, 363, and

365 of the Bankruptcy Code; (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014;

(iii) Local Rules 2002-1, 6004-1, 6006-1, and 9006-1(b), and (iv) the Sale Guidelines.

D.    Notice of the Motion has been given to: (i) the United States Trustee for the

Southern District of New York; (ii) counsel to the Committee; (iii) counsel for the Senior

Lenders; (iv) the Debtors' 30 largest unsecured creditors; (v) the United States Attorney's Office

for the Southern District of New York; (vi) the Internal Revenue Service; (vii) the office of the

attorneys general for the states in which the Debtors operate; (viii) all parties who have

expressed a written interest in some or all of the Assets; (ix) each governmental agency that is an interested party with respect to the Sale; (x) all parties which, to the best of the Debtors' knowledge, information, and belief, had asserted or then may have asserted a lien in any of the Debtors' Assets, (xi) all parties to executory contracts and unexpired leases proposed to be assumed and assigned, or rejected, as part of the proposed transaction; and (xii) all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rules 2002 and 9010(b).

E.    Notice of the Motion was adequate and sufficient under the circumstances of these cases, and such notice complied with all of the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Sale Guidelines.

F.    The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bid Procedures; (ii) approve the selection of Valcambi, SA, as Stalking Horse Bidder and the 3% break-up fee (the "Break-Up Fee") and Overbid requirements related thereto; (iii) schedule the Auction and Sale Hearing and approve the manner of notice of the Auction and Sale Hearing; and (iii) approve the Assumption and Assignment Procedures regarding the Contracts and Leases, including notice of proposed cure amounts. The relief granted herein is in the best interests of the Debtors, their estates and creditors, and other parties in interest.

G.    The Motion, this Order, and the Assumption and Assignment Procedures are reasonably calculated to provide counterparties to any Contracts and Leases to be assumed by the Debtors and assigned to the Successful Bidder with proper notice of the intended assumption and assignment of its Contracts, the procedures in connection therewith, and establishment of any cure amounts relating thereto.

H.      The Sale Notice, substantially in the form attached hereto as **Addendum 3**, is reasonably calculated to provide interested parties with timely and proper notice of the proposed sale, including, without limitation: (i) the date, time, and place of the Auction; (ii) the Bid Procedures; (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing; (iv) reasonably specific identification of the Assets[3] to be sold; (vi) a description of the Sale as being free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the Sale proceeds; (vii) notice of the proposed assumption and assignment of Contracts and Leases to the Successful Bidder, and (viii) no other or further notice of the Sale shall be required.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth in this Order, and solely with respect to establishment of the Bid Procedures.

2.      All objections to the relief requested in the Motion, with respect to establishment and approval of the Bid Procedures, that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion, are overruled.

3.      The Bid Procedures, substantially in the form attached hereto as **Addendum 1**, are approved in their entirety, and the Bid Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale or sales of the Assets. Any party desiring to bid on any of the Assets shall comply with the Bid Procedures and this Order. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

---

[3] While the Debtors do not presently intend to sell any inventory to Valcambi (or other winning bidder) pursuant to the Asset Purchase Agreement, the Debtors reserve their rights to determine to sell inventory upon appropriate notice to interested parties and Court approval.

4.      Stalking Horse.   Valcambi SA ("Valcambi") is approved as the stalking horse bidder.  Valcambi's opening bid of $16,000,000 shall serve as the opening bid at the Auction. Valcambi shall be entitled to the Break-Up Fee, of 3% of its opening bid, or $480,000, if it is not the successful bidder at the Auction.  Potential purchasers of the Assets must submit an initial minimum competing bid of at least $16,580,000, in order to be considered a "Qualified Bid." Subsequent minimum overbids at the Auction shall be in increments of $100,000.

5.      Bid Deadline. The deadline by which all bids for the Debtors' Assets must be *actually received* by the parties specified in the Bid Procedures is **January 28, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline").

6.      Auction. If multiple Qualified Bids are received by the Debtors on or before the Bid Deadline, then the Debtors shall conduct an auction on **January 31, 2019, at 1:00 p.m. (prevailing Eastern Time)** at the offices of **Akerman LLP, 666 Fifth Avenue, 20th Floor, New York, NY 10103**, or such later time on such day or other place as the Debtors shall notify the Noticed Parties.

7.      If the Debtors receive one or more Qualified Bids from Qualified Bidders, then the Debtors shall conduct the Auction in accordance with the Bid Procedures. Valcambi shall be deemed a qualified bidder.

8.      Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bid Procedures, the Auction shall be conducted openly, and the Auction shall be transcribed or videotaped.

9.      The Debtors, in consultation with the Consultation Parties, may (a) determine which Qualified Bid is the highest or otherwise best offer; (b) reject at any time before entry of an Order of the Bankruptcy Court approving the Successful Bid, any Bid that, in the discretion of

the Debtors, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bid Procedures, or (iii) contrary to the best interests of the Debtors' estate and their creditors; and (c) at or before the conclusion of the Auction, may impose such other terms and conditions upon Qualified Bidders as the Debtors, in consultation with the Consultation Parties, determine to be in the best interests of the Debtors' estate in this cases.

10.     Sale Objection Deadline. Objections, if any, to the Sale must be made **on or before February 6, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline"). Objections must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be *actually received* no later than the Sale Objection Deadline by the following parties: (i) counsel to the Debtors; (ii) proposed counsel to the Committee; (iii) the United States Trustee; and (iv) counsel to the Senior Lenders.

11.     A party's failure to timely file or make an objection in accordance with this Order by the Sale Objection Deadline shall forever bar the assertion of any objection to the Motion, entry of the Sale Order, and/or consummation of the Sale with the Successful Bidder, including the assumption and assignment of any Contracts or Leases to the Successful Bidder pursuant to the applicable Purchase Agreement, and shall be deemed to constitute any such party's consent to entry of the Sale Order and consummation of the Sale and all transactions related thereto, including, without limitation, such assumption and assignment.

12.     The Sale Hearing shall commence on **February 13, 2019 at 11:00 a.m (prevailing Eastern Time)** before the Honorable Sean H. Lane at Courtroom No. 701, United States Bankruptcy Court, One Bowling Green, New York, New York 10004. Upon entry of this Order, the Debtors are authorized to perform any obligations of the Debtors set

forth in any applicable asset purchase agreement that are intended to be performed prior to the Sale Hearing or entry of the Sale Order. The Sale Hearing may be adjourned by the Debtors by announcement in open Court or on the Court's calendar without any further notice required.

13.    The Assumption and Assignment Procedures as set forth in the Motion and herein are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Assumption and Assignment Procedures. The Form Assignment Notice attached hereto as **Addendum 2** is hereby approved as sufficient.

14.    The following Assumption and Assignment Procedures shall govern the assumption and assignment of the Assumed Contracts and Assumed Leases in connection with the Sale of the Purchased Assets to the Successful Bidder:

    a. Not later than fourteen (14) days prior to the Sale Hearing (as may be adjourned from time to time), the Debtors shall file with the Court a list (the "Cure Schedule") identifying such contracts and leases which may constitute Assumed Contracts and Assumed Leases in connection with the Sale and the amounts necessary to cure defaults and/or provide compensation or adequate assurance of compensation for actual pecuniary loss resulting from a default at the time of assumption as determined by the Debtors (such amounts, "Cure Payment Liability"), with the Purchaser to pay any such Cure Payment Liabilities for any Assumed Contracts and any Assumed Leases. The Debtors shall serve all counterparties to such contracts and leases with the Assignment Notice, specifically stating that the Debtors are or may be seeking the sale, assumption and assignment of such contracts and leases and notifying such parties of the deadline for objecting (a "Cure/Assignment Objection") to the amount of any Cure Payment Liability related thereto, which deadline shall be three (3) business days prior to the Sale Hearing, so as to enable any such party to object to the proposed Cure Payment Liability and the Court to determine such Cure Payment Liability as promptly as is reasonably possible.

    b. In cases in which the Debtors are unable to establish that a default exists, the relevant Cure Payment Liability shall be set at $0.00 in the Assignment Notice.

    c. Notwithstanding anything herein to the contrary, the Debtors may, from time to time, modify the Cure Schedule to add or remove a contract or lease, counterparty, or to modify the proposed Cure Payment Liability with respect to any counterparty. The non-Debtor counterparty to any such contract or lease will be provided written notice of any such modification and at least fourteen (14) days advance notice of its deadline to object to such

modification, and the Debtors will seek to set any such objection for hearing before the Court as promptly as is reasonably possible.

15.    Objections to any cure amount proposed by the Debtor in the Cure Schedule, except as such schedule may be modified subsequent to the Auction, in connection with the Assumption and Assignment Procedures shall be filed on or before **February 8, 2019 at 4:00 p.m. (prevailing Eastern Time)**. A hearing on any such objections shall take place on **February 13, 2019 at 11:00 a.m. (prevailing Eastern Time)** in conjunction with the Sale Hearing.

16.    The form of Sale Notice attached hereto as **Addendum 3** is hereby approved as sufficient.

17.    Within two (2) business days after entry of this Order, the Debtors' Claims Agent: (a) shall provide a copy of the Sale Notice and this Order by first class mail to (i) the Notice Parties, (ii) each counterparty to an executory contract with the Debtor; (iii) each party identified by SSG or otherwise known to Debtors to be interested in purchasing all, or any portion of, the Assets; and (iv) all known creditors of the Debtors.

18.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable.

20.    This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the Bid Procedures, the Assumption and Assignment Procedures, and this Order. To the extent any provisions of this Order are inconsistent with the Motion, the terms of this Order shall control.

21.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     The Debtors are not required to comply with any state or local bulk transfer laws or requirements in connection with the Sale.

23.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the Debtors' estates.

24.     To the extent any of the deadlines set forth in this Bid Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bid Procedures Order shall govern.

Dated: January 11, 2019           ***/s/ Sean H. Lane***
     New York, New York        Honorable Sean H. Lane
                               United States Bankruptcy Judge

## BID PROCEDURES

### I.      Overview.

As contemplated by the Bid Procedures Order dated January__ , 2019 (A) authorizing and approving procedures for the sale of the Debtors' assets free and clear of all liens and interests (the "Bid Procedures"), including scheduling an auction (the "Auction") at which Republic Metals Corporation, Republic Metals Refining Corporation, Republic Carbon Company, J&L Republic LLC, R&R Metals, LLC, RMC Diamonds, LLC, RMC2, LLC, Republic High Tech Metals, LLC, and Republic Trans Mexico Metals, SRL, as debtors and debtors in possession (collectively, "Sellers" or "Debtors"), (B) scheduling a sale hearing, (C) approving procedures for assumption and assignment of executory contracts and unexpired leases in connection with the sale of the Debtors' Assets; (D) approving the form of notice for the sale of the Debtors' Assets; (E) Approving the Debtors' selection of a stalking horse bidder (the "Stalking Horse Bidder"); and (F) granting related relief as requested therein (the "Bid Procedures Order") [Docket No.   ][1], the Debtors will solicit higher and better offers in connection with the sale of the Assets, Assumed Liabilities, and Assigned Contracts and Leases. The following Bid Procedures shall be the exclusive mechanism governing the Auction.

The Sellers contemplate the sale (the "Sale") of substantially all of their assets (other than inventory), including, without limitation, all furniture, fixtures, equipment, tools, supplies, computers, phone systems, vehicles, trademarks, trade secrets, goodwill, assignable permits and licenses and other tangible and intangible personal property of the Sellers and the real estate and fixtures located at 12800 NW 38 Avenue, Opa Locka, FL  33054 (collectively, the "Assets"), the assumption of certain liabilities of the Sellers (collectively, the "Assumed Liabilities"), and the assumption and assignment

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order.

of certain executory contracts and unexpired leases, to include all leasehold rights of Sellers with respect to properties (collectively, the "Assigned Contracts and Leases"), all such Assets, and Assigned Contracts and Leases to be conveyed free and clear of all liens, claims, encumbrances and interest, other than Assumed Liabilities and Permitted Encumbrances and as may otherwise be provided for in the Asset Purchase Agreement (the "APA"), pursuant to sections 363 and 365 of the Bankruptcy Code.   The proposed transaction is subject to the approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").    Qualified Bidders (as defined below) may submit bids for all, substantially all, or certain of the Assets.

(a)    Stalking Horse Bidder

Valcambi SA ("Valcambi") is approved as the stalking horse bidder.  Valcambi's opening bid of $16,000,000 shall serve as the opening bid at the Auction.  Valcambi shall be entitled to a break-up fee of 3% of its opening bid, or $480,000, if it is not the successful bidder at the Auction.  Potential purchasers of the Assets must submit an initial minimum overbid of at least $16,580,000, in order to be considered a "Qualified Bid."  Subsequent minimum overbids at the Auction shall be in increments of $100,000.

(b)    "As Is, Where Is"

The sale of the Assets or certain of the Assets will be on an "as is, where is" basis and without surviving representations or warranties of any kind, nature, or description by the Debtors, their agents, or estates, except, to the extent set forth in the APA or Modified APA (as defined below), as applicable, and the schedules thereto, with respect to the Successful Bidder (as defined below), all as approved by the Bankruptcy Court.

(c)    Free Of Any And All Claims And Interests

47141211;6

All of the Debtors' right, title, and interest in and to the Assets, or any portion thereof, to be acquired will be sold free and clear of all pledges, liens, security interests, encumbrances, claims charges, options, and interests including, but not limited to any recoupment, offset, defenses, debts and obligations thereon and there against, other than the Assumed Liabilities and Permitted Encumbrances (collectively, the "Claims and Interests"), such Claims and Interests to attach to the net proceeds of the sale of such Assets in the order and priority that existed immediately prior to the closing of such Sale, except, to the extent otherwise set forth in the APA or Modified APA, as applicable.

## II.    Access to Non-Public Information.

To obtain access to certain material non-public information that has been or will be delivered to any Potential Bidder, as defined below concerning the Assets, Assumed Liabilities, and Assigned Contracts and Leases, each interested person or entity must execute a confidentiality agreement, in form and substance satisfactory to the Debtors, which may be obtained from SSG Capital Advisors, LLC, Attn.: Mark E. Chesen and Michael Goodman, 300 Barr Harbor Drive, Suite 420, West Conshohocken, PA 19428, mchesen@ssgca.com and mgoodman@ssgca.com, and deliver such confidentiality agreement to SSG before any access to such information is provided.

Thereafter, the Debtors, after consultation with their counsel and financial advisors, will determine in their reasonable business judgment whether to afford such Potential Bidder access to due diligence materials, as the Debtors deem appropriate in the exercise of their reasonable business judgment.

Each Qualified Bidder (as defined below) will be deemed to have acknowledged and will so represent in the APA or Modified APA, as applicable, that it had the opportunity to conduct any

and all due diligence necessary prior to making any offer and that it has relied solely on its own independent review and that it did not rely on any written or oral statements, representations, promises or guaranties of the Debtors and regarding the Assets or the Debtors' businesses or the completeness of any information provided by the Debtors in connection with its bid or bidding process.

## III.    Bid Requirements.

(a)    Qualified Bid Requirements.

Each offer, solicitation or proposal (a "Bid") from any interested person or entity (each, a "Potential Bidder") must be in writing and satisfy each of the following conditions to be deemed a "Qualified Bid" and for the bidder to be deemed a "Qualified Bidder."

1.    Identification of Bidder.

The Bid shall identify the Potential Bidder and the applicable Potential Bidder's Sponsor (as defined below) (if any) and their representatives who are authorized to act on their behalf regarding the contemplated transaction. If the Potential Bidder is a newly formed acquisition vehicle, the Bid must include evidence (in the form of binding commitment letters, current financial statements, guarantees or otherwise) that the Potential Bidder and/or the Potential Bidder's Sponsor as defined below, is able to fulfill all obligations in connection with the contemplated transactions including, but not limited to, paying liquidated damages, if any.

2.    Executory Contracts and Unexpired Leases.

The Bid shall identify with particularity each and every executory contract and unexpired lease that is to be assumed and assigned pursuant to the APA or Modified APA, as defined below, and demonstrate to the reasonable satisfaction of the Debtors after consultation with the Consultation Parties, that such bidder has the financial ability, can otherwise comply with all future

47141211;6

obligations under all such executory contracts and unexpired leases and provide such other adequate assurance of future performance.

3.    Nature of Bids for Assets.

A Bid must be a good faith offer to purchase all, substantially all or certain of the Assets, as defined in the APA, and provide for the payment and assumption of all of the Assumed Liabilities, as defined in the APA, on terms that are no less favorable to the Sellers than those set forth in the APA.  If the Bid is for less than substantially all of the Assets, it must clearly identify the Assets to be purchased and the Assets to be excluded (if any).  A Bid shall include a clean and duly executed APA (the "Modified APA") and a marked Modified APA reflecting the variations from the APA. Bids shall not be conditioned on or subject to (i) obtaining financing, (ii) approvals by any shareholders, board of directors (or comparable governing body) or any other entity or any other form of internal approvals, or (iii) further due diligence, including, without limitation, environmental, employment, labor, health and/or safety due diligence, by the Potential Bidder. Each Potential Bidder must agree that if it is selected as the Successful Bidder or the Back-Up Bidder (each as defined below), the Bid will remain binding and irrevocable until the closing of the Sale.

4.    Financial Capability

Except with respect to a Bid by a Secured Lender, the Bid shall state that such bidder is financially capable of consummating the transactions contemplated by the Modified APA and demonstrate to the reasonable satisfaction of the Debtors, that such bidder has the financial ability to fund and consummate the acquisition of the Assets and Assumed Liabilities by the Closing, and, except with respect to a Bid by a Secured Lender, the Bid shall include such financial and other information that will allow the Debtors, after consultation with the Consultation Parties, to

47141211;6

make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA.

5.    Corporate Authority

A Bid shall contain written evidence of the approval of the contemplated transaction by the Potential Bidder's Board of Directors (or comparable governing body); *provided*, *however* that, if the Potential Bidder is an entity specially formed for the purpose of acquiring the Assets, then the Potential Bidder must furnish evidence or other information acceptable to the Sellers of the approval of the contemplated transactions by the Board of Directors (or comparable governing body) of controlling equity holder(s) of the Potential Bidder (the "Potential Bidder's Sponsor").

6.    No Break-Up Fee, Etc. for Potential Bidders

Except to extent agreed to by the Debtors, in consultation with the Consultation Parties, per the procedures above, a Bid (other than that of the Stalking Horse) may not request any break-up fee, termination fee, expense reimbursement or similar type of payment, nor shall any Qualified Bidder be entitled to any break-up fee or similar type of payment. Moreover, neither the tendering of a Bid nor the determination that a Bid is either a Qualified Bid or the Successful Bid (as defined below) shall in any way entitle the Potential Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment.

7.    Good Faith Deposit

Each Bid from a Potential Bidder must be accompanied by a cash deposit in the amount of ten percent (10%) of the proposed Purchase Price, exclusive of Cure Costs and any Assumed Liabilities (each such deposit, a "Good Faith Deposit").  Each Good Faith Deposit shall be in the

47141211;6

form of a bank check or wire transfer pursuant to instructions issued by the Sellers, and shall be treated according to the terms specified herein.

8.    Representation Regarding Excluded Assets

Each Bid shall expressly provide that (x) the Assets do not include any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, of any nature whatsoever, whether known or unknown, asserted or unasserted, that existed or that may have existed at any time up until the Closing Date (collectively, "Claims") other than those specifically identified as Assets and (y) the Assets shall, under no circumstances, include any (a) Claims against any current or former equityholder, any other Seller or affiliate of any Seller, or any director, officer, Insider (as defined in the Bankruptcy Code), auditor, insurer, accountant or other retained professional of any Seller or any affiliate of the foregoing, (b) Claims arising under Chapter 5 of the Bankruptcy Code or comparable state laws, or (c) Claims against any person or entity arising out of or in connection with any act or omission made by a party identified in clause (a) of this sentence.

9.    Bid Deadline

Any person or entity interested in participating in the Auction must submit a Qualified Bid (as defined below) on or before **5:00 p.m. (prevailing Eastern time) on January 28, 2019** (the "Bid Deadline") in writing, to (1) counsel to the Debtors, Akerman LLP, Attn: John Mitchell, Esq., 2001 Ross Ave., Suite 3600, Dallas, Texas 75201, john.mitchell@akerman.com and Andrea Hartley, Esq., and Katie Fackler, Esq., 98 Southeast Seventh Street, Suite 1100, Miami, FL 33131, andrea.hartley@akerman.com and katherine.fackler@akerman.com; (2) SSG Capital Advisors, LLC, Attn: Michael S. Goodman and Mark E. Chesen, 300 Barr Harbor Drive, Suite 420, West

7

Conshohocken, PA 19428, mgoodman@ssgca.com and mchesen@ssgca.com.  The Debtors will promptly provide copies of timely Bids to the Consultation Parties upon receipt thereof.

(b)    <u>Qualified Bidders</u>

The Debtors, in consultation with the Consultation Parties, and in consideration of their respective views, shall make a determination regarding whether a Bid is a Qualified Bid and shall notify Potential Bidders whether their Bids have been determined to be Qualified Bids by no later than **5:00 p.m. (prevailing Eastern time) on January 29, 2019**.  The Sellers reserve the right to reject any Bid (even if such Bid constitutes a Qualified Bid) if the Sellers determine, in their sole discretion after consultation with the Consultation Parties, that such Bid is inadequate or insufficient or the Sellers determine, in their sole discretion after consultation with the Consultation Parties, that such Bid is not in conformity with the requirements of the Bankruptcy Code or any related rules, the terms set forth in the Bid Procedures or contrary to the best interests of the Sellers and their estates.  Valcambi is a Qualified Bidder.

Subject to the applicable provisions of the Bankruptcy Code and the right of any party with requisite standing to seek relief limiting a Secured Lender's right to credit bid thereunder, each Secured Lender reserves the right to submit a credit bid on or before the Bid Deadline for any Assets as to which it asserts a valid, perfected and enforceable lien and security interest.

(c)    <u>No Qualified Bids.</u>

If no conforming Qualified Bids are received, the Debtors shall not hold an Auction on the date scheduled.  The Debtors reserve their rights to reschedule the Auction, upon the appropriate Notice.

(d)    <u>Negotiation and Modification of Qualified Bids.</u>

8

Between the Bid Deadline and the Auction, the Debtors may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Without the written consent of the Debtors, a Qualified Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid, during the period that such Qualified Bid remains binding as specified herein.

Prior to the Auction, the Debtors shall, in consultation with the Consultation Party, determined which Qualified Bid(s) constitute(s) the highest and best offer(s) with which it intends to commence the Auction (the "Pre-Auction Successful Bids").

(e)    Notice of the Auction

If the Debtors receive more than one Qualified Bid, the Auction will be held on **January 31, 2019 at 1:00 p.m. (prevailing Eastern Time) at the offices of Akerman LLP, 666 Fifth Avenue, 20th Floor, New York, NY 10103**, or at any such other location or time as designated by the Debtors in a notice to all Qualified Bidders, and the Consultation Parties.  On or before 1:00 p.m. prevailing Eastern Time, on January 30, 2019, the Debtors shall provide each Qualified Bidder and the Consultation Parties:

1.    written notice of the Auction; and

2.    copy(ies) of the Pre-Auction Successful Bid(s).

## IV.    **The Auction.**

(a)    Attendance at and Participation in the Auction.

In addition to Qualified Bidders (along with their advisors and counsel), only the Debtors, the Consultation Parties, the U.S. Trustee, and their respective advisors, counsel and representatives shall be entitled to attend the Auction.  The actual bidding shall be transcribed to ensure a record.  The Qualified Bidders must appear in person at the Auction, or through a duly

47141211;6

authorized representative. The only parties eligible to participate in the Auction shall be Qualified Bidders who have submitted a Qualified Bid to the Debtors prior to the Bid Deadline that was not rejected by the Debtors, in consultation with the Consultation Parties, prior to the Auction.

      (b)    <u>The Auction Process.</u>

           1.    <u>The Debtors Shall Conduct the Auction.</u>

The Debtors and their representatives shall direct and preside over the Auction. Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction. The bidding at the Auction shall start at the purchase price stated in the Pre-Auction Successful Bid and continue, in one or more rounds of bidding, so long as during each round at least one Overbid (as defined below) is submitted.  All Overbids shall be made and received on an open basis, such that all material terms of each Overbid will be fully disclosed to all other Qualified Bidders. The bidding at the Auction will be transcribed and the Debtors shall maintain a transcript of all bids made and announced at the Auction, including all Overbids and the Successful Bid (defined below).

           2.    <u>No Collusion.</u>

Each Qualified Bidder shall be required to acknowledge and agree in writing that it has not engaged (and agrees not to engage) in any collusion with respect to any Bids, the Auction or the Sale.

           3.    <u>Terms of Overbids.</u>

An "<u>Overbid</u>" is any bid made at the Auction after the Debtors' announcement of the Pre-Auction Successful Bid, that is an increment of at least $100,000 greater than the immediately preceding bid, and that otherwise complies with the terms and conditions for a Qualified Bid as set forth herein.  All Overbids must also contain sufficient cash to pay the 3% ($480,000) break-up fee granted to the Stalking Horse Bidder.

47141211;6

The Auction may include individual negotiations with the Qualified Bidders and/or open bidding in the presence of all other Qualified Bidders.

4.     Announcing Overbids.

The Debtors shall announce the material terms of each Overbid at the Auction, and shall disclose its valuation of the total consideration offered in each such Overbid (and the basis for its determination) in order to confirm that each Overbid meets the requisite bid increment and to provide a floor for further Overbids.

5.     Additional Terms and Conditions

The Debtors may modify these Bidding Procedures and/or adopt additional rules for the Auction at or prior to the Auction that, in their sole discretion after consultation with the Consultation Parties, will better promote the goals of the Auction and that are not inconsistent with any of the provisions of the Bid Procedures Order.  The Auction may be adjourned as the Debtors deem appropriate after consultation with the Consultation Parties. Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to all Qualified Bidders and the Consultation Parties.

**V.     Identification of the Successful Bidder and Acceptance of Successful Bid.**

(a)     Identification of the Successful Bidder.

The Auction shall continue until there is only one offer that the Debtors determine in consultation with the Consultation Parties and in consideration of their respective views, is the highest or best offer from among the Qualified Bidders submitted at the Auction (the "Successful Bid"). In making this decision, the Debtors, in consultation with the Consultation Parties, may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof,

the number, type and nature of any changes to the APA or Modified APA requested by each Qualified Bidder, the net benefit to the Debtors' estates.  The Qualified Bidder submitting such Successful Bid shall become the "<u>Successful Bidder</u>").

Within three (3) days after adjournment of the Auction, but prior to the Sale Hearing, the Successful Bidder shall complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made and make and pay for all necessary filings with all applicable governmental or other authorities.

In announcing the Successful Bid and the Back-Up Bid (defined below), the Debtors shall announce the material terms of each Bid and the basis for determining the total consideration offered. If there is only one Qualified Bid for an Asset or Assets, the Debtors will not conduct an Auction as to such Asset(s) and the Debtors may, in their sole discretion (after consultation with the Consultation Parties), seek approval of such Qualified Bid(s) at the Sale Hearing (as defined below).

(b)    <u>Acceptance of Bid from Successful Bidder.</u>

The Sellers presently intend to sell the Assets and the Assumed Liabilities to the Successful Bidder, pursuant to the APA or Modified APA, as applicable. The Sellers shall be bound by the Successful Bid only when such Bid has been approved by the Court at the Sale Hearing (as defined below).

## VI.    **Back-Up Bidder.**

If an Auction is conducted, the Qualified Bidder with the next highest or otherwise best Qualified Bid (the "<u>Back-Up Bid</u>"), as determined by the Debtors in the exercise of their business judgment in consultation with the Consultation Parties and in consideration of their respective

47141211;6

views, at the Auction shall be required to serve as a back-up bidder (the "Back-Up Bidder") and keep such bid open and irrevocable for one (1) business day following the scheduled closing date of the Sale with the Successful Bidder. Following the Sale Hearing, if the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Court after consultation with the Consultation Parties.

**VII.    Treatment of Good Faith Deposit.**

Except as otherwise provided herein, Good Faith Deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder by no later than the fifth (5th) Business Day following the conclusion of the Auction. The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until one (1) Business Day after the closing of the sale transaction with the Successful Bidder, or will be held and applied in accordance with the APA or Modified APA, as applicable, in the event the Back-Up Bidder acquires the Assets as provided herein. The Good Faith Deposit of the Successful Bidder, if any, shall be held until the Closing of the Sale and applied in accordance with the APA or Modified APA, as applicable. If the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Successful Bidder, the Successful Bidder's Good Faith Deposit shall be forfeited to the Sellers and the Sellers shall have the right to seek any and all remedies and damages from the defaulting Successful Bidder.

If the Back-Up Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of such Back-Up Bidder, the Back-Up Bidder's Good Faith Deposit shall be

47141211;6

forfeited to the Sellers and the Sellers shall have the right to seek any and all remedies and damages from the defaulting Back-Up Bidder.

## VIII.    The Sale Hearing.

The Successful Bid and the Back-Up bid will be subject to approval by the Court. The Sale Hearing will take place on **February 13, 2019 at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Judge Sean Lane, United States Bankruptcy Court, for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, Courtroom 701. The Sale Hearing may be adjourned with the consent of the Successful Bidder after consultation with the Consultation Parties from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

## IX.    Jurisdictional Consent.

All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale and the construction and enforcement of any APA or Modified APA and all other agreements entered into in connection with any proposed Sale transaction. Such consent and waiver shall apply to the extent that it is later determined that the Bankruptcy Court, absent consent, cannot enter final orders or judgments with regard to the foregoing matters consistent with Article III of the United States Constitution.

47141211;6

John E. Mitchell (Admitted *Pro Hac Vice*)
Yelena Archiyan (Admitted in New York)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (Admitted *Pro Hac Vice*)
Joanne Gelfand (Admitted in New York)
Katherine C. Fackler (Admitted *Pro Hac Vice*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REPUBLIC METALS REFINING | ) |  |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF (I) INTENT TO ASSUME AND ASSIGN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (II) PROPOSED CURE AMOUNTS ASSOCIATED WITH
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (II) DEADLINE TO OBJECT THERETO**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF
YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY
CONTRACT OR UNEXPIRED LEASE WITH ONE OR MORE OF THE
DEBTORS THAT MAY BE ASSUMED AND ASSIGNED BY THE
DEBTOR TO A THIRD PARTY.**

**YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE
PROPOSED TREATMENT OF YOUR EXECUTORY CONTRACT OR
UNEXPIRED LEASE.**

**PLEASE TAKE NOTICE** that on December 21, 2018, the Debtors filed a *Motion for
Order (I) Authorizing and Approving Procedures for the Sale of the Debtors' Assets, (II)
Scheduling a Sale Hearing; (III) Approving Procedures for the Assumption and Assignment of
Executory Contracts and Unexpired Leases in Connection with the Sale; (IV) Approving Sale of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

*Property Free and Clear of Interest; and (V) Approving Form of Notice of Sale* (the "Sale Motion") (ECF No. 358).[2]

      **PLEASE TAKE FURTHER NOTICE** that on January __, 2019, the Bankruptcy Court entered an Order approving the Bid Procedures and approving the form of this Notice (the "Sale Procedures Order") [ECF No. XXX].

      **PLEASE TAKE FURTHER NOTICE** that on the schedule annexed hereto as **Exhibit A**, the Debtors have indicated the cure amounts (in each instance, the "Proposed Cure Amount") that the Debtors believe must be paid to cure any defaults under the executory contracts and unexpired leases (each, a "Contract") being assumed and assigned pursuant to the Sale Order.

      **PLEASE TAKE FURTHER NOTICE** that any party objecting to the Proposed Cure Amount, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption and assignment of such Contract, shall be required to file and serve an objection setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or otherwise satisfied in respect of the Contracts and/or any and all objection to the potential assumption and assignment of such Contracts, together with all documentation supporting such cure claim or other objection. Any objections to the proposed assumption of the Contracts and/or the corresponding Proposed Cure Amounts, must be filed with the Court no later than **February 8, 2019 at 4:00 p.m. (prevailing Eastern Time)** (a "Cure Objection").

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Sale Procedures Order, any Cure Objection must (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections; and (e) be filed with this Court with proof of service thereof and served upon the following parties so as to be actually received by the Objection Deadline: (i) the Debtors, c/o Republic Metals Refining Corporation, (Attn: Scott Avila); (ii) the attorneys for the Debtors, Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and 98 Southeast Seventh Street, Suite 1100, Miami, FL 3313 (Attn: Andrea S. Hartley, Esq. and Katherine C. Fackler, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Shannon Scott, Esq.); (iv) counsel to the Debtors' pre-petition senior secured lenders, Luskin, Stern & Eisler LLP, Eleven Times Square, New York, NY 10036 (Attn: Michael Luskin, Esq., Richard Stern, Esq., and Alex Talesnick, Esq.); and (v) counsel to the Official Committee of Unsecured Creditors, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Seth Van Aalten, Esq. and Robert Winning, Esq.).

      **PLEASE TAKE FURTHER NOTICE** that, in accordance with the Sale Procedures Order, a hearing to consider approval of the Sale Motion, including the assumption and assignment of Contracts and the Proposed Cure Amounts, will be held on ***February 13, 2019 at 11:00 a.m. (prevailing Eastern Time)*** before the Honorable Sean H. Lane, United States

---

[2] Unless otherwise defined herein, capitalized terms shall have the meaning given them in the Sale Motion.

Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that in the event no Cure Objection is timely filed with respect to a Contract, the counterparty to such Contract shall be deemed to have consented to the Proposed Cure Amount and shall be forever enjoined and barred from seeking any additional amount on account of the cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, or the successful purchaser. In addition, if no timely Cure Objection is filed with respect to a Contract, upon entry of any final order on the Sale Motion, such counterparty shall be deemed to have waived any right to object, consent, condition, or otherwise restrict the Debtors' assumption and assignment of the Contract to the successful purchaser.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Contract herein is without prejudice to the successful purchaser's right to modify their election to accept an assignment of such Contract prior to the closing of any sale under the Sale Motion, and inclusion of a Contract herein is not a final determination that such Contract will be assumed and assigned.

**PLEASE TAKE FURTHER NOTICE** that that inclusion of a Contract herein shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated:  January __, 2019

Respectfully submitted,
AKERMAN LLP

By:___ */s/ Katherine C. Fackler*
        Andrea S. Hartley (Admitted *Pro Hac Vice*)
        Joanne Gelfand (Admitted in New York)
        Katherine C. Fackler (Admitted *Pro Hac Vice*)
        AKERMAN LLP
        98 Southeast Seventh Street, Suite 1100
        Miami, FL 33131
        Tel.: (305) 374-5600
        Fax: (305) 374-5095
        E-Mail: andrea.hartley@akerman.com
        E-Mail: joanne.gelfand@akerman.com
        E-Mail: katherine.fackler@akerman.com
                        -and-
        John E. Mitchell (Admitted *Pro Hac Vice*)
        Yelena Archiyan (Admitted in New York)
        AKERMAN LLP
        2001 Ross Avenue, Suite 3600
        Dallas, TX  75201
        Tel.: (214) 720-4300

47432839;2

Fax: (214) 981-9339
E-Mail: john.mitchell@akerman.com
E-Mail: yelena.archiyan@akerman.com

*Counsel for Debtors and Debtors-in-Possession*

**Exhibit A**
**Proposed Cure Amounts**

| | Debtor Name | Contract Counterparty | Contract Counterparty Contact Information | Description of Contract or Lease | Date of Contract or Lease | Cure Amount |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |
| 21. | | | | | | |
| 22. | | | | | | |
| 23. | | | | | | |
| 24. | | | | | | |
| 25. | | | | | | |

John E. Mitchell (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Joanne Gelfand (*Admitted in New York*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

|  |  |
|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| REPUBLIC METALS REFINING | ) |  |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

## NOTICE OF (I) PROPOSED SALE OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) BID PROCEDURES, (III) SELECTION OF STALKING HORSE BIDDER, AND (IV) RELIEF RELATED THERETO

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    On December 21, 2018, the Debtors filed with the Court a motion [Docket No. 358] (the "**Sale Motion**") seeking, among other things: (a) authority to sell assets of the Debtors free and clear of all liens, claims, interests and encumbrances (the "**Sale**"); (b) approval of certain procedures (the "**Bid Procedures**") for the solicitation of bids with respect to the Sale; (c) approval of certain procedures (the "**Assumption and Assignment Procedures**") in connection with the identification and assumption of certain contracts and leases in connection with the Sale; and (d) scheduling an auction (the "**Auction**") and a final hearing with the Court for approval of the Sale (the "**Sale Hearing**").

2.    By Notice at Docket No. 380, the Debtors filed that certain form of Asset Purchase Agreement (including all exhibits, schedules and ancillary agreements related thereto, the "**APA**"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942).

47230917;1

which contemplates the sale of the Sellers' assets (the "**Assets**"), through the Auction, to Valcambi SA.

3.    A hearing on approval of the Bid Procedures was held before the Court on January 9, 2019, and thereafter the Court entered an Order, among other things, approving the Bid Procedures [Docket No. [••]] (the "**Bid Procedures Order**"). The Bid Procedures Order approves and establishes the Bid Procedures that govern the manner in which the Assets are to be sold. All bidders must comply with the Bid Procedures and submit a Qualified Bid so as to be received not later than January 28, 2019.

4.    Pursuant to the Bid Procedures, each Qualified Bidder (as defined in the Bid Procedures) shall be invited to participate in the Auction which Auction must be attended in person and which shall commence at **1:00 p.m. (prevailing Eastern Time) on January 31, 2019, at the offices of Akerman LLP, 666 Fifth Avenue, 20th Floor, New York, NY 10103.**

5.    The Sale Hearing is currently scheduled to be conducted on **February 13, 2019 at 11:00 a.m. (prevailing Eastern Time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York, to consider the approval the highest and best offer by a Qualified Bidder (the "**Successful Bidder**"), the second highest or best offer by a Qualified Bidder (the "**Backup Bidder**") and of the APA (as modified by the Successful Bidder) and seeking entry of an order approving the Sale (the "**Sale Order**"). The Sale Hearing may be adjourned or rescheduled from time to time without further notice other than an announcement by the Debtors in the Court of such adjournment on the date scheduled for the Sale Hearing.

6.    A copy of the Bid Procedures Order, the proposed APA (attached to the Notice at Docket 380) and the Sale Motion (including the proposed Sale Order) may be obtained by written request to counsel to the Debtors at the address below. In addition, copies of the aforementioned pleadings are available at www.donlinrecano.com/republicmetals or may be found on the Bankruptcy Court's website, www.nysb.uscourts.gov, and are on file with the Bankruptcy Court and available for inspection during regular business hours at the office of the Clerk of the Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

7.    OBJECTIONS TO ENTRY OF THE SALE ORDER (OTHER THAN THE PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES OR TO ANY PROPOSED CURE PAYMENT LIABILITY AMOUNTS IN CONNECTION THEREWITH), INCLUDING THE DEBTORS' REQUEST TO APPROVE THE SALE OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS TO PURCHASER (AS DEFINED IN THE APA) OR ANOTHER SUCCESSFUL BIDDER (EACH, AN "**OBJECTION**"), MUST BE MADE IN WRITING AND FILED BEFORE **FEBRUARY 6, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "OBJECTION DEADLINE")**.

8.    The Bid Procedures Order approves the Assumption and Assignment Procedures, which set forth: (i) the manner in which the Debtors will (a) identify the Assumed Contracts and the Assumed Leases (each as defined in the Sale Motion), and (b) identify amounts the Debtors believe are necessary to cure defaults under each of such Assumed Contracts and Assumed Leases

as determined by the Debtors; and (ii) procedures to be followed by any party that wishes to object to the proposed assumption and assignment of any Assumed Contract and Assumed Lease, or the cure amounts proposed by the Debtors in respect thereof. An additional notice setting forth the specific Assumed Contracts and Assumed Leases to be assumed by the Debtors and the proposed cure amounts for such contracts will be served upon all counterparties to the Assumed Contracts and Assumed Leases.

9.    The failure of any person or entity to file an objection on or before the Objection Deadline shall be deemed a consent to the Sale of the Assets to the Successful Bidder and the other relief requested in the Sale Motion and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures, the Sale Motion, the Bid, the sale of the Assets, the Debtors' consummation and performance of the APA (or modified APA) with the Successful Bidder (including in any such case, without limitation, the transfer of the Assets free and clear of all liens, claims, encumbrances and interests).

10. This Notice is subject to the full terms and conditions of the Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict. The Debtors encourages parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated:  January __, 2019                         Respectfully submitted,

                                                 AKERMAN LLP

                                                 By:   /s/John E. Mitchell
                                                       John E. Mitchell (Admitted *Pro Hac Vice*)
                                                       Yelena Archiyan (Admitted in New York)
                                                       AKERMAN LLP
                                                       2001 Ross Avenue, Suite 3600
                                                       Dallas, TX 75201
                                                       Tel.: (214) 720-4300
                                                       Fax: (214) 981-9339
                                                       E-Mail: john.mitchell@akerman.com
                                                       E-Mail: yelena.archiyan@akerman.com

                                                            -and-

                                                       Andrea S. Hartley (Admitted *Pro Hac Vice*)
                                                       Joanne Gelfand (Admitted in New York)
                                                       Katherine C. Fackler (Admitted *Pro Hac Vice*)
                                                       AKERMAN LLP
                                                       98 Southeast Seventh Street, Suite 1100
                                                       Miami, FL 3313
                                                       Tel.: (305) 374-5600
                                                       Fax: (305) 374-5095
                                                       E-Mail: andrea.hartley@akerman.com

47230917;1

E-Mail: joanne.gelfand@akerman.com
E-Mail: katherine.fackler@akerman.com

*Counsel for Debtors and Debtors-in-Possession*

47230917;1