**HEARING DATE AND TIME: February 21, 2019 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE DATE AND TIME: February 14, 2019 at 4:00 p.m. (Eastern Time)**

John E. Mitchell (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
Joanne Gelfand (*Admitted in New York*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS'**
**AMENDED MOTION TO SELL REMAINING PROPERTY OF THE ESTATE FREE**
**AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, TITLE, INTERESTS AND**
**ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

**IF YOU ARE A CUSTOMER WHO PREPAID FOR A PURCHASE OF PRODUCT THAT WAS NOT AUTHORIZED TO BE SOLD PURSUANT TO THE COURT ORDER AUTHORIZING THE SALE OF PREPAID PRODUCT ORDERS OR A CUSTOMER WHO SENT UNPROCESSED MATERIAL OR CARBONS FOR THE DEBTORS TO REFINE OR A CONSIGNEE OF THE DEBTORS, THE RELIEF REQUESTED HEREIN MAY IMPACT YOU. READ THIS MOTION CAREFULLY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

PLEASE TAKE NOTICE that a hearing on Debtors' Motion to Sell Remaining Property of the Estate Free and Clear of all Liens, Claims, Rights, Title, Interest, and Encumbrances Pursuant to 11 U.S.C. § 363 (Prepaid Product Orders) (the "Motion"), will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **February 21, 2019 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the Motion (the "**Objections**") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) the Chambers of the Honorable Sean H. Lane ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (c) the Debtors, c/o Republic Metals Refining Corporation, (Attn: Scott Avila); (d) the attorneys for the Debtors, Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and 98 Southeast Seventh Street, Suite 1100, Miami, FL 3313 (Attn: Andrea S. Hartley, Esq. and Katherine C. Fackler, Esq.); (e) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Shannon Scott, Esq.); (f) the attorneys for the Creditors' Committee, if a committee is formed; (g) counsel to any other statutory committee appointed in the Chapter 11 Cases, and (h) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002 so as to

be received no later than **February 14, 2019 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated:  February 4, 2019

                       AKERMAN LLP

                       By:____*/s/John Mitchell*_____
                          John E. Mitchell (Admitted *Pro Hac Vice*)
                          AKERMAN LLP
                          2001 Ross Avenue, Suite 3600
                          Dallas, TX  75201
                          Tel.: (214) 720-4300
                          Fax: (214) 981-9339
                          E-Mail: john.mitchell@akerman.com

                               - and -

                          Andrea S. Hartley (Admitted *Pro Hac Vice*)
                          Katherine C. Fackler (Admitted *Pro Hac Vice*)
                          Joanne Gelfand (Admitted in New York)
                          AKERMAN LLP
                          98 Southeast Seventh Street, Suite 1100
                          Miami, FL 33130
                          Tel.: (305) 374-5600
                          Fax: (305) 374-5095
                          E-Mail: andrea.hartley@akerman.com
                          E-Mail: katherine.fackler@akerman.com
                          E-Mail: joanne.gelfand@akerman.com

                         *Counsel for Debtors and Debtors-in-Possession*

**HEARING DATE AND TIME: February 21, 2019 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE DATE AND TIME: February 14, 2019 at 4:00 p.m. (Eastern Time)**

John E. Mitchell (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

*Counsel to the Debtors and Debtors in Possession*

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
Joanne Gelfand (*Admitted in New York*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### DEBTORS' AMENDED[2] MOTION TO SELL REMAINING PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, TITLE, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

**IF YOU ARE A CUSTOMER WHO PREPAID FOR A PURCHASE OF PRODUCT THAT WAS NOT AUTHORIZED TO BE SOLD PURSUANT TO THE COURT ORDER AUTHORIZING THE SALE OF PREPAID PRODUCT ORDERS OR A CUSTOMER WHO SENT UNPROCESSED MATERIAL OR CARBONS FOR THE DEBTORS TO REFINE OR A CONSIGNEE OF THE DEBTORS, THE RELIEF REQUESTED HEREIN MAY IMPACT YOU.   READ THIS MOTION CAREFULLY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942).

[2] This Amended Motion, *inter alia,* revises some of the dollar estimates, eliminates paragraph 15 and includes request for authorization to sell additional material and goods subject to ownership disputes not listed in the original motion. (ECF No. 551).

Republic Metals Refining Corporation, *et al.*, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), by and through their undersigned counsel, hereby file this amended motion (the "Motion") to sell certain property of the bankruptcy estate free and clear of all liens, claims, rights, title, interests, and encumbrances pursuant to 11 U.S.C. §§ 363(b)(1)and (f), and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(2) and 6004(a) and (c).  In support of this Motion, the Debtors say:

## JURISDICTION

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a) and 363(b) and (f) of the Bankruptcy Code, and as supplemented by Bankruptcy Rules 2002 and 6004.

## BACKGROUND

4.     On November 2, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating these Chapter 11 Cases.  On November 21, 2018, the Additional Debtors (collectively with the Debtors, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code, initiating their Chapter 11 Cases.

5.     The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1109.  On November 19, 2018, the United States Trustee gave notice of the appointment of an Official Committee of Unsecured Creditors [ECF No. 113].

6.      Additional details regarding these Chapter 11 Cases are available in the Declaration of Scott Avila, as Chief Restructuring Officer (the "CRO"), in Support of Chapter 11 Petitions and First Day Motions [ECF No. 2].

7.      The Senior Lenders (defined below) are parties to that certain Second Amended and Restated Intercreditor Agreement dated February 19, 2016, as amended from time to time (the "Intercreditor Agreement"), by and among Bank Hapoalim B.M. ("Hapoalim"), Mitsubishi International Corporation ("Mitsubishi"), Coöperatieve Rabobank U.A., New York Branch ("Rabobank"), Brown Brothers Harriman & Co. ("BBH"), ICBC Standard Bank Plc ("ICBCS"), Techemet Metal Trading LLC ("Techemet"), Woodforest National Bank ("Woodforest"), Bank Leumi USA ("Leumi") (Leumi, Rabobank, BBH, Hapoalim, Mitsubishi, ICBCS, Techemet, and Woodforest are collectively, the "Senior Lenders"). Debtors acknowledged and agreed to the Intercreditor Agreement.

8.      The Senior Lenders assert blanket liens on all assets of the Debtors including all personal and real property, instruments and intangibles.

9.      On November 28, 2018, the Debtors filed their Motion To Sell Property of the Estate Free and Clear of all Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §363 [ECF No. 219] (the "Prepaid Customer Motion"). The Prepaid Customer Motion sought permission from the Court to sell approximately $8.2 million of material, composed of $3.2 million worth of customers' orders that were packaged and awaiting shipment on the Filing Date (the "Packaged Product") and an additional $5 million worth of inventory that while available for packaging on the Filing Date, remained in the Debtors' general inventory (the "Additional Inventory").

10.     On December 11, 2018, the Debtors filed their Supplement to the Prepaid Customer Motion [ECF No. 286] (the "Supplement"), which asked for Court authority, with the

consent of the Secured Parties and the Committee,  to settle the claims of customers asserting an ownership interest in regards to the Packaged Product and any Additional Claims, without further Court order under limited parameters described in the Supplement.

11.     On January 4, 2019, the Court entered the Order  Granting (I) Debtor's Motion to Sell Property of the Estate Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §363 and (II) Authority to Settle and Compromise Pursuant to Rule 9019 (Prepaid Product Orders) [ECF No. 372] (the "Prepaid Sale Order").

12.     Pursuant to "Paragraph 2" of the Prepaid Sale Order the Debtors were not allowed to sell goods by Customer name, which were part of the Packaged Goods:

   a.  APMEX
   b.  Bayside Metal Exchange
   c.  Mid-States
   d.  MK Management
   e.  My Gold Limited
   f.  NCF
   g.  Prince & Izant
   h.  Texas Precious Metals
   i.  Cornerstone Capital
   j.  GMR Gold
   k.  Scotsman Coin.

(the "Remaining Packaged Goods").

13.     Pursuant to "Paragraph 3" of the Prepaid Sale Order, the Debtors were also not authorized to sell the following additional goods:

|   | Item | Approx. Value | Ounces |
|---|------|---------------|--------|
| a. | AG 1 OZ .9999 APMEX/RMC RND | $7,448.04 | 506 |
| b. | AG 1 OZ DOVE RND | $64,033.98 | 3,795 |
| c. | AG 1 OZ JERUSALEM RND | $81,038.98 | 4,795 |
| d. | AG 1 OZ MY GOLD STAG RND | $15,260.00 | 1,000 |
| e. | AG 10 OZ .9999 APMEX/RMC BAR | $97,246.50 | 6,500 |
| f. | AG 100 OZ .9999 APMEX/RMC BAR | $221,175.00 | 15,000 |
| g. | AG KILO MYGOLD STAG BAR | $2,422.21 | 161 |
| h. | AU 1 OZ APMEX BAR | $121,502.50 | 100 |
| i. | AU 1 OZ TEXAS PREC. METALS BAR | $123,270.00 | 100 |

(the "Remaining Additional Goods").

      14.    The Debtors also possess identified and segregated materials received from various customers with estimated values as shown below:

| Customer | Estimated Value of Material Segregated |
|---|---|
| Alamos Gold Inc. | $1,805,080 |
| Bay Area Metals | $36,204 |
| Los Filos/Leagold | $ 1,757,586 |
| Midwest Refineries | $2,767 |
| Pollock-Cameron Investments Corporation o/a Vancouver Gold Buyer | $88,242 |
| Pyropure, Inc. (Pyromet) | $53,420 |
| So Accurate | $31,851 |
| Wharf Resources (U.S.A.), Inc. | $298,090 |
| Marigold Mining Company | $312,788 |
| **TOTAL** | **$4,386,028** |

(the "Remaining Material").

      15.    The Debtors are also in possession of 700 units of AG 10 OZ Pyromet Bars which Pyropure, Inc. (Pyromet) has asserted an ownership interest in (the "Pyromet Bars").

      16.    Additionally, RMC owns and has title to consigned goods being held by consignees as bailees for RMC. The Brink's Company has in its possession the following materials which the Debtors assert belong to the estate:

| Commodity Code | Commodity Description | Coin Type Description | Item Number | Refiner Description | Number Of Pieces | Weight OZS | Net Weight OZS |
|---|---|---|---|---|---|---|---|
| AG100ozREPUBLIC BAR | 100 Oz Silver RMC Bar | | AG 100 OZ RMC BAR | Republic Metals | 20 | 2,000 | 2,000 |
| AG10ozRMC | 10 Oz Silver Republic Metals Bar | | AG 10 OZ RMC BAR | Republic Metals | 17 | 170 | 170 |
| AG10ozRMC CAST BAR | 10 Oz Silver RMC Cast Bar | | AG 10 OZ RMC CAST | Republic Metals | 557 | 5,570 | 5,570 |
| AG10ozRMC EAGLE BAR | 10 Oz Silver RMC Eagle Bar | | AG 10 OZ RMC EAGLE BAR | Republic Metals | 247 | 2,470 | 2,470 |
| AG10ozRMC MIRROR FINISH | 10 Oz Silver RMC Mirror Finish Bar | | AG 10 OZ RMC MIRROR BAR | Republic Metals | 144 | 1,440 | 1,440 |
| AG1ozBUFFALO BAR | 1 oz Buffalo Bar | | AG 1 OZ BUFFALO BAR | Republic Metals | 1140 | 1,140 | 1,140 |
| AG1ozCOIN | 1 Oz Silver Coin | 1 OZ BUFFALO SILVER ROUND | AG 1 OZ BUFFALO | Republic Metals | 1405 | 1,405 | 1,405 |
| AG1ozCOIN | 1 Oz Silver Coin | 1 OZ BUFFALO SILVER ROUND | AG 1 OZ BUFFALO ROUND | Republic Metals | 1500 | 1,500 | 1,500 |
| AG1ozCOIN | 1 Oz Silver Coin | 1 OZ REPUBLIC ROUND | AG 1 OZ RMC ROUND | Republic Metals | 417 | 417 | 417 |
| AG1ozCOIN | 1 Oz Silver Coin | 1 OZ RMC REVERSE BUFFALO ROUND | AG 1 OZ BUFFALO REVERSE ROUND | Republic Metals | 500 | 500 | 500 |
| AG5ozRMC CAST BAR | 5 Oz Silver RMC Cast Bar | | AG 5 OZ RMC CAST BAR | Republic Metals | 795 | 3,975 | 3,975 |
| AU10gBAR | 10 Gram Gold Bar | | AU 10 G RMC BAR | Republic Metals | 12 | 3.86 | 3.86 |
| AU1gBAR | 1 Gram Gold Bar | | AU 1 G RMC BAR | Republic Metals | 50 | 1.61 | 1.61 |
| AU1ozREPUBLIC BAR | 1 Oz Gold RMC Bar | | AU 1 OZ RMC BAR | Republic Metals | 3 | 3 | 3 |
| AU2.5gRMC BAR | 2.5 Gram RMC Bar | | AU 2.5 G RMC BAR | Republic Metals | 21 | 1.68 | 1.68 |
| AU5gBAR | 5 Gram Gold Bar | | AU 5 G RMC BAR | Republic Metals | 25 | 4.03 | 4.03 |

(the "Debtors' Assets with Brinks").

17.    Finally the Debtors have the following assets in consignment with the identified

third parties and as to which material the Debtors assert belong to the estate:

| Consignee | Consignment On-Hand (ozt) | |
|---|---|---|
| | Gold | Silver |
| Apmex | 5 | 17 |
| Doc Investments | - | 2505 |
| First Majestic Silver | - | 482 |
| Global Bullion | 2 | 1,655 |
| Gold Depot | 643 | - |
| Horizon Metals | 322 | - |
| KARKOUR | 1,061 | 7,125 |
| Liberty Coin | 116 | 6,376 |
| MMX | - | 500 |
| So-Accurate | 322 | - |
| USGB | 72 | 2,613 |
| Grand Total | 2,542 | 21,273 |

(the "Consignment Material"[3] together with the Remaining Packaged Goods, the Remaining

Additional Goods, the Remaining Material, the Pyromet Bars,  the Debtors' Assets with Brinks

the "Remaining Property")[4].

18.    On December 21, 2018 the Debtors filed their Motion for Order (I) Authorizing

and Approving Procedures for the Sale of the Debtor's Assets; (II) Scheduling a Sale Hearing;

(III) Approving Procedures for Assumption and Assignment of Executory Contracts and

Unexpired Leases in Connection with the Sale; (IV) Approving Sale of Property Free and Clear

of Interests; and (V) Approving Form of Notice of Sale [ECF No. 358] (the "Sale Procedure

---

[3] It is the Debtors position that the sale of the Consignment Material is in the ordinary course of business of the Debtors. Notwithstanding the Debtors' position, the Consignment Material is included in this Motion in an abundance of caution in the event that their sale is not in the ordinary course of business based on the Debtors demand for turnover  of the material to the various consignees.

[4] "Seemingly, the sale of the consigned goods is within RMC's ordinary course of business.  However, this motion to sell includes the consigned goods in an abundance of caution and to avoid delay in the sale of the consigned goods.  Nothing contained herein shall be construed as a waiver of RMC's ownership and other rights and interests in the Debtors' Assets With Brinks and the Consignment Material."

Motion"). The Sale Procedure Motion sought approval of a procedure to sell substantially all of the Debtors' remaining assets to the highest and best bidder at auction.  The Remaining Property is not part of the Sale Procedure Motion.  The Court, on January 11, 2019, entered an Order Granting the Sale Motion [ECF No. 399] (the "Order Granting Sale Procedure Motion").  The Sale Procedure Motion, among other things, scheduled a Sale Hearing to take place on February 13, 2019.  The closing of a sale of substantially all of the Debtors' "Assets," as that term is defined in the stalking horse Asset Purchase Agreement between Debtor Republic Metal Corporation and Valcambi SA., to the highest and best bidder, is expected to take place on February 28, 2019.

19.    The Debtors are continuing to liquidate the last of their metals and raw materials in anticipation of the closing of the sale and the delivery of the Debtors' premises to the Court approved buyer.

## RELIEF REQUESTED

20.    The Debtors seek Court authority to process and sell the Remaining Property free and clear of all liens, claims, rights, title, interests, and encumbrances to attach to the proceeds of such a sale in the order and priority in which they existed as of the Petition Date, and subject to the terms of any cash collateral orders entered in these Cases.  Specifically, the Debtors propose to monetize the Remaining Property on a wholesale basis, as expeditiously as possible, in whatever manner the CRO determines in his business judgment will be most beneficial to the bankruptcy estate.  This includes melting or processing the Remaining Property for sale in the ordinary course of business.

21.    The Debtors believe that various Customers and the Senior Lenders will assert competing liens and/or property interest rights to the Remaining Property and their proceeds.

Moreover, a further Court order is required to sell the goods which are the subject of Paragraph 2 and Paragraph 3 of the Prepaid Sale Order and any goods segregated pursuant to reclamation demands.    Therefore, this Motion is filed  to put all parties that may claim an interest in the Remaining Property, on notice of the Debtors' intent to melt, process, reprocess, and sell Remaining Property while maintaining the status quo as the ownership dispute over of the Remaining Property plays out through the Court's other procedures instituted and approved for those matters.

## BASIS FOR RELIEF REQUESTED

22.    Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor-in-possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate," subject to certain exceptions not applicable here.  See 11 U.S.C. § 363(b)(1).  To approve the sale of property outside the ordinary course of business, a bankruptcy court must "find from the evidence presented before him at the hearing a good business reason to grant such an application."  *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also MF Glob. Ltd.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015) ("The business judgment of a trustee is entitled to great deference."); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("a debtor often satisfies the business judgment standard if 'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'") (quoting *In re Integrated Res., Inc.,* 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992)); *In re Chateaugay Corp.*, 973 F.2d 141, 144-45 (2d Cir. 1992) (affirming that the Bankruptcy Court correctly approved an asset sale under 363(b) using the "good business reason" standard).

23.    Section 363(f) of the Bankruptcy Code provides, in relevant part, that a debtor or debtor-in-possession may sell property under Section 363(b) "free and clear of any interest in such property of an entity other than the estate," subject to certain requirements.

24.    In addition, section 363(f)(5) of the Bankruptcy Code authorizes ordinary course sales free and clear of liens if "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5). Case law is abundantly clear that the term "money satisfaction of such interest" used in 363(f)(5) is construed to include a payment constituting less than full payment of the underlying debt. *See, e.g., In re Healthco Int'l, Inc.*, 174 B.R. 174, 176 (Bankr. D. Mass. 1994); *In re Heine*, 141 B.R. 185, 189-90 (Bankr. D.S.D. 1992); *In re Grand Slam, U.S.A., Inc.*, 178 B.R. 460, 462 (Bankr. E.D. Mich. 1995). As the court held in *In re Healthco*, "because any lien can always be discharged by full payment of the underlying debt [subparagraph (f)(3)] there would be no sense in subparagraph (f)(5) authorizing a sale only if that could be done." *In re Healthco*, 174 B.R. at 176.

25.    The Senior Lenders and Customers asserting rights as to the Remaining Property, could be compelled to accept money in satisfaction of their claims in any subsequent legal proceedings before this Court or any other court. Additionally, the Debtors will receive from any sale of the Remaining Property proceeds equivalent to the materials current market value given the market for these precious metals.

26.    Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27.    The Debtors' decision to monetize the Remaining Property on a wholesale basis is an exercise of the sound business judgment of the Debtors and Mr. Avila, in his capacity as CRO

of the Debtors. The Remaining Property must be liquidated and sold without any further delay for several reasons including efficiency, administrative expense considerations, and the foreseeable closing of the sale.

## WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

28.    To implement the foregoing successfully, the Debtors respectfully request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. Bank. P. R. 6004(h). As set forth above, the payments proposed herein are essential to maximize the value of their assets for creditors. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## NOTICE

29.    The Debtors have provided notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of New York; (ii) the Customers asserting an interest on the Remaining Property; (iii) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (iv) the Internal Revenue Service; and (v) any other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtors respectfully request the Court enter an Order substantially in the form attached hereto as **Exhibit A** (i) granting this Motion; (ii)

authorizing the Debtors to sell the Remaining Property free and clear of all liens, claims, rights, title, interests, and encumbrances, pursuant to 11 U.S.C. § 363, with any liens, claims, rights, title, interests, and encumbrances to attach to the Sale Proceeds in the order and priority in which they existed as of the November 2, 2018 Petition Date; and (iii) granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate.

Dated:  February 4, 2019

AKERMAN LLP

By:_____*/s/John Mitchell*_____
       John E. Mitchell
       (Admitted *Pro Hac Vice*)
       Yelena Archiyan
       (Admitted in New York)
       AKERMAN LLP
       2001 Ross Avenue, Suite 3600
       Dallas, TX  75201
       Tel.: (214) 720-4300
       Fax: (214) 981-9339
       E-Mail: john.mitchell@akerman.com
       E-Mail: Yelena.archiyan@akerman.com

       - and –

       Andrea S. Hartley
       (Admitted *Pro Hac Vice*)
       Katherine C. Fackler
       (Admitted *Pro Hac Vice*)
       Joanne Gelfand
       (Admitted in New York)
       AKERMAN LLP
       98 Southeast Seventh Street, Suite 1100
       Miami, FL 3313
       Tel.: (305) 374-5600
       Fax: (305) 374-5095
       E-Mail: andrea.hartley@akerman.com
       E-Mail: katherine.fackler@akerman.com
       E-Mail: joanne.gelfand@akerman.com

       *Counsel for Debtors and Debtors-in-Possession*

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### PROPOSED ORDER GRANTING DEBTORS' AMENDED MOTION TO SELL REMAINING ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, TITLE, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363

Upon the motion of Republic Metals Refining Corporation, *et al.*, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), in the above-captioned chapter 11 cases, for entry of an Order Granting the Debtors' Amended Motion to Sell Remaining Assets of the Estate Free and Clear of All Liens, Claims, Rights, Title, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363 [**ECF No.__**] (the "Motion")[2]; and the Court, finding that good, adequate, and sufficient cause has been shown to justify entry of the Order; and it appearing that the relief requested is in the best interests of the Debtors' estates, its creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and the Court having reviewed the Motion; and due and proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] Unless otherwise noted, defined terms from the Motion are incorporated by reference herein.

47610459;1

notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**.

2.      The Debtors are authorized to sell the Remaining Assets free and clear of all liens, claims, encumbrances and interests of entities other than the estate pursuant to 11 U.S.C. § 363(f), in such manner as Scott Avila, as Chief Restructuring Officer of the Debtors, deems appropriate in his business judgment to maximize value for the estate.

3.      Any existing liens, claims, rights, title, interests and encumbrances, of any nature as to the Remaining Assets shall attach to the proceeds of the sales approved by this Order (the "Sale Proceeds") to the same extent, and in the order and priority in which they existed as of the November 2, 2018 Petition Date.  The Debtors shall deposit the Sale Proceeds into a separate debtor in possession account, with any further distributions from such account subject to further order of this Court.

4.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       February __, 2019                          **PROPOSED**

                                    _____
                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE