RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Texas Precious Metals, LLC,*
*GMR Gold, Inc. and Scotsman Coin & Jewelry, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>REPUBLIC METALS REFINING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 18-13359 (SHL)<br><br>(Jointly Administered) |

**RESPONSE OF TEXAS PRECIOUS METALS, LLC, GMR GOLD, INC. AND SCOTSMAN COIN & JEWELRY, INC. TO OBJECTION OF MITCHELL LEVINE, ERIE MANAGEMENT PARTNERS, LLC AND PLAT/CO. TO DEBTORS' OMNIBUS MOTION FOR APPROVAL OF SETTLEMENT TERMS**

TO THE HON. SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Texas Precious Metals, LLC, GMR Gold, Inc. and Scotsman Coin & Jewelry, Inc. (collectively, the "Customers"), creditors and parties in interest, by their attorneys Rich Michaelson Magaliff, LLP, respectfully submit this response to the objection filed by Mitchell Levine, Erie Management Partners, LLC and Plat/Co. (the "Objectors") to the Debtors' Omnibus Motion for Approval of Settlement Terms [doc. 565], as supplemented [doc. 634], and state:

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

1. The Objectors object to the Debtors' proposed settlements of the Customers' ownership claims pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9019 not because the settlement does not represent a sound and prudent exercise of the Debtors' business judgement and not because the settlement fails to meet the well-established standards in the Second Circuit for approval of settlements. *See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2nd Cir. 2007). The Objectors ignore the factual and legal bases for compromises and settlements, and instead assert that the Court cannot approve the proposed settlements because the very issue that is being settled, namely who owns the metals, has not been decided by the Court. Approving these settlements, and returning metal to the Customers, so they argue, "favors" some customers over others who also assert ownership claims to metal.[2]

2. Each of the Customers bought and prepaid for minted gold and silver from Republic Metals Corporation ("RMC"). Texas Precious Metals has custom minted gold and silver, which bears its federally registered trademarks. Each of the Customers' metals were prepaid in full, and packaged for shipment with shipping labels on the Petition Date. The Customers articulated strong legal arguments as to why, given these facts, title of the metals transferred to the owners under relevant Florida law, including that (i) they are buyers in the ordinary course of business, (ii) under RMC's Standard Operating Terms and Conditions, title to the assets legally transferred to the Customers upon payment, (iii) under the law of bailment, RMC has no equitable interest in the metals, and (iv) in the case of Texas Precious Metals, the Debtors' sale of the

---

[2] Perhaps the Objectors are unaware, but this is not the first time the Court has considered and approved a Bankruptcy Rule 9019 settlement that provided for the return to a customer of prepaid, packaged metals in which others – in that case the secured lenders – asserted a competing interest. *See Order Approving Stipulation of Settlement* with Cornerstone Asset Metals, LLC, doc. 7 in adv. pro. no. 18-01171 dated December 18, 2018. Cornerstone prepaid for 14,500 ounces of silver bars and coins. As of the Petition Date, the silver was packaged and ready for shipment by the Debtors. Cornerstone filed a complaint seeking a declaratory judgment that it owned the prepaid, packaged silver, and moved for a preliminary injunction and TRO to prevent the Debtors from selling the silver. Cornerstone asserted that if the metal was not returned, it would be forced out of business. Under the standards of Bankruptcy Rule 9019, the Court approved a settlement that provided for the return of the prepaid metal and an allowed general unsecured claim for Cornerstone.

branded product would infringe its trademarks and service mark, in violation of the Lanham Act, 15 U.S.C. §§ 1114, *et. seq*.[3]

3. The Objectors wholly miss the point, which is that precisely <u>because</u> there are disputes over the ownership of the specific identifiable metals at issue, the Debtors, with the support of the secured lenders, have assessed the strength of the Customers' claims, the litigation risks and costs, and all other relevant factors, and concluded that the prosed settlements are reasonable and prudent in the circumstances. The Objectors do not address any of these considerations. They do not articulate why the legal bases for the Customers' ownership claims are wrong, or why their claims to <u>these</u> <u>specific</u> <u>metals</u> are superior to those of the Customers.[4] They do not articulate why the settlement for <u>these</u> Customers concerning <u>these</u> <u>metals</u> is not reasonable or a sound exercise of business judgment. They do not articulate why, under the standards of Bankruptcy Rule 9019, the Court cannot approve these settlements.

4. Put another way, the Objectors would have the Court conduct a trial at some future point to determine ownership, which runs counter to the maxim that the court is not required to "conduct a mini-trial to 'decide the numerous questions of law and fact raised … but rather to canvass the issues' raised by the parties." *In re Stone Barn Manhattan LLC*, 405 B.R. 68, 75 (Bankr. S.D.N.Y. 2009). In fact, "[i]t is not the court's task to determine whether the settlement proposed by the parties is the best possible, or fairest, or most appropriate resolution of the dispute." *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009). The court does not even "have to be convinced that the settlement is the best possible compromise.

---

[3] The legal analysis supporting Texas Precious Metals' ownership claims is set forth in its *Customer Statement Concerning Ownership of Prepaid Fabricated Metal* dated January 22, 2019 [doc. 510], and is incorporated herein. The legal analysis in Texas Precious Metals' statement, other than for the branded product, is equally applicable to GMR Gold and Scotsman Coin & Jewelry, who adopt those arguments herein.

[4] Unlike the Customers, the Objectors have no identifiable metals.

Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2000) (internal citations and quotations omitted).

5. In short, in the context of a Bankruptcy Rule 9019 compromise, the Objectors ask the Court to determine if they have a superior right to the Customers' prepaid, packaged metals, while ignoring all of the factual and legal reasons why the settlements should be approved. This is not the appropriate place for the Court to make this determination. There is a procedure that the Court has approved (*see Order Granting (I) Debtor's Motion to Sell Property of the Estate Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §363 and (II) Authority to Settle and Compromise Pursuant to Rule 9019 (Prepaid Product Orders)* [doc. 372]), and the Objectors have filed a customer statement to avail themselves of that mechanism to determine their claims. *See* doc. 468. The Objectors have utterly failed to sustain their burden of showing that the proposed settlements do not meet the standards for approval under Bankruptcy Rule 9019.

**WHEREFORE**, the Customers respectfully request that the Court overrule the objection and grant the Debtors' Motion to approve the proposed settlements.

Dated: New York, New York
February 18, 2019

RICH MICHAELSON MAGALIFF, LLP
Counsel for Texas Precious Metals, LLC,
GMR Gold, Inc. and Scotsman Coin & Jewelry, Inc.
By:

/s/ Howard P. Magaliff
HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
*hmagaliff@r3mlaw.com*