UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER (I) SETTING BAR DATE FOR SUBMITTING PROOFS OF CLAIM
ASSERTED PURSUANT TO 11 U.S.C. § 503(b)(9), (II) APPROVING
PROCEDURES FOR THE ASSERTION, RESOLUTION, AND SATISFACTION
OF 503(b)(9) CLAIMS, AND (III) APPROVING NOTICE THEREOF**

Upon the Motion, dated January 31, 2019 (the "Motion") [ECF No. 555][2] of Republic Metals Refining Corporation, et al., the above-captioned Debtors and Debtors-in-Possession (collectively the "Debtors"), for entry of an order (a) setting a Bar Date for Submitting Proofs of Claim asserted pursuant to 11 U.S.C. § 503(b)(9), (b) approving the procedures for submitting Proofs of Claim asserted under § 503(b)(9) in the chapter 11 cases and the form of the Proof of 503(b)(9) Claim, and (c) approving the form and manner of service of the bar date notice (the "503(b)(9) Claims Bar Date Notice"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

48102498;1

proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties-in-interest; and upon all of the proceedings had before the Court; and after due deliberation and cause appearing;

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is granted to the extent set forth herein.

    2.    Vendors that assert a 503(b)(9) Claim against the Debtors which arose before November 2, 2018 for Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC; and November 21, 2018 for Republic High Tech Metals, LLC, RMC Diamonds, LLC, J&L Republic, LLC, R&R Metals, LLC, Republic Metals Trading (Shanghai) Co., Ltd., and Republic Trans Mexico Metals, S.R.L. (the "Petition Dates") shall submit a written proof of such 503(b)(9) Claim so that it is actually received on or before **5:00 p.m. Eastern Time on April 12, 2019** (the "503(b)(9) Claims Bar Date") by Donlin, Recano & Company, Inc. (the "Claims and Noticing Agent") in accordance with this 503(b)(9) Bar Date Order.

    3.    The following Procedures (the "Procedures"), which Procedures are hereby authorized and approved in their entirety, shall apply to all 503(b)(9) Claims:

    a)    Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "Proof of 503(b)(9) Claim") that sets forth (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed

    in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

b)  Each Proof of 503(b)(9) Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of 503(b)(9) Claim Form provided by the Debtors or Official Form 410; (iv) be signed by the Vendor or by an authorized agent or legal representative of the Vendor; and (v) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;

c)  Parties who wish to receive proof of receipt of their Proofs of 503(b)(9) Claim from the Claims and Noticing Agent must also include with their Proof of 503(b)(9) Claim a copy of their Proof of 503(b)(9) Claim and a self-addressed, stamped envelope;

d)  The Proof of 503(b)(9) Claim must specify by name and case number the Debtor against which the 503(b)(9) Claim is submitted. A Proof of 503(b)(9) Claim submitted under Case No. 18-13359 or that does not identify a Debtor will be deemed as submitted only against Republic Metals Refining Corporation. A Proof of 503(b)(9) Claim that names a subsidiary Debtor but is submitted under the Case No. 18-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e)  If the Vendor asserts a Claim against more than one Debtor or has 503(b)(9) Claims against different Debtors, a separate Proof of 503(b)(9) Claim Form must be submitted with respect to each Debtor;

f)  Each Proof of 503(b)(9) Claim, including supporting documentation, must be submitted so that the 503(b)(9) Claims and Noticing Agent *actually receives* the Proof of 503(b)(9) Claim on or before the applicable 503(b)(9) Claims Bar Date by either: (i) electronically using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/clients/rmetals/fileclaim or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of 503(b)(9) Claim must include an *original* signature, at one of the following addresses:

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc.<br>Re: Republic Metals Refining Corporation, et al.<br>503(b)(9) POC<br>P.O. Box 199043<br>Blythebourne Station<br>Brooklyn, NY 11219 |
|---|---|
| If delivered by hand delivery or overnight mail: | Donlin, Recano & Company, Inc.<br>Re: Republic Metals Refining Corporation, et al.<br>6201 15th Avenue<br>503(b)(9) POC<br>Brooklyn, NY 11219 |

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

g) The Debtors shall have ninety (90) days (or such later date as may be approved by the Court) after the 503(b)(9) Claims Bar Date to file with the Court and serve any objections (the "<u>Objections</u>") to timely filed 503(b)(9) Claims (the "<u>Objection Deadline</u>");

h) The Creditors Committee shall have the right to object to the 503(b)(9) Claims before the Objection Deadline;

i) Vendors shall have until thirty (30) days after the filing of the applicable Objection to file with the Court and serve on Donlin, Recano & Company, Inc., Re: Republic Metals Refining Corporation, et al., P.O. Box 199043, Blythebourne Station, Brooklyn, NY 11219, if mailed by first-class U.S. mail, or Donlin, Recano & Company, Inc., Re: Republic Metals Refining Corporation, et al., 6201 15th Avenue, Brooklyn, NY 11219, if delivered by hand or overnight delivery, with a copy served on (i) the Debtors, c/o Republic Metals Refining Corporation 12900 NW 38th Avenue, Miami, FL 33054 (Attn: Scott Avila); (ii) Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and 98 Southeast Seventh Street, Suite 1100, Miami, FL 33131 (Attn: Andrea S. Hartley, Esq.); and (iii) attorneys for the Creditors Committee, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036 (Attn: Seth Van Aalten, Esq. and Ian Shapiro, Esq.) any replies to such Objections;

j) All timely filed 503(b)(9) Claims will be deemed allowed unless objected to by the Debtors on or before the Objection Deadline;

k) Notwithstanding and without limiting the foregoing, the Debtors are authorized, but not required, to negotiate, in their sole

        discretion, with any Vendor and to seek an agreement resolving any Objection to such Vendor's 503(b)(9) Claim. The Debtors will report to the Creditors Committee and the United States Trustee regarding all payments made on 503(b)(9) Claims;

l)     If the Debtors cannot reach an agreement with a Vendor regarding a particular Objection to such Vendor's 503(b)(9) Claim, the Debtors will schedule the matter for a hearing by the Court;

m)     To the extent a 503(b)(9) Claim is allowed, the 503(b)(9) Claim will be satisfied pursuant to and as set forth in such chapter 11 plan as shall be confirmed by the Court, or as otherwise ordered by the Court after notice and an opportunity for a hearing; *provided, however*, that the Debtors reserve the right to exercise any lawful right of setoff against any 503(b)(9) Claim; and

n)     Vendors shall be forever barred, without further order of the Court, from asserting a Section 503(b)(9) Claim after the expiration of the 503(b)(9) Claims Bar Date, but shall not be barred from asserting a related or unrelated general unsecured claim.

4.     The foregoing Procedures are the sole and exclusive method for the assertion, resolution, allowance, and satisfaction of 503(b)(9) Claims against the Debtors.

5.     The foregoing Procedures shall be effective as of the Petition Dates.

6.     All Vendors are prohibited from using any other means for the assertion, reconciliation, allowance, resolution, or satisfaction of their 503(b)(9) Claims, including, without limitation, the filing of a motion for allowance, or to compel payment, of any 503(b)(9) Claims.

7.     To the extent a Vendor asserting a 503(b)(9) Claim has been paid pursuant to another order entered by the Court in these chapter 11 cases, the Procedures shall not apply and any such 503(b)(9) Claim asserted by such Vendor shall be deemed withdrawn without the need for any application to, or further order of, the Court.

8. The 503(b)(9) Bar Date Notice attached hereto as **Exhibit A** is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the 503(b)(9) Claims Bar Date on:

- a) the United States Trustee for the Southern District of New York;

- b) proposed counsel to the Creditors Committee and any other official committee formed in the chapter 11 cases;

- c) counsel for Bank Hapoalim B.M. ("Hapoalim"), Mitsubishi International Corporation ("Mitsubishi"), Coöperatieve Rabobank U.A., New York Branch ("Rabobank"), Brown Brothers Harriman & Co. ("BBH"), ICBC Standard Bank Plc ("ICBCS"), Techemet Metal Trading LLC ("Techemet"), Woodforest National Bank ("Woodforest"), Bank Leumi USA ("Leumi") (Leumi, Rabobank, BBH, Hapoalim, Mitsubishi, ICBCS, Techemet, and Woodforest (collectively, the "Senior Lender");

- d) the Debtors' 30 largest unsecured creditors;

- e) all known holders of claims listed on the Schedules at the addresses stated therein or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

- f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

- g) the attorneys of record to all parties to pending litigation against any of the Debtors (as of the date of the entry of the Proposed Order);

- h) the United States Attorney's Office for the Southern District of New York;

- i) the Internal Revenue Service;

- j) the office of the attorneys general for the states in which the Debtors operate;

- k) all parties which, to the best of the Debtors' knowledge, information, and belief, had asserted or then may have asserted a claim;

6

48102498;1

    l)      all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of the entry of the Proposed Order); and

    m)      all parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (the "<u>Notice Parties</u>").

12.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

13.    Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.    Debtors and their Claims and Noticing Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15.    Entry of this 503(b)(9) Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of 503(b)(9) Claims or interests **not** subject to the 503(b)(9) Bar Date established herein must submit such Proofs of 503(b)(9) Claim or interest or be barred from doing so.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this 503(b)(9) Bar Date Order.

Dated: New York, New York
February 28, 2019

                                          */s/ Sean H. Lane*
                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

48102498;1

# EXHIBIT A

John E. Mitchell *(Admitted Pro Hac Vice)*
Yelena Archiyan *(Admitted in New York)*
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley *(Admitted Pro Hac Vice)*
Joanne Gelfand *(Admitted in New York)*
Katherine C. Fackler *(Admitted Pro Hac Vice)*
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | |
| | ) | (Jointly Administered) |

**NOTICE OF DEADLINE REQUIRING SUBMISSION OF PROOFS OF 503(b)(9) CLAIM ON OR BEFORE APRIL 12, 2019 AND RELATED PROCEDURES FOR SUBMITTING 503(b)(9) CLAIMS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the Southern District of New York (the "Court") has entered an order (the "503(b)(9) Claims Bar Date Order") establishing **5:00 p.m. Eastern Time on April 12, 2019** (the "503(b)(9) Claims Bar Date") as the last date for Vendors to submit a Proof of 503(b)(9) Claim against any of the Debtors listed below (collectively, the "Debtors"). A copy of the 503(b)(9) Claims Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Donlin, Recano & Company, Inc. (the "Claims and Noticing Agent" retained in the chapter 11 cases) by calling

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

48105578;1

(212) 771-1128, or (ii) for no charge by visiting the Claims and Noticing Agent's website at https://www.donlinrecano.com/republicmetals, or (iii) for a fee via PACER by visiting http://ecf.nysb.uscourts.gov.

The 503(b)(9) Claims Bar Date Order requires that all Vendors holding or wishing to assert a 503(b)(9) Claim that arose or is deemed to have arisen prior to **November 2, 2018** for Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC; and **November 21, 2018** for Republic High Tech Metals, LLC, RMC Diamonds, LLC, J&L Republic, LLC, R&R Metals, LLC, Republic Metals Trading (Shanghai) Co., Ltd., and Republic Trans Mexico Metals, S.R.L. (the "**Petition Dates**") against the Debtors to submit a Proof of 503(b)(9) Claim so as to be actually received by Donlin, Recano & Company, Inc. on or before **5:00 p.m. Eastern Time on April 12, 2019**.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of 503(b)(9) Claim.**

### DEBTORS IN THE CHAPTER 11 CASES

| Debtor Name | Federal Tax Identification Number | Case Number |
| --- | --- | --- |
| Republic Metals Refining Corporation | 65-0853194 | 18-13359 |
| Republic Metals Corporation | 59-2024378 | 18-13360 |
| Republic Carbon Company, LLC | 82-1295833 | 18-13361 |
| Republic High Tech Metals, LLC | 82-2026102 | 18-13638 |
| RMC Diamonds, LLC | 45-1481507 | 18-13639 |
| RMC2, LLC | 27-3284696 | 18-13641 |
| J & L Republic LLC | 46-5737604 | 18-13642 |
| R & R Metals, LLC | 46-5747848 | 18-13643 |
| Republic Trans Mexico Metals, S.R.L. | 98-1182942 | 18-13644 |
| Republic Metals Trading (Shanghai) Co., Ltd. | 36-4861639 | 18-13645 |

**Section 503(b)(9) Claims.** Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty (20) day period prior to the Petition Dates.

### WHAT TO SUBMIT

The Court has deemed the submission of a Proof of 503(b)(9) Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code.

The Debtors are enclosing a Proof of 503(b)(9) Claim form for use in the cases. You may utilize the Proof of 503(b)(9) Claim form(s) provided by the Debtors to submit your 503(b)(9) Claim.

48105578;1

Your Proof of 503(b)(9) Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of 503(b)(9) Claim forms may be obtained by contacting the Debtors' Claims and Noticing Agent, Donlin, Recano & Company, Inc., by calling (212) 771-1128 and/or visiting the Claims and Noticing Agent's website at: https://www.donlinrecano.com/republicmetals.

The following procedures for the submission of Proofs of Claim against the Debtors in the chapter 11 cases shall apply:

 a) Any Vendor asserting a 503(b)(9) Claim must prepare a proof of claim (a "Proof of 503(b)(9) Claim") that sets forth (i) the value of the Goods the Vendor contends the Debtors received within twenty (20) days before the Commencement Date; (ii) documentation, including invoices, receipts, bills of lading, and the like, identifying the particular Goods for which the claim is being asserted; (iii) documentation regarding which Debtor the Goods were shipped to, the date the Goods were received by such Debtor, and the alleged value of such Goods; and (iv) a statement indicating (I) whether the value of such Goods listed in the Proof of 503(b)(9) Claim represents a combination of services and Goods, (II) the percentage of value related to services and related to Goods, and (III) whether the Vendor has filed any other claim against any Debtor regarding the Goods underlying its Proof of 503(b)(9) Claim;

 b) Each Proof of 503(b)(9) Claim must: (i) be written in English; (ii) include a 503(b)(9) Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of 503(b)(9) Claim Form provided by the Debtors or Official Form 410; (iv) be signed by the Vendor or by an authorized agent or legal representative of the Vendor; and (v) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;

 c) Vendors who wish to receive proof of receipt of their Proofs of 503(b)(9) Claim from the Claims and Noticing Agent must also include with their Proof of

3

    503(b)(9) Claim a copy of their Proof of 503(b)(9) Claim and a self-addressed, stamped envelope;

d) Each Proof of 503(b)(9) Claim must specify by name and case number the Debtor against which the 503(b)(9) Claim is submitted. A Proof of 503(b)(9) Claim submitted under Case No. 18-13359 or that does not identify a Debtor will be deemed as submitted only against Republic Metals Refining Corporation. A Proof of 503(b)(9) Claim that names a subsidiary Debtor but is submitted under the Case No. 18-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e) If the holder asserts a 503(b)(9) Claim against more than one Debtor or has 503(b)(9) Claims against different Debtors, a separate Proof of 503(b)(9) Claim form must be submitted with respect to each Debtor;

f) **Receipt of Service**. Any Vendor wishing to receive acknowledgment that Donlin Recano received its Proof of 503(b)(9) Claim must submit (i) a copy of the Proof of 503(b)(9) Claim Form (in addition to the original Proof of 503(b)(9) Claim Form sent to Donlin Recano) and (ii) a self-addressed, stamped envelope.

## WHEN AND WHERE TO SUBMIT

Each Proof of 503(b)(9) Claim, including supporting documentation, must be submitted so that the 503(b)(9) Claims and Noticing Agent *actually receives* the Proof of 503(b)(9) Claim on or before the 503(b)(9) Bar Date by either: (i) electronically using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/clients/rmetals/fileclaim or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of 503(b)(9) Claim must include an *original* signature, at one of the following addresses:

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc. Re: Republic Metals Refining Corporation, et al. 503(b)(9) POC P.O. Box 199043 Blythebourne Station Brooklyn, NY 11219 |
|---|---|
| If delivered by hand delivery or overnight mail: | Donlin, Recano & Company, Inc. Re: Republic Metals Refining Corporation, et al. 503(b)(9) POC 6201 15th Avenue Brooklyn, NY 11219 |

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID 503(b)(9) CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A 503(b)(9) CLAIM OR THAT THE DEBTORS OR THIS COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### RESERVATION OF RIGHTS

Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted 503(b)(9) Claim or any 503(b)(9) Claim listed or reflected in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled 503(b)(9) Claim as disputed, contingent or unliquidated; and (c) otherwise amend the Schedules.

### ADDITIONAL INFORMATION

If you have any questions regarding the claims process and/or if you wish to obtain a copy of the 503(b)(9) Claims Bar Date Order (which contains a more detailed description of the requirements for submitting proofs of claim), a Proof of 503(b)(9) Claim Form or related documents, you may do so by visiting the Claims and Noticing Agent's website at https://www.donlinrecano.com/republicmetals, or contacting the Claims and Noticing Agent by calling (212) 771-1128 and/or writing to the following addresses: (a) by first-class mail, hand delivery or overnight mail - Republic Metals Refining Corporation c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219. Please note that the Claims and Noticing Agent cannot advise you how to submit, or whether you should submit, a Proof of 503(b)(9) Claim.

5

48105578;1

## CONSEQUENCES OF FAILURE TO SUBMIT A PROOF OF 503(b)(9) CLAIM BY THE 503(b)(9) BAR DATE

ANY VENDOR WHO IS REQUIRED, BUT FAILS, TO SUBMIT A PROOF OF 503(b)(9) CLAIM IN ACCORDANCE WITH THE 503(b)(9) CLAIMS BAR DATE ORDER ON OR BEFORE THE APPLICABLE 503(b)(9) CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH 503(b)(9) CLAIM AGAINST THE DEBTORS (OR SUBMITTING A PROOF OF 503(b)(9) CLAIM WITH RESPECT THERETO). IN SUCH EVENT, THE DEBTORS' PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH 503(b)(9) CLAIM, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE TO ACCEPT OR REJECT ANY PLAN OF REORGANIZATION FILED IN THE CHAPTER 11 CASES OR PARTICIPATE IN ANY DISTRIBUTION ON ACCOUNT OF SUCH 503(b)(9) CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH 503(b)(9) CLAIM.

Dated: _____, 2019

    AKERMAN LLP

    By: *DRAFT*
        Katherine C. Fackler (Admitted *Pro Hac Vice*)
        Andrea S. Hartley (Admitted *Pro Hac Vice*)
        Joanne Gelfand (Admitted in New York)
        AKERMAN LLP
        98 Southeast Seventh Street, Suite 1100
        Miami, FL 3313
        Tel.: (305) 374-5600
        Fax: (305) 374-5095
        E-Mail: andrea.hartley@akerman.com
        E-Mail: joanne.gelfand@akerman.com
        E-Mail: katherine.fackler@akerman.com

    -and-

        John E. Mitchell (Admitted *Pro Hac Vice*)
        Yelena Archiyan (Admitted in New York)
        AKERMAN LLP
        2001 Ross Avenue, Suite 3600
        Dallas, TX 75201
        Tel.: (214) 720-4300
        Fax: (214) 981-9339
        E-Mail: john.mitchell@akerman.com
        E-Mail: yelena.archiyan@akerman.com
        *Counsel for Debtors and Debtors-in-Possession*