UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

48101551;2

which arose on or prior to the filing of the Chapter 11 petitions on November 2, 2018 for Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC; and November 21, 2018 for Republic High Tech Metals, LLC, RMC Diamonds, LLC, J&L Republic, LLC, R&R Metals, LLC, Republic Metals Trading (Shanghai) Co., Ltd., and Republic Trans Mexico Metals, S.R.L. (the "Filing Dates"), shall file a roof of such claim so that it is received by Donlin, Recano & Company, Inc. (the "Claims and Noticing Agent") on or before **5:00 p.m. Eastern Time on April 12, 2019**; and it is further

**ORDERED**, that notwithstanding any other provision hereof, Proofs of Claim filed by governmental units must be filed so that they are received by the Claims and Noticing Agent on or before **5:00 p.m. Eastern Time on May 20, 2019** (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of Proofs of Claim shall apply:

(a) Proofs of Claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Each Proof of Claim, including supporting documentation, must be submitted so that the Claims and Noticing Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by either: (i) electronically using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/clients/rmetals/fileclaim or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at one of the following addresses:

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc.<br>Re: Republic Metals Refining Corporation, et al.<br>P.O. Box 199043<br>Blythebourne Station<br>Brooklyn, NY 11219 |
|---|---|
| If delivered by hand delivery or overnight mail: | Donlin, Recano & Company, Inc.<br>Re: Republic Metals Refining Corporation, et al.<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

(c) Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(d) Proofs of Claim must specify by name and case number the Debtor against which the claim is filed. A Proof of Claim submitted under Case No. 18-13359 or that does not identify a Debtor will be deemed as submitted only against Republic Metals Refining Corporation. A Proof of Claim that names a subsidiary Debtor but is submitted under the Case No. 18-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor;

(e) Parties who wish to receive proof of receipt of their Proofs of Claim from the Claims and Noticing Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope; and it is further

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

48101551;2

(a) Any claim as to which the holder has already filed a Proof of Claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410, so long as the claimant does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Proof of Claim must be filed;

(b) Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any claim that heretofore has been allowed by Order of this Court;

(d) Any claim that has been paid in full by any of the Debtors;

(e) Any claim for which different specific deadlines have previously been fixed by this Court;

(f) Any claim by a Debtor against another Debtor, or any claim by any of the non-debtor subsidiaries of Republic Metals Refining Corporation having a claim against any of the Debtors;

(g) Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate;

(h) Any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a Proof of Claim by the Bar Date for all other Claims arising before the Petition Dates, including Claims

48101551;2

    for wrongful termination, discrimination, harassment, hostile work environment, and retaliation and Claims covered by the Debtors' workers' compensation insurance;

(i) Any current or former officer or director for indemnification, contribution, or reimbursement;

(j) Any entity that, as of the applicable Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor; and

(k) Any person or entity holding a Claim solely against the Debtors' non-debtor affiliates; and it is further;

  **ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Bar Date Order, must file a Proof of Claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Bar Date Order, must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection. The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease; and it is further

  **ORDERED**, that holders of equity interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interest, <u>provided, however</u>, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of such Claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Bar Date Order; and it is further

48101551;2

**ORDERED**, that if the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file Proofs of Claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Bar Date Order by timely filing a Proof of Claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice in the form annexed hereto as **Exhibit A** is approved and shall be deemed adequate and sufficient if served by first-class mail at least **thirty-five** (**35**) days prior to the Bar Date on:

(a)   The United States Trustee;

(b)   Counsel to the Creditors Committee and any other official committee formed in the Chapter 11 cases;

(c)   Counsel for Bank Hapoalim B.M. ("Hapoalim"), Mitsubishi International Corporation ("Mitsubishi"), Coöperatieve Rabobank U.A., New York Branch ("Rabobank"), Brown Brothers Harriman & Co. ("BBH"), ICBC Standard Bank Plc ("ICBCS"), Techemet Metal Trading LLC ("Techemet"), Woodforest National Bank ("Woodforest"), Bank Leumi USA ("Leumi") (Leumi, Rabobank,

48101551;2

        BBH, Hapoalim, Mitsubishi, ICBCS, Techemet, and Woodforest (collectively, the "<u>Senior Lenders</u>");

(d)    The Debtors' 30 largest unsecured creditors;

(e)    All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(f)    All persons or entities that have filed claims;

(g)    All creditors and other known holders of claims as of the date of this Bar Date Order, including all persons or entities listed in the Schedules as holding claims;

(h)    All parties to executory contracts and unexpired leases of the Debtors listed on the Schedules at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(i)    The attorneys of record to all parties to pending litigation against the Debtors (as of the date of the entry of this Bar Date Order);

(j)    The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court);

(k)    All parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of the entry of the this Bar Date Order); and

(l)    All parties who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (the "<u>Notice Parties</u>"); and

    (m)    Such additional persons and entities as deemed appropriate by the Debtors; and it is further

**ORDERED**, that with regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to the application as **Exhibit B**, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed); and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtors and their Claims and Noticing Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

**ORDERED**, that notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice; and it is further

**ORDERED**, that notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or unrelated to the implementation of this Bar Date Order.

**ORDERED**, that entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests

not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
       March 1, 2019

                                      */s/ Sean H. Lane*_____
                                      HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

John E. Mitchell *(Admitted Pro Hac Vice)*
Yelena Archiyan *(Admitted in New York)*
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

*Counsel to the Debtors and Debtors in Possession*

Andrea S. Hartley *(Admitted Pro Hac Vice)*
Joanne Gelfand *(Admitted in New York)*
Katherine C. Fackler *(Admitted Pro Hac Vice)*
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| REPUBLIC METALS REFINING ) | |
| CORPORATION, *et al.*,[1] ) | Case No. 18-13359 (SHL) |
| ) | |
| Debtors. ) | |
| ) | (Jointly Administered) |

**NOTICE OF DEADLINE REQUIRING SUBMISSION OF PROOFS OF CLAIM ON OR BEFORE APRIL 12, 2019 AND RELATED PROCEDURES FOR SUBMITTING PROOFS OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. Eastern Time on April 12, 2019** (the "Bar Date") as the last date for each person or entity[2] (including individuals,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States Trustee. Further, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectfully.

47708588;2

partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed below (collectively, the "Debtors"). A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Donlin, Recano & Company, Inc. (the "Claims and Noticing Agent" retained in the chapter 11 cases) by calling (212) 771-1128, or (ii) for no charge by visiting the Claims and Noticing Agent's website at https://www.donlinrecano.com/republicmetals, or (iii) for a fee via PACER by visiting http://ecf.nysb.uscourts.gov.

Except for those holders of the claims listed below that are specifically excluded from the Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **November 2, 2018** for Republic Metals Refining Corporation, Republic Metals Corporation, and Republic Carbon Company, LLC; and **November 21, 2018** for Republic High Tech Metals, LLC, RMC Diamonds, LLC, J&L Republic, LLC, R&R Metals, LLC, Republic Metals Trading (Shanghai) Co., Ltd., and Republic Trans Mexico Metals, S.R.L. (the "**Petition Dates**"), the dates on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4] In addition, governmental units have until **5:00 p.m. Eastern Time on May 20, 2019** (the date that is 180 days after the order for relief) to submit Proofs of Claim.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

## DEBTORS IN THE CHAPTER 11 CASES

| Debtor Name | Federal Tax Identification Number | Case Number |
|---|---|---|
| Republic Metals Refining Corporation | 65-0853194 | 18-13359 |
| Republic Metals Corporation | 59-2024378 | 18-13360 |
| Republic Carbon Company, LLC | 82-1295833 | 18-13361 |
| Republic High Tech Metals, LLC | 82-2026102 | 18-13638 |
| RMC Diamonds, LLC | 45-1481507 | 18-13639 |
| RMC2, LLC | 27-3284696 | 18-13641 |
| J & L Republic LLC | 46-5737604 | 18-13642 |
| R & R Metals, LLC | 46-5747848 | 18-13643 |
| Republic Trans Mexico Metals, S.R.L. | 98-1182942 | 18-13644 |
| Republic Metals Trading (Shanghai) Co., Ltd. | 36-4861639 | 18-13645 |

---

[3] Defined collectively as the Rejection Bar Date (further defined herein), the Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4] "503(b)(9) Claims" are claims on account of goods received by a debtor within 20 days before the petition date, where such goods were sold to the debtor in the ordinary course of such debtor's business. 11 U.S.C. § 503(b)(9). 503(b)(9) claims are subject to a separate motion and order, and have the same bar date of **April 12, 2019**.

2

## WHO MUST SUBMIT A PROOF OF CLAIM

You MUST submit a Proof of Claim to vote in a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose before the Petition Dates and it is *not* one of the types of Claims described under the heading "Who Need Not Submit a Proof of Claim" below. Claims based on acts or omissions of the Debtors that occurred before the Petition Dates must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Dates.

Pursuant to section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. Further, claims include unsecured claims, secured claims, and priority claims.

## WHAT TO SUBMIT

The Debtors are enclosing a Proof of Claim Form for use in the cases. If your Claim is scheduled by the Debtors, the form also sets forth the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim Form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' Claims and Noticing Agent, Donlin, Recano & Company, Inc., by calling (212) 771-1128 and/or visiting the Claims and Noticing Agent's website at: https://www.donlinrecano.com/republicmetals.

The following procedures for the submission of Proofs of Claim against the Debtors in the chapter 11 cases shall apply:

    a)    Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available;

3

b) Parties who wish to receive proof of receipt of their Proofs of Claim from the Claims and Noticing Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

c) Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted. A Proof of Claim submitted under Case No. 18-13359 or that does not identify a Debtor will be deemed as submitted only against Republic Metals Refining Corporation. A Proof of Claim that names a subsidiary Debtor but is submitted under the Case No. 18-13359 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

d) If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Debtor;

e) Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** following the entry of the Court order approving such rejection, or be forever barred from doing so;

f) Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Dates pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless an exception identified under the heading "Who Need Not Submit a Proof of Claim" applies;

g) In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have until the later of (i) the applicable Bar Date and (ii) **thirty (30) days** from the date of such notice to file a Proof of Claim or be barred from doing so; and

4

    h)    **Receipt of Service**. Any claimant wishing to receive acknowledgment that Donlin Recano received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Donlin Recano) and (ii) a self-addressed, stamped envelope.

## WHEN AND WHERE TO SUBMIT

Each Proof of Claim, including supporting documentation, must be submitted so that the Claims and Noticing Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by either: (i) electronically using the interface available on the Claims and Noticing Agent's website at https://www.donlinrecano.com/clients/rmetals/fileclaim, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at one of the following addresses:

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc. Re: Republic Metals Refining Corporation, et al. P.O. Box 199043 Blythebourne Station Brooklyn, NY 11219 |
|---|---|
| If delivered by hand delivery or overnight mail: | Donlin, Recano & Company, Inc. Re: Republic Metals Refining Corporation, et al. 6201 15th Avenue Brooklyn, NY 11219 |

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

## WHO NEED NOT SUBMIT A PROOF OF CLAIM

You do not need to submit a Proof of Claim on or prior to the Bar Date if you are:

    a)    any person or entity that has already submitted a Proof of Claim against the Debtors with the Clerk of this Court or the Debtors' Claims and Noticing Agent in a form substantially similar to Official Bankruptcy Form No. 410;

    b)    any person or entity whose Claim is listed on the Schedules filed by the Debtors; provided that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant agrees with the amount, nature and priority of the Claim as set forth in the Schedules; *and* (iii) the claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

    c)    any holder of a Claim previously allowed by order of this Court;

d) any holder of a Claim that has already been paid in full;

e) any holder of a Claim for which a specific deadline has previously been fixed by this Court or otherwise fixed pursuant to the Bar Date Order;

f) any Debtor having a Claim against another Debtor in these chapter 11 cases;

g) any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of Section 503(b)(9) claim which is subject to the same bar date of **April 12, 2019** to file a Proof of 503(b)(9) Claim);

h) any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided*, *however*, that a current employee must submit a Proof of Claim by the Bar Date for all other Claims arising before the Petition Dates, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation and Claims covered by the Debtors' workers' compensation insurance;

i) any current or former officer or director for indemnification, contribution, or reimbursement;

j) any entity that, as of the applicable Bar Date, is an affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor; and

k) any person or entity holding a Claim solely against the Debtors' non-debtor affiliates.

6

47708588;2

> THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES <u>NOT</u> MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THIS COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## **<u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order, (the "<u>Rejection Bar Date</u>") or you will be forever barred from doing so. The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## **<u>SUPPLEMENTAL BAR DATE</u>**

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "<u>Supplemental Bar Date</u>") or be forever barred from doing so.

## **<u>THE DEBTORS' SCHEDULES AND ACCESS THERETO</u>**

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "<u>Schedules</u>").

Copies of the Debtors' Schedules are available: (a) from the Claims and Noticing Agent by calling (212) 771-1128 and/or visiting the Claims and Noticing Agent's website at: https://www.donlinrecano.com/republicmetals; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on this Court's Internet Website at http://ecf.nysb.uscourts.gov. A login and password to this Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and classification of your Claim(s). If the Debtors believe that you hold Claims against more than one Debtor, you

7

47708588;2

will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your Claim listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules; however, you may rely on the enclosed Proof of Claim Form, which lists your Claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the Claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

## RESERVATION OF RIGHTS

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## CONSEQUENCES OF FAILURE TO SUBMIT A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A PARTY EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

[*Remainder of page intentionally left blank*]

Dated: _____, 2019                    **BY ORDER OF THE COURT**

By: *DRAFT*
Katherine C. Fackler (Admitted *Pro Hac Vice*)
Andrea S. Hartley (Admitted *Pro Hac Vice*)
Joanne Gelfand (Admitted in New York)
AKERMAN LLP
98 Southeast Seventh Street, Suite 1100
Miami, FL 3313
Tel.: (305) 374-5600
Fax: (305) 374-5095
E-Mail: andrea.hartley@akerman.com
E-Mail: joanne.gelfand@akerman.com
E-Mail: katherine.fackler@akerman.com

-and-

John E. Mitchell (Admitted *Pro Hac Vice*)
Yelena Archiyan (Admitted in New York)
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339
E-Mail: john.mitchell@akerman.com
E-Mail: yelena.archiyan@akerman.com

*Counsel for Debtors and Debtors-in-Possession*