**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| REPUBLIC METALS REFINING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**ORDER GRANTING DEBTORS' AMENDED MOTION TO SELL REMAINING ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, TITLE, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

Upon the amended motion of Republic Metals Refining Corporation, *et al.*, as debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases, for entry of an Order Granting the Debtors' Amended Motion to Sell Remaining Assets of the Estate Free and Clear of All Liens, Claims, Rights, Title, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363 [**ECF No. 563**] (the "Motion")[2]; and the Court having reviewed the Motion, the objections to the Motion filed by: 7645635 Canada Inc. o/a Ottawa Gold Buyer and Pollock-Cameron Investment Corporation o/a Vancouver Gold Buyer [**ECF No. 613**], Mid-States Recycling, Inc. [**ECF No. 614**], Prince & Izant Company [**ECF No. 616**], First Majestic Silver Corp. [**ECF No. 617**], SO Accurate Group, Inc. [**ECF No. 618**], Mitchell Levine, Erie Management Partners, LLC and Plat/Co. [**ECF No. 619**], San Diego Gold Exchange [**ECF No. 621**], The Gold Refinery LLC and Norman Bean [**ECF No. 623**], Israel Coins and Medals Corp. Ltd. [**ECF No. 630**] and Apmex, Inc. [**ECF No. 636**] (collectively, the "Objections"); the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Republic Metals Refining Corporation, 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194), Republic Metals Corporation, 12900 NW 38th Avenue, Miami, FL 33054 (4378), Republic Carbon Company, LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833), Republic High Tech Metals, LLC, 13001 NW 38 Avenue, Miami, FL 33054 (6102), RMC Diamonds, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (1507), RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696), J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); R & R Metals, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7848), Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639), and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] Unless otherwise noted, defined terms from the Motion are incorporated by reference herein.

47610459;5

Debtors' Reply to the Objections [**ECF No. 641**] (the "Reply"); and the Court, finding that good, adequate, and sufficient cause has been shown to justify entry of this Order, as more fully set forth below; and it appearing that the relief requested is in the best interests of the Debtors' estates, its creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408 and 1409; and upon the record of the hearing held on February 21, 2019 (the "Hearing"), including representations of counsel; and due and proper notice of the Motion having been provided, it appearing that no other or further notice need be provided; and upon the record herein; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as modified herein.

2. The Debtors are authorized to sell the Remaining Assets free and clear of all liens, claims, encumbrances and interests of entities other than the estate pursuant to 11 U.S.C. § 363(f), subject to the following protocol:

    a. Prior to any sale of any of the Remaining Assets, the Debtors shall file with the Bankruptcy Court a "Notice of Proposed Sale" which details the proposed sale of the subject Remaining Assets, to include s(but not limited to) such information as:

        i. sale price;

        ii. payment terms, if any;

        iii. refining or processing fees and charges, if any;

        iv. date of sale, delivery, or settlement; and

47610459;5

        v. Debtors' good faith estimate of allocation.

  b. In addition to Court ECF email notice, the Notice of Proposed Sale will be served on the official *email* Master Service List maintained by Donlin Recano for these cases;

  c. Creditors and parties in interest will have five (5) business days to file an objection with this Court to any Notice of Proposed Sale. Absent objection, the Debtors shall be authorized to sell the subject Remaining Assets on the terms proposed in the Notice of Proposed Sale.

  d. If an objection is filed, the Debtors are prohibited from selling that portion of the Remaining Assets to which an objecting customer claims any interest, right, lien, title, interest or encumbrance absent further order of this Court. The Debtors may request a hearing as to any such objection on an expedited basis, before this Court, with all rights reserved to creditors and parties in interest to oppose same.

3. The Debtors shall deposit all Sale Proceeds (the "Sale Proceeds") into a separate debtor in possession account, with any further distributions from such account subject to further order of this Court.

4. Any existing liens, claims, rights, title, interests and encumbrances, of any nature (and including any offset rights) as to the Remaining Assets shall attach to the Sale Proceeds to the same extent, and in the order and priority in which they existed as of the November 2, 2018 Petition Date.

5. Notwithstanding the authority granted to the Debtors herein, the Debtors are not authorized to sell the property that is the subject of:

47610459;5

a. the Order [ECF No. 627] granting the Debtors' Motion for Approval of Settlement Agreement with Alamos Gold Inc., Minas de Oro Nacional, S.A. de C.V. and Minera Santa Rita S. de R.L. de C.V. Pursuant to Federal Rule of Bankruptcy Procedure 9019 [ECF No. 576];

b. the Debtors' Motion for Approval of Settlement Between the Debtors and Desarrollos Mineros San Luis S.A. de C.V. Pursuant to Federal Rule of Bankruptcy Procedure 9019 [ECF No. 574], as Supplemented [ECF No. 639];

c. the Debtors' Omnibus Motion for Approval of Settlement Terms with Prepaid Customers Pursuant to Federal Rules of Bankruptcy Procedure 9019 and 9006 [ECF No. 565], as Supplemented [ECF No. 634];

d. the Debtors' Second Omnibus Motion for Approval of Settlements with Customers Pursuant to Federal Rules of Bankruptcy Procedure 9019 [ECF No. 599], as Supplemented [ECF No. 635];

e. the Debtors' Third Omnibus Motion for Approval of Settlements with Customers Pursuant to Federal Rules of Bankruptcy Procedure 9019 [ECF No. 647]; and

f. the Debtors' Motion for Approval of Settlement with Wharf Resources (U.S.A.) Pursuant to Federal Rule of Bankruptcy Procedure 9019 [ECF No. 632].

6. The Consignment Material shall not include the 482 ounces listed in paragraph 17 of the Motion with First Majestic Silver Corp., as the purported consignee, as that property was never consigned and instead, was the subject of a transaction that was completed in April 2017 between Debtor Republic Metals Corporation and First Majestic Silver Corp.

7. The Debtors have withdrawn any request to sell the following identified materials, and therefore no relief is granted herein with respect to same:

      a. 322 gold ounces identified as on consignment with So Accurate;

      b. 322 gold ounces identified as on consignment with Horizon Metals; and

      c. all metals identified as being in the possession of Brinks Company.

8. The Debtors have announced that they have reached a tentative agreement with Prince and Izant Company, which will be the subject of a forthcoming settlement motion to be filed with this Court. Therefore, no relief shall be granted herein with respect to Packaged Goods identified by the Debtors as having been paid for, pre-petition, by Prince & Izant (as referenced in paragraph 12g of the Sale Motion).

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      March 5, 2019

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

47610459;5