**HEARING DATE AND TIME: MAY 15, 2019 AT 2:00 P.M. (EASTERN TIME)**
**OBJECTION DEADLINE DATE AND TIME: MAY 8, 2019 AT 4:00 P.M. (EASTERN TIME)**

John E. Mitchell (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX  75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
Joanne Gelfand (*Admitted in New York*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MIAMI METALS I, INC., *et al.*[1] | Case No. 18-13359 (shl) |
| | (Jointly Administered) |
| Debtors. | |
| | **RELATED DOC. NOS. 890 AND 897** |

**NOTICE OF HEARING ON DEBTORS'**
**AMENDED[2] MOTION FOR AUTHORITY TO SETTLE**
**COMPROMISES RELATING TO REMAINING MATERIALS PURSUANT TO**
**RULE 9019 AND TO AUTHORIZE ABANDONMENT OF REMAINING MATERIALS**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Amended Motion for Authority*

*to Settle Compromises Relating to Remaining Materials Pursuant to Rule 9019 and to Authorize*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942).

[2] This Motion supersedes and replaces the Debtors' original *Motion for Authority to Settle Compromises Relating to Remaining Materials Pursuant to Rule 9019 and to Authorize Abandonment of Remaining Materials* [Docket No. 890] and the Debtors' supplement to same [Docket No. 897].

48647596;2

*Abandonment of Remaining Materials* (the "Motion"), will be held on **May 15, 2019 at 2:00 p.m. (prevailing Eastern Time)** in the above-captioned cases, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "**Objections**") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) the Chambers of the Honorable Sean H. Lane ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (c) the Debtors, c/o Miami Metals I, Inc. f/k/a Republic Metals Refining Corporation, (Attn: Scott Avila); (d) the attorneys for the Debtors, Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and 98 Southeast Seventh Street, Suite 1100, Miami, FL 3313 (Attn: Andrea S. Hartley, Esq. and Katherine C. Fackler, Esq.); (e) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Shannon Scott, Esq.); (f) the attorneys for the Creditors' Committee, if a committee is formed; (g) counsel to any other statutory committee appointed in the Chapter 11 Cases, and (h) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002 so as to be received no later than **May 8, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: April 18, 2019

        AKERMAN LLP

        By: */s/ Katherine C. Fackler*
            Katherine C. Fackler (Admitted *Pro Hac Vice*)
            Andrea S. Hartley (Admitted *Pro Hac Vice*)
            Joanne Gelfand (Admitted in New York)
            98 Southeast Seventh Street, Suite 1100
            Miami, FL 3313
            Tel.: (305) 374-5600
            Fax: (305) 374-5095
            E-Mail: andrea.hartley@akerman.com
            E-Mail: joanne.gelfand@akerman.com
            E-Mail: katherine.fackler@akerman.com

                -and-

            John E. Mitchell (Admitted *Pro Hac Vice*)
            Yelena Archiyan (Admitted in New York)
            2001 Ross Avenue, Suite 3600
            Dallas, TX 75201
            Tel.: (214) 720-4300
            Fax: (214) 981-9339
            E-Mail: john.mitchell@akerman.com
            E-Mail: yelena.archiyan@akerman.com

        *Counsel for Debtors and Debtors-in-Possession*

**HEARING DATE AND TIME: MAY 15, 2019 AT 2:00 P.M. (EASTERN TIME)**
**OBJECTION DEADLINE DATE AND TIME: MAY 8, 2019 AT 4:00 P.M. (EASTERN TIME)**

John E. Mitchell (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX  75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
Joanne Gelfand (*Admitted in New York*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MIAMI METALS I, INC., *et al.*[1] | Case No. 18-13359 (shl) |
| | (Jointly Administered) |
| Debtors. | **RELATED DOC. NOS. 890 AND 902** |

## DEBTORS' AMENDED[2] MOTION FOR AUTHORITY TO SETTLE COMPROMISES RELATING TO REMAINING MATERIALS PURSUANT TO RULE 9019 AND TO AUTHORIZE ABANDONMENT OF REMAINING MATERIALS

Miami Metals II, Inc. f/k/a Republic Metals Corp., ("RMC"), together with Miami Metals I, Inc., *et al.*, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942).

[2] This Motion supersedes and replaces the Debtors' original *Motion for Authority to Settle Compromises Relating to Remaining Materials Pursuant to Rule 9019 and to Authorize Abandonment of Remaining Materials* [Docket No. 890] and the Debtors' supplement to same [Docket No. 897].

48647596;2

captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), by and through their undersigned counsel, and pursuant to Section 554 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6007 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6007-1 of the Local Rules for the Southern District of New York (the "Local Rules"), hereby file this motion (the "Motion"), for entry of an order authorizing them to enter into settlements with customers relating to remaining materials and alternatively, authorizing RMC to abandon the remaining materials, and in support hereof, the Debtors' states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 363(b) and (f) of the Bankruptcy Code, and as supplemented by Bankruptcy Rules 2002, 6004, 6007, and 9019.

## BACKGROUND

4. On November 2, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating these Chapter 11 Cases. On November 21, 2018, the Additional Debtors (collectively with the Debtors, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code, initiating their Chapter 11 Cases.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1109. On November 19, 2018, the

United States Trustee gave notice of the appointment of an Official Committee of Unsecured Creditors [ECF No. 113].

6. Additional details regarding these Chapter 11 Cases are available in the Declaration of Scott Avila, as Chief Restructuring Officer (the "CRO"), in Support of Chapter 11 Petitions and First Day Motions [ECF No. 2].

7. Since the commencement of these related cases, the Debtors have sold almost all of their physical assets in the ordinary and outside the ordinary course of business.

8. On February 21, 2019, the Bankruptcy Court entered an *Order (a) Approving Sale of Substantially All of Debtors' Assets "Free and Clear" of All Liens, Claims, Encumbrances, and Other Interests, (b) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (c) Granting Related Relief* [ECF No. 658] to Asahi Holdings, Inc. ("Asahi").

9. The sale to Asahi, which included the Debtors' refining operations, closed on March 7, 2019. Thus, the Debtors no longer have the ability to process and refine materials.

10. RMC must liquidate or abandon some miscellaneous remaining raw materials (the "Remaining Materials") delivered for refining by So Accurate Group, Inc., and Midwest Refineries, LLC (the "Customers").

11. The Customers may claim an interest in the Remaining Materials.

12. The Senior Lenders[3] assert a lien against the Remaining Materials.

13. RMC is leasing vault space from Asahi through April 30, 2019 for storing, *inter alia,* the Remaining Materials. The Debtors intend to complete the liquidation of all of the other goods currently located in the leased vault by the end of April 2019.

---

[3] Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank PLC, Techemet Metal Trading LLC, Woodforest National Bank and Bank Leumi USA (collectively, the "Senior Lenders").

48647596;2

14. The Remaining Materials were sent to the Debtors prepetition to refine by the Customers. The chart below describes the Remaining Materials and the Customer associated to each lot in more detail:

| Lot Number | Reclamation | Customer | Weight (Grams) | Weight (Ounces) |
|---|---|---|---|---|
| 181835 | Reclamation | Midwest Refineries | 155 | 5 |
| 181388 | Reclamation | So Accurate Group | 88,953 | 2,860 |
| 181389 | Reclamation | So Accurate Group | 102,766 | 3,304 |
| Totals | | | 193,874 | 6,169 |

15. Based on a preliminary analysis of the makeup of the Remaining Materials, the Debtors have valued the Remaining Materials at approximately $38,500 before any refining and processing costs, something that the Debtors can no longer accomplish due to the sale to Asahi. The preliminary analysis of the Remaining Materials show the following detailed content of precious metals in each lot:

    (a) Lot Number 181835: Contains 3 oz. of platinum.

    (b) Lot Number 181388: Contains 6 oz. of gold, 350 oz. of silver, and 5 oz. of palladium.

    (c) Lot number 181389: Contains 4 oz. of gold, 250 oz. of silver and 4 oz. of palladium.

16. The Remaining Materials contain a total of 10 oz. of gold, 600 oz. of silver, 3 oz. of platinum, and 9 oz. of palladium.

17. RMC has no use for the Remaining Materials. The Remaining Materials are impure and consist of low-grade material. There is no identifiable market for this tainted material. Historically the Remaining Materials in their current form were not the type of assets purchased by the Debtors' customers or processed by the Debtors.

48647596;2

**RELIEF REQUESTED**

18.   RMC seeks entry of an order granting it alternative relief pursuant to Bankruptcy Rule 9019 ("Rule 9019") and Section 545 of the Bankruptcy Code.

19.   First, pursuant to Rule 9019, RMC seeks authorization and approval to enter into settlements with Customers (the "Settlement Terms") as follows:[4]

(a)   RMC shall ship to the Customers the Remaining Material in which the Customers claim ownership;

(b)   the Customers shall pay all costs of shipping;

(c)   upon approval of the Settlement, the Customers shall withdraw any Customer Statements relating to the Remaining Materials.[5]

20.   Alternatively, RMC seeks, pursuant to Section 554 of the Bankruptcy Code and Bankruptcy Rule 6007 and Local Rule 6007-1, entry of an Order authorizing it to abandon the Remaining Materials (the "Abandonment").

**BASIS FOR RELIEF REQUESTED**

**The Settlement**

21.   Rule 9019 provides that, upon the motion of the debtor-in-possession, "after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The court may also fix a class or classes of controversies and authorize the debtor-in-possession to compromise or settle controversies within such class or classes without further hearing or notice. Fed. R. Bankr. P. 9019(b).

---

[4] The Remaining Materials were shipped by the Debtors to the Customers, at the Customers' expense, subject to return at the Debtors' expense, if the settlement is not approved. It was essential to remove the Remaining Materials from the vault and Asahi's premises.

[5] To the extent a Customer's claim does not relate to the Remaining Material, the Customer does not have to withdraw a filed Customer Statement.

5

48647596;2

22. A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve a settlement. *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968)); *see also In re Chemtura Corp.*, 439 B.R. 561, 593–94 (Bankr. S.D.N.Y. 2010); *In re Lehman Bros. Holdings*, 435 B.R. 122, 134 (S.D.N.Y. 2010).

23. A court's responsibility is to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Chemtura*, 439 B.R. at 594 (quoting *In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir. 1983)) (internal quotations omitted). But the court is not required to go so far as to conduct a trial on the terms to approve a settlement. *See id.* Before making a determination, however, the court must inform itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *O'Connell v. Packles (In re Hilsen)*, 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009) (internal quotations omitted) (quoting *TMT Trailer Ferry*, 390 U.S. at 424, 88 S.Ct. 1157). Although courts have discretion to approve settlements, the business judgment of the debtor in recommending the settlement should be factored into the court's analysis. *See JP Morgan Chase Bank, N.A. v. Charter Commc'ns Operating LLC (In re Charter Commc'ns)*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009). "At the same time, a court may not simply defer to a debtor in possession's judgment, but must independently evaluate the reasonableness of the settlement." *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009) (citations omitted). In addition, courts may give weight to the opinion of bankruptcy counsel supporting the settlement. *See id.* ("In [approving the settlement agreement], the court is permitted to rely upon 'opinions of the trustee, the parties, and their attorneys.'"); *Chemtura*, 439 B.R. at 594.

24. To that end, courts have developed standards to evaluate if a settlement is fair and equitable and identified factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry*. The Second Circuit outlined the test for consideration of settlements under the Bankruptcy Rules in *Iridium Operating LLC*, 478 F.3d at 462. The factors to be considered are interrelated and require the court to evaluate:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
> (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment;
> (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement;"
> (4) whether other parties in interest support the settlement;
> (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement;
> (6) "the nature and breadth of releases to be obtained by officers and directors;" and
> (7) "the extent to which the settlement is the product of arm's length bargaining."

Id.

25. Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

26. Based upon the information currently available, RMC believes the proposed Settlement Terms represent a sound exercise of the business judgment of the Debtors and their CRO, Mr. Avila. The Debtors submit that the paramount interests of the creditors will be served by the Customers accepting return of the Remaining Materials and covering shipping followed by the withdrawal of their Customer Statement relating to the Remaining materials.

27. As of the filing of this Motion, the Senior Lenders have not consented to the Settlement Terms, and upon information and belief the Official Committee of Unsecured Creditors have no objection to the relief requested.

28. The parties in interest are represented by competent counsel. The Settlement Terms being proposed by the Debtors and any negotiations with the Customers were at arms length.

**Abandonment**

29. Pursuant to Bankruptcy Code § 554(a), "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the state or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

30. The Remaining Materials are burdensome to RMC's bankruptcy estate and of inconsequential value.

31. Without a market for the Remaining Materials, RMC will continue to incur storage charges.

32. If RMC is unable to enter into a settlement with each Customer, it will be burdensome to continue accruing storage charges relating to the Remaining Materials.

33. As of the filing of this motion, the Senior Lenders have not consented to the Abandonment and upon information and belief the Official Committee of Unsecured Creditors do not object to the relief requested.

34. Accordingly, the Debtors respectfully request the Court approve this Motion.

**NO PREVIOUS REQUEST**

35. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

**NOTICE**

36. The Debtors have provided notice of this Motion to: (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) counsel to the Debtors' Senior Lenders; (iii) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (iv) counsel to the Official Committee of Unsecured Creditors;

(v) counsel for the Customers or the Customers; and (vi) any other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

**WHEREFORE,** the Debtors respectfully request entry of an Order: *i)* approving and authorizing RMC to enter into the Settlement Terms with the Customers; *ii)* approving and authorizing RMC to Abandon the Remaining Materials and, *iii)* granting the Debtors such further and additional relief as may be just and equitable.

Dated: April 18, 2019

        AKERMAN LLP

        By: */s/ Katherine C. Fackler*
           Katherine C. Fackler (Admitted *Pro Hac Vice*)
           Andrea S. Hartley (Admitted *Pro Hac Vice*)
           Joanne Gelfand (Admitted in New York)
           98 Southeast Seventh Street, Suite 1100
           Miami, FL 3313
           Tel.: (305) 374-5600
           Fax: (305) 374-5095
           E-Mail: andrea.hartley@akerman.com
           E-Mail: joanne.gelfand@akerman.com
           E-Mail: katherine.fackler@akerman.com

        -and-

        John E. Mitchell (Admitted *Pro Hac Vice*)
        Yelena Archiyan (Admitted in New York)
        2001 Ross Avenue, Suite 3600
        Dallas, TX 75201
        Tel.: (214) 720-4300
        Fax: (214) 981-9339
        E-Mail: john.mitchell@akerman.com
        E-Mail: yelena.archiyan@akerman.com

        *Counsel for Debtors and Debtors-in-Possession*

48647596;2

# EXHIBIT A

# PROPOSED ORDER

48647596;2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MIAMI METALS I, INC., *et al.*[1] ) | Case No. 18-13359 (shl) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

**ORDER APPROVING DEBTORS'**
**AMENDED MOTION FOR AUTHORITY TO SETTLE**
**COMPROMISES RELATING TO REMAINING MATERIALS PURSUANT TO**
**RULE 9019 AND TO AUTHORIZE ABANDONMENT OF REMAING MATERIALS**

Upon the motion (the "Motion")[2] [**Doc. No.** ___] of the Miami Metals II, Inc. f/k/a Republic Metals Corp. ("RMC"), together with Miami Metals I, Inc. and its debtor affiliates (collectively, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), for entry of an Order (i) approving the Settlement Terms by and among RMC and the Customers pursuant to Federal Rule of Bankruptcy Procedure 9019 (the "Bankruptcy Rules") and alternatively, (ii) abandonment of the Remaining Materials pursuant to Bankruptcy Rule 6007; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having reviewed the Motion; and no objections having been filed to the

---

[1] *The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942).*

[2] All capitalized terms not defined herein shall have the definitions set forth in the Motion.

48647596.2

Motion; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and upon the record herein, including the representation of counsel for the Debtors at the hearing on May 15, 2019; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties-in-interest; and the Court having determined that the proposed Settlement Terms for each Customer as set forth and defined in the Motion fall above the lowest point in the range of reasonableness; and upon all of the proceedings had before the Court; and after due deliberation and cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

Pursuant to Bankruptcy Rule 9019 and 11 U.S.C. § 105(a), the Settlement Terms are approved and are fully enforceable in all respects.

The Settlement Terms for each Customer as set forth in the Motion are incorporated in this Order.

The Debtors, Midwest Refineries, LLC and So Accurate Group, Inc. shall comply with all terms of the approved Settlement Terms.

Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

The Debtors, Midwest Refineries, LLC and So Accurate Group, Inc. are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the Settlement Terms and the terms of this Order.

The Remaining Materials shall be deemed Abandoned by the Debtors.

This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

This Order shall be effective immediately upon entry by the Court.

Dated: New York, New York
     May ____ 2019                            **PROPOSED**

                                              HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE