**HEARING DATE AND TIME: May 15, 2019 at 2:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE DATE AND TIME: May 8, 2019 at 4:00 p.m. (Eastern Time)**

John E. Mitchell *(Admitted Pro Hac Vice)*
Yelena Archiyan *(Admitted in New York)*
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley *(Admitted Pro Hac Vice)*
Joanne Gelfand *(Admitted in New York)*
Katherine C. Fackler *(Admitted Pro Hac Vice)*
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Further Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* (the "Motion"), will be held on **May 15, 2019 at 2:00 p.m. (prevailing Eastern Time)** in the above-captioned cases,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company, LLC), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "**Objections**") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) the Chambers of the Honorable Sean H. Lane ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (c) the Debtors, c/o Miami Metals I, Inc. f/k/a Republic Metals Refining Corporation, (Attn: Scott Avila); (d) the attorneys for the Debtors, Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and 98 Southeast Seventh Street, Suite 1100, Miami, FL 3313 (Attn: Andrea S. Hartley, Esq. and Katherine C. Fackler, Esq.); (e) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Shannon Scott, Esq.); (f) the attorneys for the Creditors' Committee, if a committee is formed; (g) counsel to any other statutory committee appointed in the Chapter 11 Cases, and (h) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002 so as to be received no later than **May 8, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

2

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: April 22, 2019

                    AKERMAN LLP

                    By: */s/Katherine C. Fackler*
                        Katherine C. Fackler (Admitted *Pro Hac Vice*)
                        Andrea S. Hartley (Admitted *Pro Hac Vice*)
                        Joanne Gelfand (Admitted in New York)
                        98 Southeast Seventh Street, Suite 1100
                        Miami, FL 3313
                        Tel.: (305) 374-5600
                        Fax: (305) 374-5095
                        E-Mail: andrea.hartley@akerman.com
                        E-Mail: joanne.gelfand@akerman.com
                        E-Mail: katherine.fackler@akerman.com

                                  -and-

                        John E. Mitchell (Admitted *Pro Hac Vice*)
                        Yelena Archiyan (Admitted in New York)
                        2001 Ross Avenue, Suite 3600
                        Dallas, TX 75201
                        Tel.: (214) 720-4300
                        Fax: (214) 981-9339
                        E-Mail: john.mitchell@akerman.com
                        E-Mail: yelena.archiyan@akerman.com

                    *Counsel for Debtors and Debtors-in-Possession*

**HEARING DATE AND TIME: May 15, 2019 at 2:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE DATE AND TIME: May 8, 2019 at 4:00 p.m. (Eastern Time)**

| | |
|---|---|
| John E. Mitchell *(Admitted Pro Hac Vice)*<br>Yelena Archiyan *(Admitted in New York)*<br>AKERMAN LLP<br>2001 Ross Avenue, Ste. 3600<br>Dallas, TX 75201<br>Tel.: (214) 720-4300<br>Fax: (214) 981-9339 | Andrea S. Hartley *(Admitted Pro Hac Vice)*<br>Joanne Gelfand *(Admitted in New York)*<br>Katherine C. Fackler *(Admitted Pro Hac Vice)*<br>AKERMAN LLP<br>98 Southeast Seventh Street, Ste. 1100<br>Miami, FL 33131<br>Tel.: (305) 374-5600<br>Fax: (305) 374-5095 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
FURTHER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

**TO THE HONORABLE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

Miami Metals I, Inc., *et al.*, (collectively the "Debtors") as debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases" or "Cases"), by and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company, LLC), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

48661406;2

through their undersigned counsel, hereby file this motion (the "Motion") for entry of an order in the form attached hereto as **Exhibit A** (the "Order"), further extending the Debtors' exclusive right to file a chapter 11 plan by an additional sixty (60) days through and including June 30, 2019 (the "Filing Exclusivity Period"), and to solicit votes through and including August 29, 2019 (the "Soliciting Exclusivity Period, and together with the Filing Exclusivity Period, the "Exclusivity Periods"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods as may be appropriate under the circumstances then prevailing. In support thereof, the Debtors respectfully represents as follows:

## BACKGROUND

1. On November 2, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), initiating these Chapter 11 Cases. On November 21, 2018, the Additional Debtors (collectively with the Debtors, the "Debtors") filed voluntary petitions for relief under the Bankruptcy Code, initiating their Chapter 11 cases.

2. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. On November 19, 2018, the United States Trustee gave notice of the appointment of an Official Committee of Unsecured Creditors [ECF No. 113].

3. Additional details regarding these chapter 11 cases are available in the *Declaration of Scott Avila, as Chief Restructuring Officer (the "CRO"), in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [ECF No. 2].

4. Since the commencement of these Cases, the Debtors have sold almost all of their physical assets in the ordinary and outside the ordinary course of business.

5. On February 21, 2019, the Bankruptcy Court entered an *Order (a) Approving Sale of Substantially All of Debtors' Assets "Free and Clear" of All Liens, Claims, Encumbrances, and Other Interests, (b) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (c) Granting Related Relief* [ECF No. 658] to Asahi Holdings, Inc. ("Asahi").

6. On February 27, 2019, the Court entered an *Order Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code* [ECF No. 682], which extended the Filing Exclusivity Period to May 1, 2019 and the Soliciting Exclusivity Period to June 30, 2019.

7. On April 15, 2019, the Court entered the *First Amended Order Approving Uniform Procedures for Resolution of Ownership Disputes* [ECF No. 913], which sets a discovery deadline for the Debtors', Senior Lenders and Customers to resolve any Ownership Disputes regarding certain materials, products, goods held in tolling and pool accounts, and completes discovery in early August 2019.

8. Accordingly, the Debtors respectfully request that the Court extend the Exclusivity Periods to permit the Debtors to resolve and/or litigate the ownership dispute and to continue working toward their goal of confirming a consensual, value-maximizing chapter 11 plan.

9. The Debtors believe that completion of the discovery process with the Customers and litigation of the ownership dispute will encourage parties to move forward with negotiated plan treatment in these Cases.

10. Accordingly, the Debtors request that the Court extend the Exclusivity Periods to allow the Debtors to move these Cases forward and to preclude the costly disruption that would occur if competing plans were to be proposed.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

12.     Pursuant to this Motion and section 1121(d)(1) of the Bankruptcy Code, the Debtors seek entry of an order further extending the period under section 1121(c) of the Bankruptcy Code in which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan, through and including June 30, 2019, and to solicit votes through and including August 29, 2019, without prejudice to their right to seek additional and further extensions of this period as may be appropriate under the circumstances then prevailing.  The requested extension is reasonable and necessary given the progress the Debtors have made prior to filing this Motion.

## BASIS FOR RELIEF

13.     The basis for the relief requested herein are section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

14.     A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *See In re Burns and Roe Enters., Inc.*, No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (internal quotation marks omitted). In these chapter 11 cases, the Filing Exclusivity Period and Soliciting Exclusivity Period

set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on March 2, 2019, and May 1, 2019, respectively, absent further order of the Court.

15.    Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. More specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). Although the term "cause" is not defined by the Bankruptcy Code, it is viewed flexibly in this context "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility"). A debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

16.    Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of the circumstances in each case. *See, e.g.*, *First Am. Bank of N.Y. v. Southwest. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp.,*

*Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy"). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the exclusivity periods, including the following:

   a. the size and complexity of the case;

   b. the existence of good faith progress toward reorganization;

   c. the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

   d. whether the debtor is paying its debts as they become due;

   e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   f. whether the debtor has made progress negotiating with creditors;

   g. the amount of time which has elapsed in the case;

   h. whether the debtor is seeking an extension to pressure creditors; and

   i. whether an unresolved contingency exists.

*See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 185 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664-65 (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same).

    17.    Not all of these factors are relevant to every case and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *Express One*, 194 B.R. at 100 (identifying four of the factors

6

as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity). For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances. H.R. No. 95-595, at 231-232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

I. **The Debtors Have Made Substantial, Good-Faith Progress in these Cases.**

18.     Since the Court granted the Debtors' first request to extend the Exclusivity Period, the Debtors have continued to make substantial progress in these Cases, including selling substantially all of their assets, and continue to engaged with the Creditors Committee, the Senior Lenders and Customers, in an effort to reach consensus on the terms of the Debtors' orderly transition into bankruptcy, sale process, and ultimate liquidation while also dealing with operational and other issues necessary to smoothly run their businesses.

II. **Extending the Exclusivity Periods is Necessary to Resolve Customer Ownership Disputes.**

19.     An extension of the Exclusivity Periods will provide the Debtors with the necessary time to complete the Ownership Disputes and resolve any important issues that remain open in these Cases.

**III.     The Requested Extension Will Not Prejudice Creditors.**

20.     The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to further extend the Exclusivity Periods as provided herein.  Each of the relevant factors weighs in favor of a further extension of the Exclusivity Periods:

a. <u>The Debtors Have Made Good-Faith Progress Towards Exiting Chapter 11</u>. The Debtors have made significant progress in marketing their business through various operational initiatives, including through stabilizing operations and ensuring a smooth transition into chapter 11 through the approval of a number of first day motions; coordinating critical efforts in connection with the Debtors' valuable customer and vendor relationships; and closing a sale of substantially all of the Debtors' assets free and clear of all liens and interests for $25,500,000. The Debtors will continue to negotiate in good faith with key stakeholders on the terms of any chapter 11 plan.

b. <u>An Extension of the Exclusivity Periods Will Not Prejudice Creditors</u>. The Debtors are requesting an extension of the Exclusivity Periods to maintain focus on completing the Ownership Disputes discovery process and any trial on those Disputes and to further allow the liquidation process to continue unhindered by competing plans. Continued exclusivity will permit the Debtors to facilitate ongoing negotiations with the Debtors' creditors and maintain flexibility so competing plans do not derail the Debtors' liquidation process. Extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

c. <u>The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan</u>. As discussed above, the Debtors have already taken significant steps toward confirmation of a plan, including, *inter alia*, the Sale to Asahi and moving forward with the discovery process of Ownership Disputes.

21.     An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate their efforts to obtain as much support as possible for a successful conclusion to these chapter 11 cases.  Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

## MOTION PRACTICE

15.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

22.     Notice of this Motion has been provided, in accordance with the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 55], to: (i) the Office of the U.S. Trustee; (ii) the holders of the 30 largest unsecured claims against the Debtors; (iii) the United States Attorney's Office for the Southern District of New York; (iv) the Internal Revenue Service; (v) counsel to the Official Committee of Unsecured Creditors; (vi) counsel to the Debtors' prepetition Senior Lenders; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

23.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: April 22, 2019

          AKERMAN LLP

          By: */s/Katherine C. Fackler*
              Katherine C. Fackler (Admitted *Pro Hac Vice*)
              Andrea S. Hartley (Admitted *Pro Hac Vice*)
              Joanne Gelfand (Admitted in New York)
              98 Southeast Seventh Street, Suite 1100
              Miami, FL 3313
              Tel.: (305) 374-5600
              Fax: (305) 374-5095
              E-Mail: andrea.hartley@akerman.com
              E-Mail: joanne.gelfand@akerman.com
              E-Mail: katherine.fackler@akerman.com

                      -and-

              John E. Mitchell (Admitted *Pro Hac Vice*)
              Yelena Archiyan (Admitted in New York)
              2001 Ross Avenue, Suite 3600
              Dallas, TX 75201
              Tel.: (214) 720-4300
              Fax: (214) 981-9339
              E-Mail: john.mitchell@akerman.com
              E-Mail: yelena.archiyan@akerman.com

*Counsel for Debtors and Debtors-in-Possession*

# EXHIBIT A

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "Motion")[2] [Doc. No. ___], of Miami Metals I, Inc., *et al.*, the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), for entry of an order further extending the Debtors' Filing Exclusivity Period and the Debtors' Soliciting Exclusivity Period, without prejudice to the Debtors' right to seek further extensions to the Exclusive Periods, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company, LLC), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

48661406;2

estates, creditors, and other parties-in-interest; and a hearing having been held on May 15, 2019; and after due deliberation and cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. The MOTION is granted as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including June 30, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including August 29, 2019.

4. Nothing herein shall prejudice (a) the Debtors' rights to seek further extensions of the Exclusivity Periods, or (b) the rights of any party in interest to object to any further extension requests.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granting in this Order in accordance with the Motion.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      May __, 2019

**PROPOSED**

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE