**HEARING DATE AND TIME: MAY 15, 2019 AT 2:00 P.M. (EASTERN TIME)**
**OBJECTION DEADLINE DATE AND TIME: MAY 8, 2019 AT 5:00 P.M. (EASTERN TIME)**

John E. Mitchell (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)
AKERMAN LLP
2001 Ross Avenue, Ste. 3600
Dallas, TX 75201
Tel.: (214) 720-4300
Fax: (214) 981-9339

Andrea S. Hartley (*Admitted Pro Hac Vice*)
Katherine C. Fackler (*Admitted Pro Hac Vice*)
Joanne Gelfand (*Admitted in New York*)
AKERMAN LLP
98 Southeast Seventh Street, Ste. 1100
Miami, FL 33131
Tel.: (305) 374-5600
Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' EMERGENCY MOTION**
**(I) TO ENFORCE AUTOMATIC STAY AGAINST FUNDACION RAFAEL DONDE**
**I.A.P., (II) TO HOLD FUNDACION RAFAEL DONDE I.A.P. IN CONTEMPT OF**
**COURT, (III) FOR AN AWARD OF SANCTIONS AGAINST FUNDACTION**
**RAFAEL DONDE I.A.P., AND (IV) FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Emergency Motion (I) to*

*Enforce Automatic Stay Against Fundacion Rafael Donde I.A.P., (II) to Hold Fundacion Rafael*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000  (2942).

*Donde I.A.P. in Contempt of Court, (III) for an Award of Sanctions Against Fundacion Rafael Donde I.A.P., and (IV) for Related Relief* (the "**Motion**"), will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **May 15, 2019 at 2:00 p.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion (the "**Objections**") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) the Chambers of the Honorable Sean H. Lane ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (c) the Debtors, Miami Metals I, Inc. f/k/a Republic Metals Refining Corporation, (Attn: Scott Avila); (d) the attorneys for the Debtors, Akerman LLP, 2001 Ross Avenue, Suite 3600, Dallas, TX 75201 (Attn: John Mitchell, Esq.) and 98 Southeast Seventh Street, Suite 1100, Miami, FL 3313 (Attn: Andrea S. Hartley, Esq. and Katherine C. Fackler, Esq.); (e) the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Shannon Scott, Esq.); (f) the attorneys for the Official Committee of Unsecured Creditors of Miami Metals I, Inc., Cooley LLP, 55 Hudson Yards, New York, NY 10001; and (g) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002 so as to

be received no later than **May 8, 2019 at 5:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard.

Dated: May 3, 2019

AKERMAN LLP

By: _____*/s/John Mitchell*_____
            John E. Mitchell
            *(Admitted Pro Hac Vice)*
            Yelena Archiyan
            *(Admitted in New York)*
            2001 Ross Avenue, Suite 3600
            Dallas, TX  75201
            Tel.: (214) 720-4300
            Fax: (214) 981-9339
            E-Mail: john.mitchell@akerman.com
            E-Mail: yelena.archiyan@akerman.com

                    - and -

            Andrea S. Hartley
            (Admitted *Pro Hac Vice*)
            Katherine C. Fackler
            (Admitted *Pro Hac Vice*)
            Joanne Gelfand
            (Admitted in New York)
            98 Southeast Seventh Street, Suite 1100
            Miami, FL 3313
            Tel.: (305) 374-5600
            Fax: (305) 374-5095
            E-Mail: andrea.hartley@akerman.com
            E-Mail: katherine.fackler@akerman.com
            E-Mail: joane.gelfand@akerman.com

            *Counsel for Debtors and Debtors-in-Possession*

48763777;5

**HEARING DATE AND TIME: MAY 15, 2019 AT 2:00 P.M. (EASTERN TIME)**
**OBJECTION DEADLINE DATE AND TIME: MAY 8, 2019 AT 5:00 P.M. (EASTERN TIME)**

John E. Mitchell (*Admitted Pro Hac Vice*)          Andrea S. Hartley (*Admitted Pro Hac Vice*)
Yelena Archiyan (*Admitted in New York*)            Katherine C. Fackler (*Admitted Pro Hac Vice*)
AKERMAN LLP                                          Joanne Gelfand (*Admitted in New York*)
2001 Ross Avenue, Ste. 3600                          AKERMAN LLP
Dallas, TX 75201                                     98 Southeast Seventh Street, Ste. 1100
Tel.: (214) 720-4300                                 Miami, FL 33131
Fax: (214) 981-9339                                  Tel.: (305) 374-5600
                                                     Fax: (305) 374-5095

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**DEBTORS' EMERGENCY MOTION**
**(I) TO ENFORCE AUTOMATIC STAY AGAINST FUNDACION RAFAEL DONDE**
**I.A.P., (II) TO HOLD FUNDACION RAFAEL DONDE I.A.P. IN CONTEMPT OF**
**COURT, (III) FOR AN AWARD OF SANCTIONS AGAINST FUNDACTION**
**RAFAEL DONDE I.A.P., AND (IV) FOR RELATED RELIEF**

Miami Metals I, Inc., *et al.*, as debtors and debtors-in-possession (collectively the

"Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), by and through their

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

undersigned counsel, file their Emergency Motion (I) to Enforce the Automatic Stay Against

Fundacion Rafael Donde I.A.P. ("Donde"), (II) to Hold Donde in Contempt of Court, (III) for an

Award of Sanctions Against Donde, and (IV) for Related Relief.  In support of this Motion, the

Debtors state as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 362 of

Title 11 of the United States Code (the "Bankruptcy Code") and Rules 9014 and 9020 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On November 2, 2018, the Debtors filed voluntary petitions for relief under chapter

11 of the Bankruptcy Code initiating these Chapter 11 Cases.  On November 21, 2018, certain

additional debtors, including Republic Trans Mexico Metals, S.R.L. ("RTMM") filed voluntary

petitions for relief under the Bankruptcy Code, initiating their Chapter 11 Cases.

5.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1109.  On November 19, 2018, the

United States Trustee gave notice of the appointment of an Official Committee of Unsecured

Creditors [ECF No. 113].

6.      Additional details regarding these Chapter 11 Cases are available in the Declaration

of Scott Avila, as Chief Restructuring Officer, in Support of Chapter 11 Petitions and First Day

Motions [ECF No. 2].

48763777;5

7.      On November 28, 2018, Donde appeared through counsel, DLA Piper LLP (US), in the Chapter 11 Cases [ECF No. 205].

8.      On November 29, 2018, Donde filed an Objection to the Debtors' Motion to Use Cash Collateral [ECF No. 227].  Through that Objection, Donde alleges RTMM and the Debtors are holding a total of 9,757.85 ounces of gold and 2,644.25 ounces of silver, which are not the Senior Lenders' collateral.

9.      On January 4, 2019, the Debtors filed a Notice of Presentment of Order Approving RTMM Product Settlement with Donde [ECF Nos. 374 and 398], whereby, among other things, RTMM agreed to return approximately $3,000,000 of segregated and identifiable Product (as defined therein) to Donde in exchange for Donde's agreement not to criminally prosecute RTMM and its representatives for claims.

10.     On January 16, 2019, Donde filed an Objection to the Debtors' Motion for Authority to Pay Certain Discretionary Employee Bonuses Pursuant to 11 U.S.C. §§ 105 and 363, and the Debtors' Motion to Pay Attorneys' Fees of Certain Debtor Representatives Pursuant to 11 U.S.C. §§ 105(a) and 363(b) [ECF No. 417].  Donde argued the Debtors should not be allowed to pay for legal counsel to Joseph Liberman, a representative of RTMM ("Mr. Liberman"), who Donde is now criminally prosecuting in Mexico.

11.     Donde has filed three (3) proofs of claim in the Bankruptcy Case: (i) claim no. 407, against Debtor Miami Metals I, (ii) claim no. 408, against Debtor Miami Metals II, and (iii) claim no. 409, against Debtor RTMM.

12.     On January 18, 2019, Donde filed its Customer Statement (the "Customer Statement") [ECF No. 454] pursuant to the Order Approving Uniform Procedures for Resolution of Ownership Disputes (the "Uniform Procedures Order") [ECF No. 395].  In the Customer

Statement, Donde again asserts its interest in the Disputed Assets and lists other potential claims against RTMM and its affiliated Debtors, and surprisingly included claims pursuant to Mexican criminal law.

13.     The Uniform Procedures Order specifically states that "[t]he Debtors, the Senior Lenders, and Customers who file a Customer Statement (as defined below) pursuant to this Order agree (a) to the resolution in the Bankruptcy Court pursuant to the procedures set forth in this Order of the sole issue of the Ownership Disputes regarding the Assets and (b) the procedures shall be governed by Federal Rule of Bankruptcy Procedure 9014, except to the extent modified below." *See* ECF No. 395, p. 3 ¶1.

14.     On February 19, 2019, the Debtors filed their Omnibus Response to Customer Statements [ECF No. 648], including Donde's Customer Statement, pursuant to the Uniform Procedures Order, asserting the Debtors' ownership of the Disputed Assets.

15.     On March 11, 2019, Donde filed a Supplemental Customer Statement in Accordance with the Uniform Procedures Order (the "Supplemental Customer Statement") [ECF No. 758], as well as its Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and Bankruptcy Rules 7026 and 9014 (the "Initial Disclosures") [ECF No. 764]. In Donde's Supplemental Customer Statement, Donde reasserted its claims pursuant to Mexican law.

16.     On April 11, 2019, Donde issued two (2) subpoenas to Mr. Liberman, requiring him to appear at the office of the Mexican public prosecutor on April 15, 2019 (the "Subpoenas").

17.     On April 11, 2019, at approximately 1:00 p.m. Eastern Time, a Mr. Alejandro Jaimes Gutierrez ("Jaimes") appeared at RTMM's offices in Mexico City, introduced himself as counsel to Donde, spoke with a representative of RTMM, and sought information from RTMM regarding certain product and materials.

48763777;5

18.     In response to that visit, that same day on April 11, 2019, counsel to RTMM sent counsel to Donde a letter (the "April 11 Letter") advising Donde that Jaimes' actions, *inter alia*, violated the automatic stay pursuant to 11 U.S.C. § 362(a)(6).  The April 11 Letter also requests confirmation that Jaimes will take no further action with respect to RTMM, its representatives, or its assets, outside of seeking relief in the Bankruptcy Case.  A copy of the April 11, 2019 letter is attached hereto and incorporated herein as **Exhibit "A."**

19.     The Debtors, in the April 11 Letter, further advised Donde that continued violations of the stay might result in the Debtors, *inter alia*, filing a motion to enforce the automatic stay and seeking sanctions against Donde.

20.     By letter dated April 15, 2019 (the "April 15, 2019 Letter"), Jaimes informed RTMM that on April 8, 2019, Donde filed a criminal complaint against RTMM, Mr. Liberman, and Jason Rubin in Mexico (the "Criminal Complaint").[2]

21.     In the April 15, 2019 Letter Jaimes further informed the Debtors the purpose of his visit to RTMM was to seek information "regarding the bank accounts and investment accounts in the name of Mr. Liberman, Jason Rubin and/or RTMM."  A copy of the April 15, 2019 Letter is attached hereto and incorporated herein as **Exhibit "B".**

22.     In the April 15, 2019 Letter, Jaimes confirmed "**the purpose of [his] visit was to formally request from [RTMM's representative] the return of the gold, contained silver and money property of [Donde]**" (emphasis added).

## RELIEF REQUESTED

23.     By this Motion, Debtors seek entry of an Order: (i) enforcing the automatic stay against Donde; (ii) deeming any postpetition actions by Donde to recover on claims against the

---

[2] The Debtors are having the Criminal Complaint translated into English and will file a copy of the translated Criminal Complaint before May 15, 2019.

48763777;5

Debtors, or obtain possession of, or exercise control over the Disputed Assets and property of the

Debtors' estates null and void and of no effect; (iii) holding Donde in contempt of Court for

Donde's repeated, ongoing violations of the automatic stay and the Court's Uniform Procedures

Order through and until the Criminal Complaint is withdrawn and the parties pardoned; (iv)

prohibiting Donde from taking any further action to recover on claims against the Debtors or to

obtain possession of, or exercise control over property of the Debtors' estates, including the

Disputed Assets, outside the Bankruptcy Court; and (v) awarding the Debtors monetary sanctions

against Donde.

24.    By filing its Customer Statement pursuant to the Court's Uniform Procedures Order,

Donde affirmatively agreed that this Court would decide any ownership issues regarding the

Disputed Assets, exclusive of any other Courts or proceedings.  In violation of the automatic stay

and the Uniform Procedures Order, Donde then initiated parallel proceedings in Mexico, without

seeking relief from the automatic stay and in direct violation of this Court's Uniform Procedures

Order.

## **BASIS FOR THE RELIEF**

25.    Upon the filing of a bankruptcy petition, section 362 of the Bankruptcy Code

operates as a stay, applicable to all entities of:

> (1) the commencement or continuation, including the issuance or
> process, of a judicial, administrative, or other action or proceeding
> against the debtor that was or could have been commenced before the
> commencement of the case under this title, or to recover a claim
> against the debtor that arose before the commencement of the case
> under this title;
> …
> (3) any act to obtain possession of property of the estate or of
> property from the estate or to exercise control over property of the
> estate;
> …

48763777;5

(6) any act to collect, assess, or recover a claim against the debtor
that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1), (3), (6); *see also, Underwood v. Hilliard (In re Rimsat, Ltd.),* 98 F.3d 956,

961 (7th Cir. 1996) (bankruptcy court's *in rem* jurisdiction over property of the estate permits

injunctions against foreign proceedings pursuant to the automatic stay);

26.    A creditor's contact with a debtor in order to obtain information for the purpose of

collecting on its claim is a willful violation of sections 362(a)(3) and (a)(6). *In re Hromidko*, 302

B.R. 629 (Bankr. N.D. Iowa 2003) (Postpetition contacts by creditor's collection agent were

"willful," and thus supported sanctions for automatic stay violation, in that agent's actions were

deliberate and were taken with knowledge of debtor's bankruptcy case, given imputation to agent

of creditor's prior knowledge of Chapter 7 case); I*n re Skeen*, 248 B.R. 312, 318 (Bankr. E.D.

Tenn. 2000) ("a creditor advised that a bankruptcy has been filed or is being filed should continue

the conversation only long enough to obtain information to verify the bankruptcy…."); and *In re*

*Am. Med. Utilization Mgmt. Corp.*, 494 B.R. 626, 635 (Bankr. E.D.N.Y. 2013) ("[R]elief for

damages to a corporate debtor resulting from violation of the automatic stay lies with the court's

contempt power and § 105.").

27.    The automatic stay exists to protect the estate from "'a chaotic and uncontrolled

scramble for the Debtor's assets in a variety of uncoordinated proceedings in different courts.'" *In*

*re Nakash*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) (internal quotation marks and citation

omitted).

28.    Importantly, the automatic stay has an extraterritorial reach.  In Chapter 11 cases,

the automatic stay prohibits litigation to obtain possession or control of the estate's property

"regardless of where such litigation is commenced." *Sec. Investor Prot. Corp. v. Bernard L. Madoff*

48763777;5

*Inv. Sec. LLC*, 474 B.R. 76, 81-82 (S.D.N.Y. 2012) (internal citations omitted). Numerous opinions

explain, "the automatic stay applies extraterritorially." *Id.* In recognizing the extraterritorial reach

of the automatic stay, this Court has cited to the Seventh Circuit, which explains that "[t]he efficacy

of the bankruptcy proceeding depends on the court's ability to control and marshal the assets of the

debtor wherever located (see § 541(a))...." *Id. citing* to *Underwood v. Hilliard (In re Rimsat, Ltd.),*

98 F.3d 956, 961 (7th Cir. 1996). "The mere existence of a foreign proceeding affecting the debtor

does not . . . invalidate the stay by giving it an impermissible extraterritorial reach." *Rimsat*, 98

F.3d at 961. As in all bankruptcy cases, "the efficacy of the bankruptcy proceeding depends on the

court's ability to control and marshal the assets of the debtor wherever located (see § 541(a))," *Id.*

*See also In re Soundview Elite, Ltd.*, 503 B.R. 571, 584 (Bankr. S.D.N.Y. 2014) ("U.S. law is clear

that immediately upon the filing of the Debtors' chapter 11 petition, the U.S. automatic stay became

effective  both in the U.S. and extraterritorially."); *In re Gold & Honey, Ltd.*, 410 B.R. 357, 369

(Bankr. E.D.N.Y. 2009)[3]; and *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153

F.3d 991, 996 (9th Cir. 1998).

29.      Section 105(a) provides an additional basis for the relief requested herein and

provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title." 11 U.S.C.§ 105(a).  Under section

105, a bankruptcy judge may "enjoin proceedings in other courts when it is satisfied that such a

proceeding would defeat or impair its jurisdiction with respect to a case before it." *Johns-Manville*

*Corp. v. Colorado Ins. Guar. Association (In re Johns-Manville Corp.)*, 91 B.R. 225, 228 (Bankr.

---

[3]  Once the Chapter 11 Cases were filed, the Bankruptcy Code contains a number of provisions which FIBI could have
invoked prior to proceeding in Israel. FIBI could have requested this Court to determine that the filing of the Chapter
11 Cases was not legitimate, and sought stay relief under Section 362, abstention under Section 305, and/or dismissal
or conversion under Section 1112. FIBI failed to do so. However, **it is for this Court, with jurisdiction over the
Chapter 11 Cases, to decide whether and when to grant relief from the stay, but respectfully, not for the Israeli
Court to decide to not recognize and apply the stay.**  *In re Gold & Honey, Ltd.*, 410 B.R. 357, 369 (Bankr. E.D.N.Y.
2009) (emphasis added).

S.D.N.Y. 1988) (citation omitted)). In addition, section 105(a) has been used to enjoin extraterritorial violations of the automatic stay. *See, e.g., In re Lykes Bros. S.S. Co.*, 191 B.R. 935, 936 (Bankr. M.D. Fla. 1995) (enjoining "all creditors which are subject to the personal jurisdiction of this Court, whether citizens of the United States or foreign entities . . ." from transferring claims to other foreign entities not subject to the personal jurisdiction of the bankruptcy court); *cf. In re Lykes Bros. S.S. Co. v. Hanseatic Marine Serv.*, 207 B.R. 282, 288 (Bankr. M.D. Fla. 1997) (enjoining foreign defendants from bringing foreign action under Federal Rule of Civil Procedure 65, which also includes no explicit grant of extraterritorial authority).

A.    **Donde is Willfully Violating the Automatic Stay.**

30.    Donde's filing and continued prosecution of the Criminal Complaint, the Subpoenas, and Jaimes' visit to RTMM's premises are all willful violations of the automatic stay because they are acts directed toward collecting the debts Donde alleges are owed by RTMM, obtaining possession of the Disputed Assets, and seizing RTMM's bank accounts.

31.    Donde's April 15, 2019 Letter admits that the purpose of the Criminal Complaint and Jaimes' visit to RTMM is to "request the return of the gold, contained silver and money property" of Donde.

32.    The Criminal Complaint, Subpoenas, and Jaimes' visit to RTMM all come within the direct scope of acts prohibited by section 362(a) of the Bankruptcy Code, as Donde is attempting to recover on alleged claims against the Debtors, seize property of the estate, and obtain possession of, or exercise control over, the Disputed Assets, which the Debtors assert belong to them. Donde's actions are explicitly prohibited by sections 362(a)(1), (3), and (6) of the Bankruptcy Code.

48763777;5

33.    Notably, Donde is using criminal proceedings against individuals in attempt to collect corporate debts.  Such actions are illegal under United States law. *See e.g. In re Pearce*, 400 B.R. 126 (Bankr. N.D. Iowa 2009) (Creditor violated the automatic stay when it contacted prosecutor and police about Chapter 7 debtor-general contractor's unpaid debt for concrete work, intending to collect the debt.).

34.    Further, the Criminal Complaint and Donde's other actions threaten this Court's jurisdiction and imperil the orderly administration of these Chapter 11 Cases, especially in light of Donde's creation of two parallel proceedings seeking a determination of ownership regarding the Disputed Assets.

**B.    <u>Donde is Violating the Uniform Procedures Order.</u>**

35.    Donde's actions clearly violate the Court's Uniform Procedures Order which directs that this Court is the only forum for hearing and resolving the ownership disputes between the Debtors and their customers.

36.    Donde voluntarily agreed to be bound by the Uniform Procedures Order when it filed its Customer Statement and is clearly participating in proceedings and seeking relief from the Bankruptcy Court, as evidenced by the three proofs of claim it filed.  Four (4) months later, Donde filed the Criminal Complaint, without obtaining leave of this Court to seek relief in another jurisdiction.  Donde created parallel proceedings to resolve ownership of the Disputed Assets, despite its explicit agreement to litigate only before this Court.

37.    Donde's unauthorized actions may lead to divergent results, and have already caused the Debtors to incur significant attorney's fees and costs both in Mexico and in the United States.  Many of the Debtors' customers are located outside the United States.  If each customer

48763777;5

chose to ignore this Court's directions in the Uniform Procedures Order by filing concurrent actions in its local jurisdiction, the purpose of the Uniform Procedures Order would be extinguished.

**C.**     **The Debtors Request Sanctions Against Donde.**

38.     Based on, *inter alia*, the foregoing, the Debtors respectfully request the Court (i) award the Debtors monetary sanctions against Donde for Donde's knowing, willful, and intentional violations of the automatic stay and the Uniform Procedures Order, (ii) require Donde to dismiss the Criminal Complaint and take whatever actions are necessary in Mexico to pardon the RTMM representatives named in the Criminal Complaint, and (ii) prohibit Donde from initiating any further criminal proceedings against, or otherwise attempt to collect any debts from, the Debtors, outside of the Bankruptcy Case.

39.     Willful violations of the automatic stay and of this Court's orders warrant contempt proceedings.  Bankruptcy Rule 9020 provides that Bankruptcy "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Fed. R. Bankr. P. 9020; *see also In re Robinson*, 228 B.R. 75 (Bankr. E.D.N.Y. 1998) (granting motion for contempt and award of damages against secured creditor and law firm that represented it, based on their alleged violation of the automatic stay by having caused postpetition judgment to be entered in prepetition foreclosure proceeding brought against debtor).

40.     By issuing the Subpoenas, filing the Criminal Complaint, and taking the other actions in Mexico described herein, Donde has caused the bankruptcy estate to incur significant fees and costs in responding to Donde's actions, including but not limited to preparing the April 11 Letter, responding to the Mexican public prosecutor and the Criminal Complaint in Mexico, and filing and prosecuting this Motion.

41.    The relief requested herein will not prejudice or adversely affect the rights of any parties. Rather, it will simply enforce the automatic stay against Donde, which is self-executing by virtue of the filing of these Chapter 11 Cases.

## NO PREVIOUS REQUEST

42.    No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

## NOTICE

43.    The Debtors have provided notice of this Motion to: (i) the Office of the U.S. Trustee for the Southern District of New York; (ii) counsel to the Debtors' Senior Lenders; (iii) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (iv) counsel to the Official Committee of Unsecured Creditors; (v) counsel for Donde; and (vi) any other party entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtors respectfully request the Court enter an Order substantially in the form of the Order attached hereto as **Exhibit "C"** (i) enforcing the automatic stay against Donde; (ii) deeming any postpetition actions by Donde to recover on claims against the Debtors, or obtain possession of, or exercise control over the Disputed Assets and property of the Debtors' estates null and void and of no effect; (iii) holding Donde in contempt of Court for Donde's repeated, ongoing violations of the automatic stay and the Court's Uniform Procedures Order through and until the Criminal Complaint is withdrawn and the parties pardoned; (iv) prohibiting Donde from taking any further action to recover on claims against the Debtors or to obtain possession of, or exercise control over property of the Debtors' estates, including the

12

48763777;5

Disputed Assets, outside the Bankruptcy Court; (v) awarding the Debtors monetary sanctions against Donde; and (vi) granting such other and further relief as requested herein or as the Court otherwise deems necessary and appropriate.

Dated:  May 3, 2019

AKERMAN LLP

By:＿＿＿＿*/s/John E. Mitchell*
        John E. Mitchell
        (Admitted *Pro Hac Vice*)
        Yelena Archiyan
        (Admitted in New York)
        2001 Ross Avenue, Suite 3600
        Dallas, TX  75201
        Tel.: (214) 720-4300
        Fax: (214) 981-9339
        E-Mail: john.mitchell@akerman.com
        E-Mail: yelena.archiyan@akerman.com

        - and –

        Andrea S. Hartley
        (Admitted *Pro Hac Vice*)
        Katherine C. Fackler
        (Admitted *Pro Hac Vice*)
        Joanne Gelfand
        (Admitted in New York)
        98 Southeast Seventh Street, Suite 1100
        Miami, FL 3313
        Tel.: (305) 374-5600
        Fax: (305) 374-5095
        E-Mail: andrea.hartley@akerman.com
        E-Mail: katherine.fackler@akerman.com
        E-Mail: joanne.gelfand@akerman.com

        *Counsel for Debtors and Debtors-in-Possession*

13

**EXHIBIT A**

**THE APRIL 11, 2019 LETTER**

# akerman

Andrea S. Hartley

Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131

T: 305 374 5600
F: 305 374 5095

April 11, 2019

**VIA E-MAIL AND
UNITED STATES MAIL**

Rachel E. Albanese, Esq.
DLA Piper LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Rachel.albanese@dlapiper.com

      **Re:**    *In re Miami Metals I, Inc., et al, Debtors*; Case No. 18-13359 (SHL), United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Case")

Dear Ms. Albanese:

As you know, this firm represents Miami Metals, Inc. and its affiliated debtors (the "Debtors"), including Republic Trans Mexico Metals, S.R.L. ("RTMM") in the above-referenced Bankruptcy Case.

A representative of RTMM informed us that, around 1:00 p.m. Eastern Time today, April 11, 2019, a Mr. Alejandro Jaimes appeared at RTMM's offices, introduced himself as counsel to your client, Fundacion Rafael Donde ("Donde"), intimidated the representative, and sought information from RTMM regarding certain product and materials.

As you and Donde are well aware, RTMM is a debtor in the Bankruptcy Case under the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). As you and Donde are further aware, RTMM is represented by legal counsel in both Mexico and the United States.

Donde's actions are a violation of, at a minimum, section 362(a)(6) of title 11 of the United States Code.

Please confirm Donde and Mr. Jaimes will take no further action with respect to RTMM, its representatives, or its assets outside of seeking relief in the Bankruptcy Case. If we do not receive such confirmation from you by 5:00 p.m. Eastern Time on Monday, April 15, 2019, we

Rachel Albanese, Esq.
April 11, 2019
Page 2

_____

intend to file an emergency motion with the Bankruptcy Court seeking, *inter alia*, enforcement of the automatic stay against Donde and sanctions for the foregoing violation.

Nothing set forth herein is intended nor shall it be deemed to modify, limit, release, reduce, or waive any of the Debtors' rights, remedies, and privileges, at law or in equity, all of which are specifically preserved.

Very truly yours,

Andrea S. Hartley

cc:    John E. Mitchell, Esq. (via electronic mail)
Katherine Fackler, Esq. (via electronic mail)
Alejandro Catala, Esq. (via electronic mail)
Eduardo Gallastegui, Esq. (via electronic mail)

**EXHIBIT B**

**THE APRIL 15, 2019 LETTER**

# Alejandro Jaimes Gutierrez

**April 15, 2019**

Dear Ms. Hartley:

I am external criminal legal counsel to Fundación Rafael Dondé, I.A.P. ("FRD"). I write in response to your letter of April 11, 2019 to Ms. Albanese of DLA Piper LLP (US), U.S. bankruptcy counsel to FRD. In your letter, you contend that recent actions taken by me on behalf of FRD in Mexico violate the U.S. Bankruptcy Code and request confirmation that neither I nor FRD will take *"further action with respect to RTMM, its representatives, or its assets"* outside of the U.S. bankruptcy proceeding. As you are aware, however, FRD is a Mexican not-for-profit organization, and as such, it has rights and obligations under Mexican law that it has acted, and must continue to act, to protect.

On April 8, 2019, I filed with the public prosecutor in Mexico City, Mexico a criminal complaint against Republic Trans Mexico Metals, S. de R.L. de C.V. ("RTMM"), a copy of which is attached for your reference. All actions taken on behalf of FRD on April 11, 2019 are in furtherance of such complaint and in accordance with Mexican criminal laws. In my role as independent criminal attorney of FRD, I am legally entitled to provide data and information to prove the confidence abuse of RTMM and its legal representative Mr. Joseph Liberman as they unduly retain property of FRD. This is the criminal conduct provided in article 229 of the Mexico City Criminal Code (*Código Penal para la Ciudad de México*).

Likewise, under the applicable Mexican criminal laws, FRD requested through its criminal complaint the recording of such criminal claim in the mercantile registry entry of RTMM as recorded in the public registry of commerce and requested that the President of the Mexican National Banking and Securities Commission provide information regarding the banking accounts and investment accounts in the name of Mr. Liberman, Jason Rubin and/or RTMM and subpoena all of them as persons subject to criminal investigations in order to appear before the public prosecutor so they are notified of the criminal claim filed against them.

On April 11, 2019, I went to RTMM at 11:25 a.m. (local time) in my capacity as external criminal legal counsel to FRD. At RTMM, I asked to speak with Mr. Liberman, the legal representative of RTMM. The purpose of my visit was to formally request from Mr. Liberman the return of the gold, contained silver and money property of FRD consistent with the criminal complaint that was filed against RTMM, Mr. Liberman and Mr. Rubin. I informed a person named **César Mendoza**, who stated that he was personal assistant of Mr. Liberman, that I was there in my capacity as criminal attorney of FRD. Mr. Mendoza asked me to show my ID, which I did, and immediately after, he called Mr. Liberman on a mobile phone which was handed to me so I was able to speak with Mr. Liberman. I explained to Mr. Liberman that I was there on a courtesy visit to discuss the matter regarding FRD, but Mr. Liberman declined to speak and requested my telephone number, which I gave to him. I left his offices immediately after.

Scanned by CamScanner

# Alejandro Jaimes Gutierrez

Such request for the return of FRD's property is fully aligned with the Mexico City Criminal Code and is consistent with other Mexican criminal laws and practices as applicable, given the fact that the confidence abuse criminal conduct is perfected upon request to the felon wrongfully in possession of the property belonging to the party injured by the confidence abuse (here, FRD).

In the absence of any answer from Mr. Liberman and RTMM upon FRD's formal request for the return of its property, it is expected that the public prosecutor will undertake to have Mr. Liberman presented in the public prosecutor's office to inform the destiny of the assets taken from FRD. Next steps shall include the supply of any kind of proofs evidencing the confidence abuse, including witnesses declarations, expert reports on accounting matters, terms and conditions of agreements and other proofs as necessary to evidence confidence abuse of the persons subject to the criminal complaint.

Respectfully, FRD intends to continue to pursue all of its rights and remedies in each available forum, including the Mexico criminal proceeding and the U.S. bankruptcy cases filed by RTMM and its affiliates. Nothing contained in or omitted from this letter is, or should be construed as, a limitation, restriction or waiver, express or implied, of any of such rights and remedies, all of which are expressly reserved. Please do not hesitate to contact me if you have any questions regarding this letter or the criminal process in Mexico.

Sincerely,

Alejandro Jaimes Gutierrez.

Avenida de las Flores número 284
Colonia Tlacopac
Delegación Álvaro Obregón
C.P. 01049
Ciudad de México
(55) 56658008
(55) 56658156

# EXHIBIT C

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*[1] | ) | Case No. 18-13359 (shl) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION**
**(I) TO ENFORCE AUTOMATIC STAY AGAINST FUNDACION RAFAEL DONDE**
**I.A.P., (II) TO HOLD FUNDACION RAFAEL DONDE I.A.P. IN CONTEMPT OF**
**COURT, (III) FOR AN AWARD OF SANCTIONS AGAINST FUNDACION**
**RAFAEL DONDE I.A.P., AND (IV) FOR RELATED RELIEF**

Upon the motion (the "Motion")[2] [**Doc. No. ___**] of Miami Metals I, Inc., *et al.*, as debtors

and debtors-in-possession (collectively the "Debtors") in the above-captioned Chapter 11 cases

(the "Chapter 11 Cases"), for entry of an Order, pursuant to sections 105(a) and 362 of the

Bankruptcy Code and Rules 9014 and 9020 of the Bankruptcy Rules, (i) enforcing the automatic

stay against Donde; (ii) deeming any post-petition actions by Donde to recover on claims against

the Debtors, or obtain possession of, or exercise control over the Disputed Assets and property of

the Debtors' estates null and void and of no effect; (iii) holding Donde in contempt of Court for

Donde's repeated, ongoing violations of the automatic stay and the Court's Uniform Procedures

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] All capitalized terms not defined herein shall have the definitions set forth in the Motion.

48763777;5

Order through and until the Criminal Complaint is withdrawn and the parties pardoned; (iv) prohibiting Donde from taking any further action to recover on claims against the Debtors or to obtain possession of, or exercise control over property of the Debtors' estates, including the Disputed Assets, outside the Bankruptcy Court; and (v) awarding the Debtors monetary sanctions against Donde.  It appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties-in-interest; and upon all of the proceedings had before the Court; and after due deliberation and cause appearing;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Donde has willfully violated the automatic stay and this Court's Uniform Procedures Order.

3.      Any further prosecution of the Criminal Complaint and any other acts to collect on Donde's claims are enjoined pursuant to section 105(a) and 362(a) of the Bankruptcy Code.  Donde is held in contempt of Court until it withdraws the Criminal Complaint and pardons all persons and entities named in the Criminal Complaint.

4.      Any actions taken by Donde in violation of the automatic stay are null and void and of no effect.

5.      Donde is prohibited from taking any further action to recover on claims against the Debtors or to obtain possession of, or exercise control over property of the Debtors' estates,

48763777;5

including the Disputed Assets, outside the Bankruptcy Court.

6.    Pursuant to section 105 of the Bankruptcy Code, the Court hereby imposes sanctions against Donde, and Donde is ordered and directed to pay to the Debtors' actual attorney's fees and costs incurred as a result of Donde's willful and continuing violation of the automatic stay within seven (7) days of the date of this Order.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

8.    This Order shall be effective immediately upon entry by the Court.

**Dated: New York, New York**
**        May ___, 2019**

                                          **PROPOSED**

                                          _____
                                          **HONORABLE SEAN H. LANE**
                                          **UNITED STATES BANKRUPTCY JUDGE**

48763777;5