**DLA PIPER LLP (US)**
Richard F. Hans
Richard A. Chesley
Rachel Ehrlich Albanese
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
Fax: (212) 335-4501
Richard.Hans@dlapiper.com
Richard.Chesley@dlapiper.com
Rachel.Albanese@dlapiper.com

*Counsel to Fundación Rafael Dondé, I.A.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MIAMI METALS I, INC., *et al.*, | Case No. 18-13359 (SHL) |
| Debtors. | (Jointly Administered) |
| | Related to ECF No. 1004 |

**OBJECTION OF FUNDACIÓN RAFAEL DONDÉ, I.A.P. TO DEBTORS'** ***EX-PARTE*** **MOTION FOR AN ORDER SHORTENING NOTICE PERIOD FOR HEARING ON DEBTORS' EMERGENCY MOTION (I) TO ENFORCE AUTOMATIC STAY AGAINST FUNDACIÓN RAFAEL DONDÉ I.A.P., (II) TO HOLD FUNDACIÓN RAFAEL DONDÉ I.A.P. IN CONTEMPT OF COURT, (III) FOR AN AWARD OF SANCTIONS AGAINST FUNDACIÓN RAFAEL DONDÉ I.A.P. AND (IV) FOR RELATED RELIEF**

Fundación Rafael Dondé, I.A.P. (the "Foundation") hereby submits this objection (the "Objection") to the *Debtors' Ex-Parte Motion For An Order Shortening Notice Period For Hearing On Debtors' Emergency Motion (I) To Enforce Automatic Stay Against Fundacion Rafael Donde I.A.P., (II) To Hold Fundacion Rafael Donde I.A.P. In Contempt Of Court, (III) For An Award Of Sanctions Against Fundacion Rafael Donde I.A.P. And (IV) For Related Relief* [ECF

1

No. 1004] (the "Motion to Shorten Notice"),¹ filed by the above-captioned debtors (the "Debtors"), seeking to shorten notice with respect to the *Debtors' Emergency Motion (I) To Enforce Automatic Stay Against Fundacion Rafael Donde I.A.P., (II) To Hold Fundacion Rafael Donde I.A.P. In Contempt Of Court, (III) For An Award Of Sanctions Against Fundacion Rafael Donde I.A.P., And (IV) For Related Relief* [ECF No. 1003] ("Stay Motion"). In support of the Objection, the Foundation states as follows:

**OBJECTION**

1.  While the Stay Motion purports to raise serious allegations, a careful review of the evidence, in light of applicable US and Mexican law, will make clear that this motion must be denied. Apparently recognizing as much, the Debtors now seek to have the Stay Motion heard on an expedited basis, notwithstanding the fact that the Mexican proceedings of which they complain were commenced nearly three weeks ago. As there is no urgent need for the Court to hear the Stay Motion, and an expedited hearing will cause significant prejudice to the Foundation, the Foundation requests that the Court exercise its discretion, which it has done previously in this case, and deny the Motion to Shorten Notice to permit a *full and fair* hearing on this matter.

2.  The Foundation, a non-profit organization in Mexico,² is the victim of a crime under Mexican law and perpetrated by RTMM and its principals. As will be set forth more fully in its objection to the Stay Motion, by commencing a criminal action in Mexico, the Foundation took

---

¹ Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Shorten Notice.

² As the Court may recall, for more than 100 years, the Foundation has provided high-impact educational programs, emotional support and health and wellness services to nearly 75,000 low-income children. The Foundation also offers financial products and services that benefit economically disadvantaged families, such as providing low interest rate loans and other services free of charge. The Foundation's philanthropic programs were financed, in part, by periodically delivering to Republic Trans Mexico Metals, S. de R.L. de C.V. ("RTMM") gold and silver that it receives as collateral from its customers to melt and/or sell as expressly authorized by the Foundation.

2

the necessary steps under Mexican criminal law to report this crime, without violating either the automatic stay or the Uniform Procedures Order. ***To be clear, the purpose of the criminal action in Mexico is not to collect a debt; it is not to obtain priority over the Debtors' other customers or creditors; and it is not to disrupt the chapter 11 cases, including the resolution of customer ownership disputes, in this Court***. The sole purpose of the criminal proceeding in Mexico is to allow the Foundation and its governing board to comply with their fiduciary duties to report RTMM's wrongdoing and to permit the Mexican judicial system to decide whether a crime has been committed. As previously explained, the Foundation has fiduciary obligations to more than 75,000 children and their families who depend on the Foundation for educational, psychological and economic support.

3. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time . . . the court *for cause shown* may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1) (emphasis added).

4. Courts consider a variety of factors in determining whether the moving party has shown "cause" justifying an expedited hearing and briefing schedule:

> Firstly, if an expedited hearing is sought, it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making.
>
> Secondly, there must be a separate motion to expedite to accompany the underlying motion sought to be expedited.[3]
>
> Thirdly, the motion to expedite should address the question of prejudice to other parties otherwise entitled to notice. The princip[al] victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest.

---

[3] The Stay Motion satisfies the second criterion, which is purely procedural.

> And fourthly, motions to expedite should be used sparingly, rather than as a matter of course.

*In re A.H. Coombs, LLC*, No. BR 16-25559, 2016 WL 7985367, at *2-3 (Bankr. D. Utah Dec. 22, 2016) (adopting the factors set out in *In re Villareal*, 160 B.R. 786, 787-88 (Bankr. W.D. Tex. 1993)); *see also In re Schindler*, No. 09-71199-AST, 2011 WL 1258531, at *2 (Bankr. E.D.N.Y. Mar. 31, 2011) (quoting *Villareal*, 160 B.R. at 787); *In re Adler*, 329 B.R. 406, 411 (Bankr. S.D.N.Y. 2005) (finding that the movant provided "no compelling reason to shorten time"). The absence of cause under Bankruptcy Rule 9006(c)(1) and the application of the *Villareal* factors compel the denial of the Motion to Shorten Notice.

5.  <u>First</u>, the Debtors have not made (and cannot make) <u>any</u> showing that there is an emergency justifying shortened notice. Indeed, two conclusory statements comprise the sum and substance of the Motion to Shorten Notice: "Deadlines and hearings are fast approaching in the Criminal Complaint action and the Debtors require a ruling from this Court [sic] prevent further harm to these estates"; and "Cause exists to reduce the normal notice period as the value of the Debtors' estates are imperiled by further delay." Mot. to Shorten Notice ¶¶ 4, 8. In fact, the actual evidence will establish that at this preliminary stage of the criminal proceeding, which has been pending for nearly three weeks, there are no impending deadlines or hearings, and the Debtors' inability to support this critical allegation with any factual evidence counsels strongly that the Foundation be given a full opportunity to respond to the Stay Motion.

6.  The paucity of support for the Debtors' "emergency" is revealed by the simple fact that, as set forth in the Stay Motion, the Debtors have known about the criminal proceeding since *at least April 11, 2019*; yet they waited over 20 days to file the Stay Motion. What "cause exists" and why is "the value of the Debtors' estates . . . imperiled by further delay"? The value of the Debtors' estates is, essentially, disputed cash and metals (which will be shown not to be property

of the Debtors' estates in the customer ownership disputes litigation). The Debtors have not established <u>any</u> risks associated with the slight delay of regular notice. The only urgency is of the Debtors' own making. The Motion to Shorten Notice should be denied on this basis alone.

7. <u>Next</u>, the Debtors do not address the potential prejudice to the Foundation from shortened notice. The Stay Motion contains serious allegations of stay violations and contempt (none of which are meritorious) and seeks sanctions. The Foundation must be provided a full and fair opportunity to refute these allegations and present evidence from Mexican witnesses to refute the Stay Motion. The Debtors' effort to have this critical matter heard on an expedited basis can only be viewed as a calculated attempt to disadvantage the Foundation.

8. Indeed, the Debtors' request for shortened notice is part of a pattern of making such requests as a matter of course. *See* ECF Nos. 194, 282, 287, 308, 570, 577, 580, 608, 633 and 1004. In fact, in one order denying the Debtors' request, this Court expressly recognized that "***it is vital that parties in interest be provided with appropriate due process in the form of both information and sufficient time to respond to any motion for relief***." *See* ECF No. 644 (emphasis in original). While there are instances in which expedited relief may be appropriate, this is not one of them. The Foundation is entitled to the full period afforded by the rules in which to respond to the Stay Motion. The Debtors should not be permitted to weaponize shortened notice to further injure the Foundation, which is precisely what they are attempting to do.

9. The Motion to Shorten Notice is devoid of factual support and improper, and it should be denied.

[*Remainder of page intentionally left blank*]

## CONCLUSION

For the reasons set forth above, the Foundation respectfully requests that this Court deny the Motion to Shorten Notice and schedule the Stay Motion for a hearing on regular notice, to be heard at the next omnibus date of June 13, 2019.

Dated: New York, New York
May 5, 2019

**DLA PIPER LLP (US)**

*/s/ Richard F. Hans*
Richard F. Hans
Richard A. Chesley
Rachel Ehrlich Albanese
1251 Avenue of the Americas
New York, New York 10020-1104
Tel.: (212) 335-4500
Fax: (212) 335-4501
Richard.Hans@dlapiper.com
Richard.Chesley@dlapiper.com
Rachel.Albanese@dlapiper.com

*Counsel to Fundación Rafael Dondé, I.A.P*