**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SECOND AMENDED ORDER APPROVING UNIFORM PROCEDURES**
**FOR RESOLUTION OF OWNERSHIP DISPUTES**

  This matter came on to be heard at the hearing held on 19th day of December, 2018, on the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief (the "Motion"); and the Court having conducted interim hearings on the Motion on November 6 2018, November 29, 2018, and December 19, 2018, and having conducted status conferences related thereto; and the Court having reviewed the Motion, responses, and the file, having heard argument of counsel, and having determined that it is in the best interests of the Debtors' estates, creditors, and interested parties for the Court to approve a uniform procedure to resolve disputes (the "Ownership Disputes") concerning whether certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company, LLC), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

materials, products, goods held in tolling accounts and pool accounts, and the proceeds and profits thereof delivered to, transferred to, or in the possession or control of the Debtors prior to/on/as of the Petition Date (the "Assets"), excluding carbon materials ( and the products, proceeds, and profits of carbon materials), are property of the Debtors' bankruptcy estates or that of the Debtors' customers and/or suppliers (the "Customers"); and the Court being fully advised in the premises

**ORDERS AND ADJUDGES:**

1.  **Jurisdiction and Power:** The Debtors, Senior Lenders,[2] and Customers who file a Customer Statement (as defined below) pursuant to this Order agree (a) to the resolution in the Bankruptcy Court pursuant to the procedures set forth in this Order of the sole issue of the Ownership Disputes regarding the Assets and (b) that the procedures shall be governed by Federal Rule of Bankruptcy Procedure 9014, except to the extent modified below. Nothing contained herein shall be construed as a waiver of any party's appellate rights which shall be deemed preserved. In the event that these cases are converted into a Chapter 7 proceeding or a Chapter 11 trustee is appointed, these procedures will continue to govern and shall be binding on any Chapter 7 or Chapter 11 trustee with respect to Ownership Dispute.

---

[2] "Senior Lenders" shall mean Coöperatieve Rabobank U.A., New York Branch, Brown Brothers Harriman & Co., Bank Hapoalim B.M., Mitsubishi International Corporation, ICBC Standard Bank Plc, Techemet Metal Trading LLC, Woodforest National Bank and Bank Leumi USA.

48720154;8

2.  **Customer Statement of Claimed Ownership Interest And Claims:** (a) On or about November 21, 2018, certain Customers filed objections to the Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection the Secured Parties, (III) Scheduling a Final Hearing and (IV) Granting Related Relief (the "Cash Collateral Motion") [Docket No. 10] (together with all objections or responses to the Cash Collateral Motion filed by any Customers after November 21, 2018, collectively, the "Objections").

(b) Any Customer asserting an ownership claim over any of the Assets must file a Statement of Claimed Ownership And Claims ("Customer Statement"). Customers that filed Objections may designate their Objections as constituting their Customer Statements. The Customers shall have through and including **January 18, 2019** (the "Statement Deadline"), in which to file: *i)* a designation of their Objection as their Customer Statement (together with any amendment or supplement thereto), or *ii)* their Customer Statement.

(c) Each Customer Statement shall include the following information:

*i)* The name, address and telephone number of the Customer and counsel for Customer in this matter;

*ii)* A specific description of the Assets in which the Customer claims an ownership interest, including quantity;

*iii)* A description of all claims that the Customer is aware of as of the date of the Customer Statement against the Debtors including claims arising under Sections 503(b)(9) and 502 of the Bankruptcy Code; provided that such description shall be non-binding and subject to modification and may be supplemented in connection with the Customer's filing of a proof of claim or request for payment of administrative expenses.[3]

*iv)* A summary of the legal basis for the Customer's ownership claim;

*v)* The state or other governing law the Customer contends governs the dispute and the basis for same; and

*vi)* Any additional information deemed relevant by such Customer.

(d) The Debtors shall file a response to each Customer Statement on or before **February 18, 2019** (the "Response Deadline"). Each such response (a "Debtors' Response") shall include the following information for each Customer Statement:

*i)* The name of the Customer;

*ii)* A specific description of the Assets addressed by such Debtors' Response, which may be the description set forth in the Customer Statement;

---

[3] The disclosure of claims is not intended to be a final statement of all claims a Customer may assert and will be provided for the purpose of enabling the parties to evaluate settlement options. The Debtors intend to file a motion to set a proof of claim bar date. The filing of the Customer Statement shall be without prejudice and in addition to the requirement to file a proof of claim. The failure to assert any particular claim in the Customer Statement does not preclude a Customer from filing a proof of claim.

*iii)* The location of the Assets as of (A) the Petition Date and (B) the date of the Debtors' Response, and, if the Assets are no longer in the Debtors' possession, all information relating to the Debtors' disposition of the Assets;

*iv)* A summary of the legal basis for the Debtors' ownership claim, including the legal basis for asserting that the Assets are property of the Debtors' estates;

*v)* The state or other governing law the Debtors contends governs the dispute and the basis for same;

*vi)* To the best of the Debtors' ability, a statement including all available information regarding whether the Assets claimed by the Customer (A) were at any time removed or excluded from general inventory and segregated, (B) were commingled with any other Assets, (C) were deposited, held, or accounted for in a pool or tolling account, (D) if either of A, B, or C, the date or dates upon which such removal/exclusion and segregation, commingling, or deposit occurred, and (E) are otherwise identifiable; and,

*vii)* Any additional information deemed relevant by the Debtors.

(e) The Senior Lenders shall file a response to each Customer Statement on or before the Response Deadline**.** Each such response ("Senior Lenders' Response") shall include the following information for each Customer Statement:

*i)* The name of the Customer;

*ii)* A specific description of the Assets addressed by such Senior Lenders' Response which may be the description set forth in the Customer Statement;

*iii)* Copies of documents relied upon by the Senior Lenders for any asserted security interest or lien in the applicable Assets;

*iv)* A summary of the legal basis for the asserted security interest or lien, including the legal basis for asserting that the Assets are property of the Debtors' estates;

*v)* The state or other governing law the Senior Lenders contend governs the dispute and the basis for same; and,

*vi)* Any additional information deemed relevant by the Senior Lenders.

(f) If a Customer fails to file a Customer Statement by the Statement Deadline, the Customer's ownership claim in the Assets shall be deemed waived by the Customer and its claim(s) against the Debtors shall be addressed as part of the proof of claim process only. If neither the Debtors nor the Senior Lenders file a Response to the claims asserted by a Customer Statement by the Response Deadline, then the Customer's ownership claim shall be deemed approved.

(g) The Customers may amend or supplement their Customer Statements in response to any Debtors' Responses and Senior Lenders' Responses no later than **March 11, 2019.**

3.  **Discovery:** (a) The Customers, Debtors and Senior Lenders shall produce the following documents in their possession, custody, or control as soon as possible and no later than **March 11, 2019.**

> **CUSTOMERS:** Any Customer filing a Customer Statement shall produce all nonprivileged documents in their possession, custody, or control relating to: the Customer's contention that such Assets belong to the Customer and not to the Debtors' bankruptcy estates, including without limitation, all contracts, amendments, standard terms, and other agreements supporting the Customers' ownership claims; metal delivery

documents for the metal that is the subject of the Customers' ownership claims; bills of lading, lab analyses, melting and lot forms, assays, records of payments, ledger accounts, and other bookkeeping records relating to the Customers' ownership claims; correspondence with the Debtors or Senior Lenders regarding the Customers' ownership claims; all records of tracking information for the unrefined and refined precious metals; the transaction history of pool accounts and tolling accounts and any additional documents relied upon by such Customer for its assertions in its Customer Statement.  Any Customer asserting a security interest or lien in any Assets shall produce all nonprivileged documents relating to: such assertion, including without limitation, loan documents, amendments, intercreditor agreements, forbearance agreements, UCC-1 filings and any related lien perfection documents and statements of amounts due.

**DEBTORS:**  The Debtors shall produce all nonprivileged documents in their possession, custody, or control relating to: the Debtors' contention that such Assets belong to the Debtors' bankruptcy estates and not to the Customer, including without limitation: all contracts, amendments, standard terms, and other agreements supporting the Customers' ownership claims; metal delivery documents for the metal that is the subject of the Customers' ownership claims; bills of lading, lab analyses, melting and lot forms, assays, records of payments, ledger accounts, and other bookkeeping records relating to the Customers' ownership claims; correspondence with the Customer or Senior Lenders regarding the Customers' ownership claims; all records of tracking information for the unrefined and refined precious metals; the transaction history of pool accounts and tolling accounts; and any additional documents relied upon by Debtors for its assertions in their Responses.  If the Debtors assert a security interest or lien in any Assets the Debtors shall produce all nonprivileged documents relating to: such assertion, including without limitation, loan documents, amendments, intercreditor agreements, forbearance agreements, UCC-1 filings and any related lien perfection documents and statements of amounts due.

**SENIOR LENDERS:**  The Senior Lenders shall produce all nonprivileged documents received from or sent to the Debtors in their possession, custody, or control relating to:  the Debtors' contention that such Assets belong to the Debtors' bankruptcy estates and not to the Customer.  Any Senior Lender asserting a security interest or lien in any Assets shall produce all nonprivileged documents relating to: such assertion, including without limitation, loan documents, amendments, intercreditor agreements, forbearance agreements, UCC-1 filings and any related lien perfection documents and statements of amounts due; and any additional documents relied upon by the Senior Lenders for their assertions in their Senior Lenders' Responses.

If any documents are withheld due to privilege, a privilege log must be provided to the other parties.  Privilege logs must be produced by **May 16, 2019.** The Parties shall not be required to include privileged communications with their counsel of record in these proceedings in their privilege logs.

(b) No requests for discovery will be required in connection with the foregoing productions. Except as otherwise ordered by the Court, nothing in Paragraph 3(a) shall be construed as a limitation on discovery that may be sought by any party, including without limitation any discovery granted under Federal Rule of Bankruptcy Procedure 7026 *et seq*. and third party discovery. Parties seeking additional discovery shall make a good faith effort to coordinate with other similarly situated parties before serving additional discovery requests in an effort to minimize duplicative requests and maximize the efficiency of the discovery process. The parties that serve additional discovery requests shall meet and confer in good faith with the recipients of such requests and if they cannot reach agreement as to the extent and scope of the additional discovery, the parties shall request a status conference from the Bankruptcy Court to discuss the requested additional discovery (the "Additional Discovery"). Any Additional Discovery shall be propounded as set forth below. Additional Discovery *may* be served via email upon (but *must* include each of the foregoing to ensure receipt of) the attorneys identified in the applicable Customer Statement, Debtors' Response, or Senior Lenders' Response, and c/o each email associated therewith .

(c) **INITIAL DISCLOSURES:** Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 9014, each of the parties shall provide and file on the record their initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) no later than **March 11, 2019**.

(d) **REQUESTS FOR DOCUMENTS:** Requests for the production and/or inspection of documents, premises, or things by any party other than the documents specified in Paragraph 3(a) shall be served by **April 12, 2019**.[4] Production of documents requested pursuant to this Paragraph 3(d) by any party shall be completed no later than **May 7, 2019**. Inspection of documents, premises, or things requested pursuant to this Paragraph 3(d) by any party shall be in accordance with Federal Rule of Civil Procedure 34(a)(2) and completed no later than **May 7, 2019**, unless otherwise agreed by the Debtors and the relevant Customer.

(e) **DEPOSITIONS:** Deposition notices shall be served so as to be received **by no later than May 14, 2019**.

(f) **INTERROGATORIES:** Interrogatories shall be served so as to be received by **April 12, 2019**. Answers or any objections to interrogatories shall be served by **May 7, 2019**.

(g) **REQUEST FOR ADMISSION:** Requests for Admission shall be served so as to be received by **April 12, 2019**. Responses and objections to Requests for Admission shall be served by **May 7, 2019**.

(h) **THIRD PARTY DISCOVERY:** Subpoenas seeking discovery from third parties shall be served by no later than **May 14, 2019**.

(h) **CLOSE OF FACT DISCOVERY:** All fact discovery shall be closed by **August 23, 2019**.

---

[4] This deadline shall not apply to any requests for documents referenced on the record during a deposition.

Page **8** of **13**

48720154;8

(i) **EXPERT DISCLOSURE:** The parties shall disclose the identity(ies) of their experts, if any, and exchange expert reports no later than **September 6, 2019**. Parties shall designate rebuttal experts by **September 13, 2019**.

(j) **EXPERT WITNESS DEPOSITIONS:** Any expert depositions will be held on or before **September 20, 2019**. However, before any expert depositions are scheduled, the parties shall meet and confer to discuss the need for expert testimony.

(k) **CLOSE OF EXPERT DISCOVERY:** All expert discovery shall be closed by **September 20, 2019**.

(l) **CLOSE OF DISCOVERY:** All discovery shall be closed by **September 20, 2019**.

4. **Status Conference:** The parties shall appear in person or telephonically for an **initial status conference on January 23, 2019,** to report on the status of document production, hold a discovery conference concerning any discovery disputes, any additional discovery that may be required, and the scheduling of further proceedings. At the status conference, the Debtors shall summarize for the Court their view of the categories or "buckets" of legal issues asserted in the Customer Statements. Each party's rights to summarize its own position at the status conference is preserved. The parties shall submit a joint status conference agenda one day before the conference.

The parties shall appear in person or telephonically in Bankruptcy Court for a **second status conference on March 7, 2019,** to report on the status of document production, hold a discovery conference concerning discovery disputes, additional discovery that may be required, and the scheduling of further proceedings.

At the second status conference, the Court will consider whether to conduct its pre-motion summary judgment status conference and consider entry of a summary judgment scheduling order.

5. **Adversary Proceedings:** The parties agree that any pending adversary proceedings relating to ownership of Assets identified in a Customer Statement will be held in

abeyance pending the resolution of the Ownership Disputes pursuant to the procedures set forth in this Order. All discovery taken in connection with these procedures shall be deemed to have been taken in an adversary proceeding, without prejudice to the parties to serve formal discovery notices and to request additional discovery as may be appropriate, or to object to the same.

6. **Reclamation Claims:** Reclamation claims should be included in the description of claims set forth in Customer Statements; provided, however, nothing in this Order shall be construed to determine the procedure by which reclamation claims shall be resolved. Rather, procedures for resolution of any reclamation claims with respect to the Assets identified in a Customer Statement shall be subject to subsequent Court Order.

7. **Other Claims:** Nothing set forth in this Order shall prejudice, waive, or affect any Customer's right to assert a claim pursuant to sections 501, 502, 503 or 506 of the Bankruptcy Code arising from the delivery of goods or materials to the Debtors.

8. **Motions:** Dispositive motions on the issues identified and addressed at the March 21, 2019 status conference shall be briefed and filed by the Debtors and Senior Lenders no later than **April 19, 2019** (the "Initial Brief"). Parties who are identified as being in Bucket 1 shall file a response brief to the Debtors and Senior Lenders' Initial Brief on or before **May 16, 2019** (the "Response Brief"). Parties who are identified as being in Bucket 1 who wish to join in the Response Brief shall file a joinder to the Response Brief on or before **May 20, 2019** at 12:00p.m. Interested parties who are not classified in Bucket 1 and wish to take a position on the Initial Brief shall file an opposition brief to the Initial Brief on or before **May 23, 2019** (the "Opposition Brief"). Interested parties who are not classified in Bucket 1 do not need to respond to the Fed. R. Civ. P. 56 supporting affidavit and none of the facts asserted in such affidavit shall be binding upon or prejudice such interested parties in any further proceeding in this bankruptcy case

including any contested matter or adversary proceeding. The Senior Lenders and Debtors shall file a reply brief to the Response Brief(s) and Opposition Brief(s) on or before **May 30, 2019**. A hearing on all briefs as to Bucket 1 will be heard on **June 10, 2019** at 10:00a.m.

The Debtors and Lenders shall file a brief or briefs as to Buckets 3, 4, and 5 on or before **June 21, 2019**. A status conference on the brief(s) as to Buckets 3, 4, and 5 is set for **July 2, 2019** at 11:00a.m.

9. **Summary Judgment Motions:** Unless otherwise ordered by the Bankruptcy Court, a party seeking to move for summary judgment must first request a pre-motion conference. The date and time of the pre-motion conference must be obtained from Chambers. Notice of the date and time of the pre-motion conference may take the form of a letter setting forth the issues in general terms and must be served upon all parties bound by this Order or as otherwise required in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. A briefing and hearing schedule for summary judgment motions or other dispositive motions will be set by the Court at a pre-motion conference. Compliance with Local Rule of Bankruptcy Procedure 7056-1 is mandatory and the parties to the applicable summary judgment motions shall file a joint statement of undisputed facts as provided in such a rule.

10. **Evidentiary Hearing: Evidentiary hearings on the merits, as needed, will be set by further order of the Court**. For avoidance of doubt, no party has agreed to waive its rights to seek a separate evidentiary hearing on its claims, and nothing herein shall be construed to impair such rights. However, the Debtors intend to seek consolidation for hearing and/or trial where common issues of law or fact are presented. The parties to each evidentiary hearing, if any, shall exchange witness and exhibit lists at least fourteen calendar days prior to each evidentiary hearing and shall meet and confer at least ten days prior to each evidentiary hearing for the purpose of

preparing a stipulation setting forth undisputed facts, disputed material facts, and disputed issues of law.  The stipulation and witness and exhibit lists shall be served and filed no later than five days prior to an evidentiary hearing.

11. **Settlement Procedure:**  Any settlement shall require Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019 and the Debtors may file an omnibus motion for settlement on negative notice.

12. **Modifications of this Order:**  The deadlines set forth herein cannot be changed unless so directed by the Court or by mutual consent in writing (including by e-mail) of the Debtors, the Senior Lenders, *and* each affected Customer.  Parties should not wait for deadlines to expire before seeking an amended Order.  If any questions should arise or another status conference is necessary, notify Chambers at once.  Absent the applicable parties' agreement, modifications to this Order may be made only upon application to the Court showing of good cause, or upon request for a status conference.

13. **Confidentiality:**  Documents filed pursuant to this Order need not be filed under seal, but a filing party may request authorization from the Court to file documents under seal in accordance with the applicable requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  Parties are authorized (without the requirement of a further Court order) to redact confidential commercial information from any filed document.  The Debtors shall set up a confidential document room for all discovery with private and confidential folders for each Customer, the Debtors and the Senior Lenders.  Each Customer shall have access to the Debtors' production regarding such Customer and the Senior Lenders' documents.  The Debtors shall have access to all documents.  The Senior Lenders shall have access to all Customer documents.  The

Official Committee of Unsecured Creditors shall have access to all documents on a professional eyes only basis (provided that the Committee may challenge that designation).

14. **Reservation of Rights:** The implementation of the foregoing uniform procedures shall not in any way negatively affect the rights, claims or defenses of any parties. For the avoidance of doubt, the Customers' rights with respect to the Assets shall be determined as of the Petition Date, and no act or omission of the Debtors after the Petition Date with respect to the Assets shall affect the rights of the Customers with respect thereto.

14. **Jurisdiction:** This Court shall retain jurisdiction over any application to enforce or interpret the provisions of this Order.

Dated: New York, New York
June 14, 2019

> */s/ Sean H. Lane*
> HONORABLE SEAN H. LANE
> UNITED STATES BANKRUPTCY JUDGE