**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11<br>Case No. 18-13359 (SHL) |
| MIAMI METALS I, INC., *et al.*, [1] | **(Jointly Administered)** |
| Debtors. | |

**ORDER REGARDING JOINT MOTION FOR PROTECTIVE ORDER FROM
SUBPOENAS DUCES TECUM FOR RULE 2004 EXAMINATIONS**

Upon the motion [Docket No. 956] (the "Motion")[2] of Jason Rubin, Lindsey Rubin, Rose Rubin, The Second Amended and Restated Rose Rubin Revocable Trust u/d/a 9/25/2013, the Amended and Restated Richard Rubin Revocable Trust u/d/a 12/8/2008, Republic Metals Warehouse, LLC, Richard Rubin Lindjay Investments, LLC, Jason Ross Rubin Enterprises, LLC, and RRLJ12, LLC (collectively, the "Affected Parties") for entry of a protective order from the informal document requests served upon the Debtors by the Committee and the discovery sought by the Customers in connection with the uniform procedures approved by this Court,

THE COURT, upon proceedings had before the Court to consider the relief requested in the Motion on May 15, and June 13, 2019 (the "Hearings"); and the Court having considered the Motion, the objection filed by the Committee [Docket No. 1022], the response filed by the Debtors [Docket

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company), LLC, 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC, 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC, 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

No. 1023], the Affected Parties' letter to the Court dated May 24, 2019 [Docket No. 1126], and the arguments of counsel made at the Hearings; and after due deliberation and consideration; and for the reasons set forth on the record; now therefore ORDERS, as follows:

1. The Motion is GRANTED, in part, *as set forth below*

2. Bast Amron LLP ("Bast Amron"), as counsel for the Affected Parties, shall have had through and including May 28, 2019 to review selected email communications and attachments on the Debtors' servers sent to or from agreed upon email domains or email addresses, including but not limited to the communications and attachments sent to or from the Debtors' outside accountant, Maria Machado, to identify all communications and attachments Bast Amron believes should be excluded from the Debtors' production to the Committee, the Customers, or any other party that makes or has made a discovery request to the Debtors (the "Proposed Non-Responsive Documents").

3. Bast Amron shall prepare a log of all Proposed Non-Responsive Documents, providing a description of each such Proposed Non-Responsive Document that is sufficient to allow the party that has requested the document to assess the Affected Parties' claim that the document should not be produced and identifying at a minimum (and where applicable) the sender, recipient, date, email subject, and the reason Bast Amron believes the communication should be excluded from the Debtors' production (the "Log").

4. Once this Order has been submitted to the Court, Bast Amron shall provide a copy of the Log to the Committee.

5. Upon receipt of the Log, the Committee shall quarantine any document produced by the Debtors to the Committee that is reflected on the Log as a Proposed Non-Responsive Document to the extent any such document is in the Committee's possession.  The Debtors and the Affected Parties shall provide the Committee with document-identifying information that is necessary for the Committee to efficiently segregate the Proposed Non-Responsive Documents that are subject to quarantine.  In the event the Affected Parties agree, or the Court orders, that a quarantined Proposed

Non-Responsive Document is subject to production, the Committee may un-quarantine such document. The Committee may not view, share, or use a Proposed Non-Responsive Document produced by the Debtors while the document is quarantined pursuant to this Order unless otherwise agreed by the parties or ordered by the Court or another court of competent jurisdiction.

6. Periodically throughout the course of its review, Bast Amron shall have provided to counsel for the Debtors a list of communications and attachments that are *not* Proposed Non-Responsive Documents. Upon receipt of any such list, the Debtors are authorized, without further order of this Court, to make such responsive communications and attachments available on a rolling basis to the Committee, the Customers, and any other party that makes or has made an applicable discovery request to the Debtors.

7. Any communications which have not been identified on the Log as Proposed Non-Responsive Documents by May 28, 2019, will automatically be deemed responsive and subject to production by the Debtors.

8. The Court reserves ruling on whether any of the Proposed Non-Responsive Documents are subject to production. Prior to seeking relief from the Court regarding any disputes or challenges to a communication's inclusion on the Log, the subject parties are directed to meet and confer.

Dated: New York, New York
July 2, 2019

*/s/ Sean H. Lane*
**HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**