**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MIAMI METALS I, INC., *et al.*,[1] | ) | Case No. 18-13359 (SHL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TENTH INTERIM ORDER CONTINUING FINAL HEARING ON
DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO USE
CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE
SECURED PARTIES, (III) SCHEDULING A FINAL HEARING AND
(IV) GRANTING RELATED RELIEF**

Upon (A) the Motion[2] (the "Cash Collateral Motion") [Docket No. 10] of the above-referenced debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an interim and a final order (i) authorizing the Debtors to use Cash Collateral, (ii) granting adequate protection with respect to the diminution in value of the interests of the Secured Parties as a result of the use of the Prepetition Collateral, including Cash Collateral, (iii) modifying the automatic stay to the extent set forth in the Cash Collateral Motion, (iv) scheduling, pursuant to Bankruptcy Rule 4001, a final hearing (the "Final Hearing") granting the relief requested in the Cash Collateral Motion on a final

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Miami Metals I, Inc. (f/k/a Republic Metals Refining Corporation), 15 West 47th Street, Suites 206 and 209, New York, NY 10036 (3194); Miami Metals II, Inc. (f/k/a Republic Metals Corporation), 12900 NW 38th Avenue, Miami, FL 33054 (4378); Miami Metals III LLC (f/k/a Republic Carbon Company, LLC), 5295 Northwest 163rd Street, Miami Gardens, FL 33014 (5833); Miami Metals IV LLC (f/k/a J & L Republic LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7604); Miami Metals V LLC (f/k/a R & R Metals, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (7848); Miami Metals VI (f/k/a RMC Diamonds, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (1507); Miami Metals VII (f/k/a RMC2, LLC), 12900 NW 38th Avenue, Miami, FL 33054 (4696); Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), 13001 NW 38 Avenue, Miami, FL 33054 (6102); Republic Metals Trading (Shanghai) Co., Ltd., 276 Ningbo Road, Huangpu District, Shanghai, P.R. 200001 China (1639); and Republic Trans Mexico Metals, S.R.L., Francisco I. Madero No. 55 Piso 5, Local 409, Centro Joyero Edificio Central, Delegación Cuauhtémoc, Mexico DF 6000 (2942).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Cash Collateral Motion.

49834741;2

basis and (v) granting related relief, and (B) the Motions (each, an "Additional Debtor Motion" and together with the Cash Collateral Motion, the "Motions") [Docket No. 2 in each Additional Debtor Case (as defined in the Additional Debtor Motions)] of Miami Metals VIII (f/k/a Republic High Tech Metals, LLC), Miami Metals VI (f/k/a RMC Diamonds, LLC), Miami Metals VII (f/k/a RMC2, LLC), Miami Metals IV LLC (f/k/a J & L Republic LLC), Miami Metals V LLC (f/k/a R & R Metals, LLC), Republic Metals Trading (Shanghai) Co., Ltd. and Republic Trans Mexico Metals, S.R.L. (each, an "Additional Debtor" and collectively, the "Additional Debtors") for entry of an interim and a final order directing that the Entered Orders, any Final Orders on First Day Motions and any orders on Second Day Pleadings (as such terms are defined in the Additional Debtor Motions) are made applicable to the Additional Debtors; and the Court having jurisdiction to consider the Motions and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motions and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motions in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motions as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motions is in the best interests of the Debtors' estates, creditors, and other parties-in-interest; and it appearing that the requirements of Rule Bankruptcy 6003 have been satisfied; and upon all of the proceedings had before the Court; and the Court having entered eight prior interim cash collateral orders [Docket Nos. 54 (the "First Interim Order"), 277, 372, 538, 675, 864, 987, 1160, and 1237] (collectively, the "Prior Interim Orders"); and after due deliberation and cause appearing:

2

49834741;2

**IT IS HEREBY ORDERED THAT**:

1. The Motions are GRANTED to the extent provided herein on an interim basis.

2. The Final Hearing on the Cash Collateral Motion, scheduled to be heard on August 1, 2019 at 10:00 a.m. (prevailing Eastern time), shall be adjourned to August 29, 2019 at 11:00 a.m.

3. Pending the Final Hearing, the terms of the First Interim Order shall continue to remain in effect; provided, however, that:

    a. the Amended Budget, annexed hereto as Exhibit 1, shall fully amend and supersede the Initial Budget and Amended Budgets annexed to the Prior Interim Orders, with respect to the weeks identified therein;

    b. Section 4(b) of the First Interim Order shall be deemed amended by deleting the word "releases";

    c. Section 5(a) of the First Interim Order shall be deemed amended by replacing "35 days after the Petition Date" with "August 31, 2019";

    d. Section 5(d) of the First Interim Order shall be deemed amended by replacing "December 3, 2018" with "August 31, 2019";

    e. Section 5(e) of the First Interim Order shall be deemed amended to provide that the Secured Parties shall file and serve in this Bankruptcy Case a copy of any written notice to the Debtors;

    f. Section 6 of the First Interim Order shall be deemed amended by substituting "Thursday" for "Business Day" in clause (i) thereof;

    g. Section 8 of the First Interim Order shall be deemed amended to provide that proceeds of the sale of inventory shall only be applied to the Secured Obligations

upon further order of the Court; <u>provided</u> that the Debtors shall be permitted to make payments of interest, fees and expenses in accordance with the Budget (which payments shall be subject to recharacterization as a principal repayment or disgorgement, as appropriate, in the event it is determined that a Secured Party is under secured or unsecured in a proceeding or matter commenced by any party with requisite standing and all parties reserve all rights and defenses with respect thereto);

h. <u>Section 12</u> of the First Interim Order shall be deemed amended to provide that the Secured Parties shall file and serve in this Bankruptcy Case a copy of the Enforcement Notice; and

i. <u>Section 18</u> of the First Interim Order shall be deemed amended and restated as follows:

> "18.  <u>Equities of the Case</u>.  Subject to and effective upon entry of the Final Order, the Debtors agree that the Secured Parties shall be entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code and that the "equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to the Secured Parties with respect to (a) proceeds, products, offspring or profits of any of the Prepetition Collateral or the Adequate Protection Collateral or (b) the extension of the Adequate Protection Liens to cover proceeds of the Adequate Protection Collateral, but such agreement is not binding on the Court."

4. Each Additional Debtor shall be authorized to use Cash Collateral on an interim basis pursuant to the terms and conditions of the Prior Interim Orders; <u>provided</u> that, pending the

4

Final Hearing, (i) each Additional Debtor shall be deemed to join the other Debtors' stipulations contained in Paragraph F of the First Interim Order (as modified by the other Prior Interim Orders) and (ii) each Additional Debtor shall be deemed to grant the Secured Parties their respective adequate protection claims, liens, rights and benefits set forth in Paragraph 8 of the First Interim Order (as modified by this Order and the other Prior Interim Orders) as an additional Debtor under the First Interim Order (as modified by this Order and the other Prior Interim Orders).

5. No objections or arguments of any party in interest in response to the Cash Collateral Motion or the *Joint Supplement of the Debtors and the Senior Lenders to the Cash Collateral Motion* [Docket No. 78] are prejudiced by entry of this Order or the Prior Interim Orders, and all such objections and arguments are expressly preserved.

6. Nothing in this Order or the Prior Interim Orders prejudices the right of any party (each a "Customer Counterparty") to any refining, metal lease, purchase, metal purchase, or similar agreement or course of dealing, whether oral or written (a "Refining or Purchase Agreement") to challenge any of the following:

   a. whether any property provided to, transferred to, or in the possession of the Debtors under any Refining or Purchase Agreement entered into between the applicable Debtor and such Customer Counterparty or the proceeds thereof, including any property that has been prepaid by a Customer and/or which contains a Customer's identifying mark (collectively, "Disputed Property") constitutes property of the Debtors or their estates;

   b. whether Disputed Property constitutes Prepetition Collateral subject to Prepetition Liens; or

   c. whether Disputed Property constitutes Adequate Protection Collateral subject to Adequate Protection Liens.

All of the foregoing rights are expressly preserved and no action taken or not taken by the Debtors after the Petition Date with respect to such Disputed Property, including without limitation the refinement, comingling or sale or other disposition thereof, shall affect the rights of the Customer Counterparty in or with respect to the Disputed Property.

5

7.   Counsel for the Rubin landlords shall continue to escrow $322,170.49 in its firm trust account (the "Bast Amron Trust Account") on account of amounts allegedly due and owing from the Debtors under the leases subject to that certain *Motion to Compel Payment of Post-Petition Rent and Related Obligations Pursuant to 11 U.S.C. § 365(d)(3)* (the "Motion to Compel") [Docket No. 553] for the period from the Petition Date through and including March 8, 2019. Additional amounts due under such leases, if any, shall be paid to the Bast Amron Trust Account, beginning on April 1, 2019 and continuing on the first Business Day of each month thereafter (as applicable), subject to mutual agreement among the Debtors, the Secured Parties and the Lessors (as defined in the Motion to Compel) of the applicable amounts due and owing. All amounts segregated pursuant to this Paragraph 7 shall remain segregated pending further order of the Court. All parties reserve all rights, claims and defenses with respect to the leases and the amounts due thereunder and waive none.

8.   Entry of this Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9.   Adequate notice of the Motions has been provided. Such notice satisfies the requirements of Bankruptcy Rule 6004(a).

10.  Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motions.

12.  The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

13. The Debtors shall serve this Order within 48 hours of its entry via first class U.S. mail on the Notice Parties.

Dated: August 22, 2019
      New York, New York

                                 ***/s/ Sean H. Lane***
                                 HONORABLE SEAN H. LANE
                                 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## AMENDED BUDGET

[*to be attached*]

49834741;2

**Republic Metals Corporation**
**Chapter 11 Cash Collateral Budget**

| ($ in '000s) | 1 | 2 | 3 | 4 | 5 | |
|---|---|---|---|---|---|---|
| **Week Ending** | **8/3** | **8/10** | **8/17** | **8/24** | **8/31** | **Total** |
| **Cash Receipts** | | | | | | |
| Sweeps / Other Accounts Receivable [1] | $ 1,936 | $ 3,280 | $ 3,508 | $ - | $ 1,638 | $10,362 |
| Other (Equipment Sale/Other) | 51 | - | - | - | - | 51 |
| Total Operating Receipts | 1,988 | 3,280 | 3,508 | - | 1,638 | 10,413 |
| **Operating Expenses** | | | | | | |
| Shipping, Freight & Waste Disposal | - | - | 25 | - | - | 25 |
| Payroll/Retention/COBRA | - | 15 | - | 25 | - | 40 |
| Insurance | - | - | - | - | - | - |
| Contract Services | 2 | 2 | - | - | - | 4 |
| Mexico Costs [6] | 125 | - | 17 | - | 271 | 412 |
| Other Operating Expenses | 23 | 7 | 7 | 7 | 7 | 51 |
| Total Operating Expenses | 152 | 24 | 51 | 32 | 280 | 538 |
| **Operating Cash Flow** | **1,836** | **3,256** | **3,457** | **(32)** | **1,358** | **9,875** |
| *Cumulative Operating Cash Flow* | *1,836* | *5,092* | *8,549* | *8,517* | *9,875* | |
| **Non Operating Expenses** | | | | | | |
| UST Fees | - | - | - | - | - | - |
| Restructuring Fees & Exp. (Lender) | - | - | 223 | - | - | 223 |
| Restructuring Fees & Exp. (RMC) [5] | 265 | - | - | 160 | 604 | 1,029 |
| Claims Administrator | - | - | - | - | 40 | 40 |
| UCC Prof. Fees [7] | - | - | 256 | - | - | 256 |
| Page One E Discovery | - | - | - | 220 | - | 220 |
| Alan Silverstein (Legal Advisory) | 4 | 4 | 4 | 4 | 4 | 20 |
| Maria Machado (Tax & Payroll Advisory) | - | - | - | 15 | - | 15 |
| Lender Pay Down [2] | - | - | - | - | - | - |
| Estate Litigation Fund | - | - | - | - | - | - |
| Interest Expense | 155 | 155 | 155 | 155 | 155 | 776 |
| Total Non Operating Expenses | 425 | 159 | 638 | 554 | 803 | 2,579 |
| **Net Cash Flow** | **1,411** | **3,097** | **2,819** | **(586)** | **555** | **7,296** |
| *Cumulative Net Cash Flow* | $ *1,411* | $ *4,508* | $ *7,327* | $ *6,740* | $ *7,296* | |
| Beginning Bank Cash | 121,319 | 122,731 | 125,827 | 128,646 | 128,060 | 121,319 |
| Increase/(Decrease) per Above | 1,411 | 3,097 | 2,819 | (586) | 555 | 7,296 |
| Ending Bank Cash | 122,731 | 125,827 | 128,646 | 128,060 | 128,615 | 128,615 |
| Checks issued not cleared | 15 | 15 | 15 | 15 | 15 | 15 |
| **Ending Book Cash [3] [4]** | **$ 122,716** | **$ 125,812** | **$ 128,631** | **$ 128,045** | **$ 128,600** | **$ 128,600** |

**Note:**
(1) As of 7/29 Budget excludes ~3.6M in additional Sweeps that have been shipped out, but aren't expected to be collected until after 8/31/19.
(2) Subject to Settlement Agreement and Bankruptcy Court Final Cash Collateral Order.
(3) Consolidated Book Cash includes all cash currently held in Mexico. However, we expect the remaining $412K in Mexico to be utilized to fund the wind-down of this entity.
(4) Excludes Plan Effective Date Distributions for 503(b)(9) claims, priority claims, unpaid administrative professional fees at 8/31, contingency reserve and other administrative claims.
(5) RMC & UCC restructuring fees and expenses are subject to Bankruptcy Court Fee Procedure Order and objection period.
(6) RTMM (Mexico) operating expenses are paid out of cash held in Mexico.
(7) To be accounted for/reimbursed through Estate Litigation Fund if Settlement Agreement is approved and will be applied to Estate Litigation Fund in accordance therewith.