Hearing Date and Time: October 7, 2019, at 11:00 a.m.
Objection Deadline Date and Time: September 30, 2019 at 4:00 p.m.

| | |
|---|---|
| Steven M. Berman, Esq. (*pro hac vice*)<br>**SHUMAKER, LOOP & KENDRICK, LLP**<br>101 E. Kennedy Blvd., Suite 2800<br>Tampa, Florida 33602<br>Telephone: (813) 229-7600<br>Facsimile: (813) 229-1660 | Michael P. Richman, Esq. (Co-Counsel)<br>**STEINHILBER SWANSON LLP**<br>122 W. Washington, Suite 850<br>Madison, WI 53703<br>Telephone: (608) 630-8990<br>Facsimile: (608) 630-8991 |

*Counsel to Mitchell Levine,*
*Erie Management Partners, LLC, and Plat/Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MIAMI METALS I, INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 18-13359 (SHL)<br><br>(Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' NOTICE OF SUBMISSION OF CASH COLLATERAL ORDER AND BLACKLINE ORDER (DOC. 1411)**

Mitchell Levine, Erie Management Partners, LLC, and Plat/Co. (collectively, "Levine"), by their attorneys, hereby file this limited objection to the Debtors' Notice of Submission of Cash Collateral Order and Blackline Order (Doc. 1411) (the "Notice"), and state:

1.  By written decision dated August 9, 2019 (Doc. 1318), this Court denied a motion to approve a Plan Support Agreement dated May 22, 2019, because, *inter alia,* the "Ownership Reserve" established pursuant to the proposed agreement was theoretically not sufficient to satisfy all "Title Property Claims."

2.  The Debtors have now filed an Amended Plan Support Agreement that provides that the Debtors and Secured Parties will immediately establish an Ownership Reserve under the

1

Final Cash Collateral Order with sufficient funds to cover, at all times, an amount equal to the then outstanding Title Property Claims asserted pursuant to the Uniform Procedures Order in full (Doc. 1413).

3. In conjunction with the Amended Plan Support Agreement, the Debtors have proposed a Final Cash Collateral Order (the "Final Order").

4. Levine objects to the Final Order for the following reasons.

5. The Final Order proposes a broad release in paragraph G of all claims against the Lenders by the Debtors, the Committee, and the Chapter 11 Estate. While it is understood that the intent is to only bar third-party claims that are derivative of claims released by the Chapter 11 Estate and the Committee, Levine is concerned that language used in other aspects of the Final Order (and related written agreements) may not be so limiting and may encroach upon claims Levine holds against the Secured Parties or others who received proceeds of any transfer and sale of his metals, metal credits or the proceeds thereof.

6. To the extent Levine is determined through the Ownership Procedures to have always held title to the metals or metal credits held by and leased to the Debtors by him, Levine may hold claims arising out of the Debtors' and Senior Lenders' pre- and post-petition activities, including as a result of any improper use, sale, or transfer of his metals or the proceeds thereof. All such claims should be preserved and not impeded by the Final Order.

7. For example, paragraph 11(d) of the Final Order appears to act as a release for the Secured Parties from Levine's potential claims by providing that he may recover *only* from the Ownership Reserve and not against the Secured Parties. Nothing in the Final Order should waive or release the Secured Parties from any liability for receiving or accepted a transfer of

Levine's property or the proceeds thereof, and Levine's claims should not be channeled exclusively to the Ownership Reserve (and limited as such).[1]

8. Relatedly, nothing in the Final Order should waive or otherwise impede upon Levine's right to challenge the extent, validity, priority, or attachment of any Secured Party's lien *vis-a-vis* Levine's property or the proceeds thereof.

9. Moreover, nothing in the Final Order should impose requirements for Levine (or any other ownership claimant) to obtain payment from the Ownership Reserve that are inconsistent with those required by law to prove his Title Property Claim. Paragraph 11(d) of the Final Order appears to impose such obligations, and should therefore be stricken from the Final Order.

10. While the Final Order and related papers assert that the ownership disputes are preserved, and the "Ownership Reserve" is maintained, Levine is entitled to retain *all* rights to recover against any non-Debtor party who received any improper or otherwise fraudulent sale, liquidation or transfer of his property pre- or post-petition (or the proceeds thereof), whether within this Bankruptcy Case or otherwise. Levine may hold individual claims against the Secured Parties or others that cannot and should not be released by the Final Order, and no right should be modified or impeded by the Final Order.

11. Finally, no specific reserve amount is included in the proposed order, nor is there a disclosure of what the Debtors and the Secured Parties consider to be included in the "amount of outstanding ownership claims," such that it remains unclear what amount will be included in the Ownership Reserve.

---

[1] Indeed, whether this Court would ultimately have jurisdiction over disputes exclusively between Levine (or any owner) and any Secured Party is a question for another time, and should not be implicitly adjudicated by the Final Order.

12. At a minimum, the Ownership Reserve must also include not only the principal amounts of all ownership claims, but also sufficient funds to pay potential post-petition administrative claims associated therewith—for example, post-petition lease payments to Levine pending rejection of his Lease and any damages arising from the inability to use his property post-petition.

Dated: September 30, 2019

**SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Steven M. Berman*
Steven M. Berman, Esq.
Florida Bar No.: 856290
*Admitted pro hac vice*
101 E. Kennedy Blvd., Suite 2800
Tampa, FL  33602
Phone: (813) 227-2332; Fax: (813) 229-1660
Email:  sberman@slk-law.com

*Counsel to Mitchell Levine,*
*Erie Management Partners, LLC, and Plat/Co.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that September 30, 2019, a true and correct copy of the foregoing was served to all counsel of record via CM/ECF service.

By: */s/ Steven M. Berman*
    Attorney