**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|   |   |
|---|---|
| In re: | : Chapter 11 |
| | : Case No. 18-13359 (SHL) |
| MIAMI METALS I, INC.,[1] | |
| Debtor. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER GRANTING MIAMI METALS LITIGATION TRUST'S**
**MOTION FOR ORDER ESTABLISHING PROCEDURES GOVERNING**
**ADVERSARY PROCEEDINGS PURSUANT TO SECTIONS**
**502, 544(b), 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

Upon consideration of the Miami Metals Litigation Trust's Motion for Order Establishing

Procedures Governing Adversary Proceedings Pursuant to Sections 502, 544(b), 547, 548, 549

and 550 of the Bankruptcy Code (the "Motion");[2] and the Court having jurisdiction to consider

the Motion and to grant the relief request therein pursuant to 28 U.S.C. §§ 157 and 1334; and the

matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28

U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no

other further notice need by provided; and approval of the Motion being in the best interests of

the Miami Metals Litigation Trust, its beneficiaries, creditors and all parties in interest; and after

due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED as set forth herein.

---

[1] The last four digits of the Debtor's federal tax identification number are 3194. The chapter 11 cases of Miami Metals I, Inc.'s affiliates have been either dismissed or closed.

[2] Capitalized terms used in this Order but otherwise defined herein shall have the meanings given to them in the Motion.

1.      The procedures governing all parties to the Avoidance Actions, which procedures are attached hereto as Exhibit 1 (the "Avoidance Action Procedures"), are hereby approved and shall govern the Avoidance Actions, effective as of the date of this Order; provided, however, that the Avoidance Action Procedures shall not apply to any adversary proceeding in which the complaint initiating such adversary proceeding, or a stipulation filed in the adversary docket, states that such procedures are not applicable and shall not apply to adversary proceedings that have been or may be commenced against former insiders of the Debtors.

2.      The Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules shall apply to the Avoidance Actions, except to the extent that they conflict with the Avoidance Action Procedures.

3.      The time periods set forth in the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.      The adversary proceeding, *Lieberman v. Premier Gold Mines Limited*, Adv. Pro. No. 20-1257 (SHL) (the "*PG Adversary Proceeding*"), shall be stayed until thirty (30) days after the Court's resolution of the *sub judice* motion for summary judgment filed by Debtors and the Senior Lenders [ECF Doc. Nos. 1202, *et seq.*].  Upon the Court's determination of the motion, a scheduling conference shall be set in the PG Adversary Proceeding to address the timing and applicability of the Avoidance Action Procedures.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: December 16, 2020
New York, New York

/s/ **Sean H. Lane**
Honorable Sean H. Lane
United States Bankruptcy Judge

2

### Avoidance Action Procedures

These procedures (the "Avoidance Action Procedures") apply to adversary proceedings (each, an "Avoidance Action" and, collectively, the "Avoidance Actions") commenced by the Miami Metals Litigation Trust (the "Litigation Trust") seeking to avoid and recover transfers pursuant to sections 502, 544(b), 547, 548, 549 and 550 of the Bankruptcy Code; provided however, that the Avoidance Action Procedures shall not apply to any adversary proceeding in which the complaint initiating such adversary proceeding, or a stipulation filed in the adversary docket, states that such procedures are not applicable.

**A.  Stipulation to Extend Time for Defendants to Respond to the Complaint; Mediation Before Response Upon Agreement**

1.  Without further order of the Court, the Litigation Trust and any Avoidance Action defendant (each, a "Defendant" and, together with the Litigation Trust, the "Parties") may stipulate in writing to up to four (4) separate extensions of time for a Defendant to respond (the "Response") to an Avoidance Action complaint (the "Response Due Date"), with each extension to be no more than thirty (30) days (the "120 Day Extension Cap"). The stipulation can be documented via electronic mail and shall not be filed.

2.  Nothing contained herein shall prejudice the Litigation Trust from seeking an extension of the 120 Extension Cap on a global basis for all Avoidance Actions or a Defendant from seeking a further extension.

3.  If the Parties jointly agree by stipulation (which stipulation shall be filed in the adversary proceeding) to enter mediation prior to the Response Due Date, the Response Due Date shall be deferred while the mediation is pending. If the mediation does not resolve the Avoidance Action, the Response Due Date shall be extended for an additional thirty (30) days following the completion of the mediation and the filing of the mediator's report (the "Mediator's Report").

4.  Except as set forth above, further extensions of the Response Due Date shall not be granted except upon a motion or by stipulation of the Litigation Trust and Defendant, approved by order of the Court.

**B.  Stay of Requirement to Conduct Pretrial Conference**

The conference required by Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016, shall be stayed until the filing of the Defendant's Response. If an Avoidance Action is not resolved through mediation or otherwise, then upon the later of (i) the filing of the Mediator's Report and (ii) the filing of the Defendant's Response, the Litigation Trust shall file with the Court and serve on the Defendant a notice of pretrial conference (the "Pretrial Scheduling Conference") to take place in the adversary proceeding at the next scheduled omnibus hearing; provided, however, that a minimum of fourteen (14) days' notice of the Pretrial Scheduling Conference is required. If there is not sufficient time to provide adequate notice, then the Litigation Trust shall file with the Court and serve on the Defendant a notice of the Pretrial Scheduling Conference to take place at the following scheduled omnibus hearing.

### C. Stay of Requirement to Conduct Rule 26(f) Conference

The conference required by Federal Rule of Civil Procedure 26(f), made applicable pursuant to Bankruptcy Rule 7016 (mandatory meeting before scheduling conference/discovery plan), shall be stayed until the completion of mediation and the filing of the Defendant's Response. If an Avoidance Action is not resolved through mediation or otherwise, then upon the later of (i) the filing of the Mediator's Report and (ii) the filing of the Defendant's Response, the Parties shall conduct a Rule 26(f) conference and submit a proposed discovery scheduling order (the "Scheduling Order") to the Court prior to or at the Pretrial Scheduling Conference.

### D. Stay of Discovery

All formal discovery shall be stayed until after a Scheduling Order is entered and after the Pretrial Schedule Conference has occurred in accordance with these Avoidance Procedures; provided, however, this stay of discovery shall in no way preclude the Parties from informally exchanging documents and other information in an attempt to resolve an Avoidance Action in advance of, or during, the mediation process

### E. Settlement of Avoidance Actions

Pursuant to Section 3.6 of the Litigation Trust Agreement and Sections 9.1 and 9.4 of the Plan, the Litigation Trustee holds the power to investigate, commence, prosecute, abandon, compromise or settle the Avoidance Actions without notice, a hearing or Court approval where the amount in controversy does not exceed $500,000; provided, however, in the case where the Litigation Trust and a Defendant settle an Avoidance Action, whether by mediation or otherwise, where the amount in controversy exceeds $500,000, the Litigation Trustee shall file a motion pursuant to Bankruptcy Rule 9019 to approve the settlement with the Court within fourteen (14) days of the settlement. Where all of the Parties to any Avoidance Action deem it appropriate and necessary for a settlement to be approved by the Court where the amount in controversy is less than $500,000, the Parties may do so by filing a motion pursuant to Bankruptcy Rule 9019.

### F. Mediation Procedures and Requirements

1.  To the extent an Avoidance Action has not been resolved and/or settled within thirty (30) days after a Response is filed, then such Avoidance Action shall be referred to mandatory non-binding mediation (unless such mediation has occurred already pursuant to Section A.3 hereof) (the "Mediation").

2.  Within two (2) weeks after (i) an Avoidance Action has been referred to Mediation pursuant to Section F.1 hereof or (ii) the Parties have agreed to enter Mediation pursuant to Section A.3 hereof (the "Mediation Deadline"), the Parties shall jointly select a mediator (the "Mediator") from the list of Mediators (the "Mediator List") attached hereto as Exhibit A. The Litigation Trust shall file on the respective adversary proceeding docket a notice of Mediator selection (the "Notice of Mediator Selection") on or before the Mediation Deadline. If the Parties are unable to agree on a Mediator on or before the Mediation Deadline, the Litigation Trust shall request that the Court appoint a Mediator from the

4

register of Mediators maintained by the United States Bankruptcy Court for the Southern District of New York.

3.  Promptly after the filing of the Notice of Mediator Selection, the Litigation Trust and Defendant's counsel (or the Defendant, if appearing *pro se*) shall jointly contact the selected Mediator to discuss the Mediation.  The Mediation will be scheduled within sixty (60) days of the filing of the Notice of Mediator Selection.

4.  The Parties shall provide the Mediator, and exchange with each other, a copy of their position statements ("Position Statements"), which may not exceed ten (10) pages double-spaced in 12 point type (exclusive of exhibits and schedules), at least ten (10) days prior to the scheduled Mediation. The Mediator also may require the Parties to (i) provide to the Mediator any relevant papers and exhibits and (ii) exchange documents. Additionally, the Mediator, at his/her sole discretion, may require the Parties to submit confidential position statements, for the Mediator's use only, addressing their settlement position in the Avoidance Action.

5.  The Mediation shall take place via electronic conferencing rather than in person unless the Parties and the Mediator agree otherwise. In the event an in person Mediation is held, it shall take place in New York, New York and shall be held at the law office of the Litigation Trust's counsel, the Litigation Trust's special preference counsel, the Mediator's office, or at another location agreed upon by the Mediator, the Litigation Trust and the Defendant (which can be outside of New York, New York if agreed to by the Parties and Mediator with costs split as set forth below).

6.  Except as set forth herein, the Mediation shall be conducted in accordance with General Order M-452 which is available on the Court's website (http://www.nysb.uscourts.gov).

7.  The Mediator will preside over the Mediation with full authority to determine the nature and order of the Parties' presentations and with full authority to implement any additional procedures which are reasonable and practical under the circumstances and consistent with these Avoidance Action Procedures.

8.  The length of time necessary to effectively complete the Mediation will be within the Mediator's discretion. The Mediator also may adjourn a Mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the Parties.

9.  The Parties shall participate in the Mediation in good faith and with a view toward reaching a consensual resolution. The Mediation(s) shall be attended by (i) a representative of the Defendant with full settlement authority (and if Defendant is represented by counsel, its counsel) and (ii) Litigation Trustee Donna Lieberman, or when necessary, her designee (with settlement authority), and counsel for the Litigation Trust . Under the terms of the Litigation Trust Agreement, the Trust Oversight Committee must approve any settlement, compromise, or other resolution of an Avoidance Action where the stated amount in controversy exceeds $200,000 or the dispute resolves resolution of a title dispute. In the circumstance where a settlement in principal is reached at Mediation in a matter where the

5

stated amount in controversy exceeds $200,000 or settlement of a title dispute, that settlement shall be subject to Trust Oversight Committee approval. The Trustee shall act in good faith and seek such approval within a reasonable amount of time.  Any Mediation that results in a settlement subject to Trust Oversight Committee approval will be held open until such time as a decision is made by the Trust Oversight Committee.  In the event the Trust Oversight Committee does not approve a settlement reached at Mediation, the parties may elect to return to Mediation or terminate the Mediation.

10. The mediation shall be conducted so as to be completed within one hundred and twenty (120) days after the date the Notice of Mediator Selection is filed, which deadline may be extended by the mutual consent of the Litigation Trust, the Defendant and the Mediator.

11. Within ten (10) days after the conclusion of each Mediation, the Mediator shall file a Mediator's Report in the respective Avoidance Action, which shall be limited to stating only (i) whether the Avoidance Action settled or did not settle; (ii) the date or dates the Mediation took place; and (iii) the names of the Parties and/or counsel who attended.

12. Upon notice and a hearing, a Party's failure (i) to submit the required Position Statement or other submissions as provided in these Avoidance Action Procedures or as may be agreed to by the Mediator or ordered by the Court, or (ii) to attend the Mediation, may result in the imposition of sanctions as may be appropriate under the circumstances as determined by the Court. The Mediator shall promptly file with the Court a notice when any Party fails to comply with the Mediation provisions in these Avoidance Action Procedures.

13. The fees and reasonable and actual expenses of the Mediator shall be shared equally by the Parties on a per case basis.  The Mediator's fees shall be fixed as follows:

   a. cases with a claim amount (as reflected in the complaint) of less than $250,000: $2,500 per Party, per case;

   b. cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $3,000 per Party, per case; and

   c. cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $3,500 per Party, per case.

   The Mediator's fees will be earned by, and paid to, the Mediator as follows:

   a.   50% upon the exchange of position statements; and

   b.   50% just prior to the occurrence of mediation, or as otherwise provided herein.

14. If the Parties mutually request that a Mediator travel from New York City to some other location for Mediation and the Mediator agrees to the location, the Mediator's fee shall increase by $750 per Party, per case.

6

15. The full fees and actual, reasonable, necessary and non-refundable expenses of the Mediator shall be paid by any Party that cancels or fails to appear at Mediation unless the Party notifies the Mediator of the cancellation by facsimile or electronic mail by no later than 5:00 p.m. Eastern Time one week in advance of the scheduled Mediation date (*e.g.*, if the Mediation is scheduled for a Monday, a notice of cancellation must be given no later than the previous Monday at 5:00 p.m. Eastern Time) or sooner.

16. Each Party shall pay its portion of the Mediator's fee at least five (5) days before the commencement of Mediation. The Parties shall each pay half (50%) of the Mediator's reasonable and actual expenses, per case, within fourteen (14) days after billing by the Mediator; provided, however, that if a Defendant fails to timely pay a bill for a Mediator's fees or expenses, the Litigation Trust may pay the bill and recover such sum.  The Parties and the Mediator may enter into an agreement for the Mediator to continue his or her efforts after the conclusion of the formal Mediation session, on such terms as may be agreed upon among the Mediator and all Parties.

17. Without the prior consent of both Parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a Party (i.e., a Party to any Avoidance Action), any of the Debtors, Debtors' principals or any secured lender of any of the Debtors.  If a Mediator's law firm represents any Defendant in any of the Avoidance Actions, then: (i) the Mediator shall not personally participate in the representation of that Defendant; (ii) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (iii) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator.  The Mediator's participation in Mediation pursuant to these Avoidance Action Procedures shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

18. The Mediator shall not be called as a witness by any Party. No Party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms, or employees (i) are necessary parties in any proceeding relating to the Mediation or the subject matter of the mediation, no (ii) shall be liable to any Party for any act or omission in connection with any Mediation conducted under these Avoidance Action Procedures. Any documents provided to the Mediator by the Parties shall be destroyed within thirty (30) days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as a witness by any Party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a Party failed to comply with its Mediation obligations as is required in these Avoidance Action Procedures.

19. All proceedings and writings incident to the Mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during Mediation shall operate as an admission of liability, wrongdoing or responsibility.

7

### G.  Avoidance Actions Omnibus Hearings

The Court will schedule regular omnibus hearing dates in the main bankruptcy case, on which dates any post-mediation Pretrial Scheduling Conferences will take place. Any pretrial motions filed by the Parties in the Avoidance Actions must be set for hearing on one of the omnibus hearing dates unless otherwise ordered by the Court.

### H.  Motions Affecting all Avoidance Actions

### I.  Any motions filed by the Litigation Trust that affect all of the Avoidance Actions shall be filed in the main bankruptcy case and not in each separately docketed Avoidance Action; provided, however, that each Defendant shall receive notice of the filing of the same.

### J.  Modification of Terms By Agreement of the Parties

Notwithstanding the foregoing, with the exception of paragraphs E, F(9) (as it pertains to approval of settlements by the Trust Oversight Committee only), G and H, the Parties may agree to modify these Avoidance Action Procedures in any Avoidance Action upon the written consent of all Parties to that Avoidance Action.

8

## EXHIBIT A TO AVOIDANCE ACTION PROCEDURES

### Mediator List

1.  Carollynn H.G. Callari
    Callari Partners LLC
    One Rockefeller Plaza,10th Floor
    New York, NY 10020

2.  Joseph Orbach
    Hahn & Hessen LLP
    488 Madison Avenue, 15th Floor
    New York, NY 10022

3.  Edward L. Schnitzer
    Montgomery McCracken Walker & Rhoads LLP
    437 Madison Avenue
    New York, NY 10022

4.  Derek C. Abbott
    Morris, Nichols, Arsht & Tunnell LLP
    1201 North Market Street
    Wilmington, DE 19899-1347

5.  Paul A. Rubin
    Rubin LLC
    345 Seventh Avenue
    New York, NY 10001

6.  Leslie Berkoff
    Moritt Hock & Hamroff
    1407 Broadway
    New York, NY 10018

7.  Louis Kornreich,
    Bernstein, Shur, Sawyer & Nelson, P.A.
    100 Middle Street
    Portland, ME 04104-5029