# HALPERIN BATTAGLIA BENZIJA, LLP

Scott A. Ziluck, Esq.
sziluck@halperinlaw.net
    Of Counsel

March 2, 2021

**Via ECF**
Hon. Sean. H. Lane
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    In re Miami Metals I, Inc.
             Case No. 18-13359 (SHL)

Dear Judge Lane:

We are co-counsel to the Miami Metals Litigation Trust, and we are writing to request a telephonic conference in connection with a logistical issue in this case.

The preference actions brought by the Miami Metals Litigation Trust were recently transferred to Judge David Jones, while the principal case remains before Your Honor. This may create an administrative challenge in a handful of the preference cases --specifically, in cases in which the preference defendant is also a litigant in an unresolved ownership dispute. By way of example, as Your Honor is aware, the Litigation Trust, the Secured Lenders and Premier Gold Mines Limited have submitted a stipulation seeking authorization to move forward with a "global" mediation which would address both ownership and preference issues.

We have identified five cases (including Premier Gold) in which this is an issue, although I note that in one instance, a tolling agreement is in place and no preference complaint has been filed. The preference defendants that also assert ownership claims are:

    Premier Gold Mines Limited, Adv. Pro. No. 20-01257;
    Brink's Incorporated, Adv. Pro. Co. 20-01293;[1]
    General Refining and Smelting Corp., Adv. Pro. No. 20-01270;

---

[1] Brink's Global Services, USA, an affiliate of Brink's Incorporated, asserts an interest in a portion of the metals that are at issue in the Premier Gold mediation, and the mediation stipulation contains a reservation of the rights of Brink's.

Hon. Sean H. Lane
March 2, 2021

        Eddie & Co. of NY, Inc., Adv. Pro. No. 20-07310; and
        Midwest Refineries, LLC (tolling agreement in place).

Counsel to the Secured Lenders and to the preference defendants/ownership litigants have been served with copies of this letter via email.

We respectfully request that a telephone conference be scheduled to discuss this matter.

                                       Respectfully yours,

                                       */s/ Scott A. Ziluck*
                                       Scott A. Ziluck

Cc:

Cameron Welch, Esq.
Cole Schotz
Special Counsel to the Litigation Trust

Janice Grubin, Esq.
Barclay Damon
Special Counsel to the Litigation Trust

Michael Luskin, Esq.
Alex Talesnick, Esq.
Luskin, Stern & Eisler
Counsel to the Secured Lenders

Eric Lopez Schnabel, Esq.
Dorsey & Whitney, LLP
Counsel to Premier Gold

Neil McCullagh, Esq.
Spotts Fain P.C.
Counsel to Brink's Global Services, USA

Kellianne Baranowsky, Esq.
Robert Fleischer, Esq.
Green & Sklarz
Counsel to General Refining and Smelting

Hon. Sean H. Lane
March 2, 2021


James P. Pagano, Esq.
Law Office of James P. Pagano
Counsel to Eddie & Co. of NY, Inc.

Julie Teicher, Esq.
David Eisenberg, Esq.
Madden Hauser
Counsel to Midwest Refineries, LLC


**MEMORANDUM ENDORSED ORDER:**
At the hearing on March 11, 2021, the parties identified legitimate efficiency concerns associated with the assignment of the preference actions identified in this letter.  Based on the facts and informed by the parties' comments, it would appear to be most efficient if all proceedings as to a specific defendant are conducted by the same judge, regardless of whether those proceedings are preference disputes contained in an adversary proceeding or ownership claims still to be resolved in the main bankruptcy case.  Consistent with these efficiency considerations, the Court directs that the preference cases involving Premier Gold Mines Limited (Adv. Pro No. 20-01257) and Brink's Incorporated (Adv. Pro. No. 20-01293) be transferred back to the undersigned judge given the proceeding that have already occurred before the undersigned as to those parties.  See Memorandum of Decision, dated Jan. 13, 2021, Case No. 18-13359 (SHL) [Docket No. 1939].  The remaining adversary proceedings identified in this letter shall proceed before Judge David Jones with the understanding that he will also preside over any ownership disputes between these parties that might be pending in the main bankruptcy case.

SO ORDERED:
Dated: March 23, 2021
***/s/ Sean H. Lane***
United States Bankruptcy Judge